EXHIBIT 9

# Pepper Hamilton LLP
#### Attorneys at Law

Suite 3600
100 Renaissance Center
Detroit, MI 48243-1157
313.259.7110
Fax 313.259.7926

James D. VandeWyngearde
direct dial: 313.393.7387
VandeWyj@pepperlaw.com

May 7, 2009

James P. Murphy
Berry Moorman, P.C.
535 Griswold, Suite 1900
Detroit, MI 48226

Re: *Braintech, Inc. v. Adil Shafi v. Braintech, Inc. and Frederick Weidinger*; Case No. 2:09-cv-10454

Dear Mr. Murphy:

As you are aware, this law firm, represents Braintech, Inc. and Frederick Weidinger in the above-referenced litigation.

Your client's First Amended Counterclaim ("Counterclaim") asserts eight (8) causes of action against Braintech, Inc. ("Braintech") and Frederick Weidinger ("Mr. Weidinger"). All of our information leads to the conclusion that Mr. Weidinger has no liability whatsoever to your client and has been named as a third-party defendant solely for improper purposes.

The first three counts of your client's Counterclaim are breach of contract claims stemming from contracts entered into between Adil Shafi ('Shafi") and Braintech. Mr. Weidinger was not a party to these contracts, nor does Shafi allege that he was. Accordingly, Mr. Weidinger could not be liable for breach of contract and Counts I – III should be dismissed against him.

Count IV of the Counterclaim (Fraud/Fraud in the Inducement) contains allegations that are, in fact, contractual in nature. As such, the substance of this claim is actually a breach of contract claim and, as a result, Count IV is barred by the economic loss doctrine and also should be dismissed as to Mr. Weidinger.

Count V of the Counterclaim asserts a violation of Section 10(b) of the Exchange Act and Rule 10b-5 and Count VI asserts a violation of Michigan's Uniform Securities Act, Section 410(a)(2). As you are aware, the Private Securities Litigation Reform Act or 1995, Pub. L. 104-67, 109 Stat. 737 (codified as amended in various sections of 15 U.S.C.) ("PSLRA") requires that Shafi, as Counter-Plaintiff, plead facts that give rise to a "strong inference" of scienter. Tellabs, Inc. v. Malcor Issues, 127 S. Ct. 2499 (2007). Your Counterclaim fails to meet the PSLRA's heightened pleading requirements with respect to scienter. As such, these Counts should be dismissed as to Mr. Weidinger.

**Pepper Hamilton LLP**
Attorneys at Law

James P. Murphy
Page 2
May 7, 2009

Counts VI (conversion) and VII (unjust enrichment) also must be dismissed as to Mr. Weidinger. In each of these counts, Shafi turned over all of his stock in SI and 80% of his stock in SII to Braintech only. Similarly, any corporate property of SI and SII was turned over to Braintech only. Accordingly, Mr. Weidinger cannot be held liable under either of these theories.

As you are aware, Fed. R. Civ. P. 11 requires, after an inquiry reasonable under the circumstances, that to the best of your knowledge, information and belief, the allegations and contentions have evidentiary support and are not being presented for any improper purpose. As discussed above, all of our information suggests no liability whatsoever stemming from any action by Mr. Weidinger. (Similarly, Braintech, Inc. does not in any way acknowledge any liability as to any of the claims in Shafi's Counterclaim.)

Accordingly, Frederick Weidinger should be immediately dismissed from this action. Consistent with the safe harbor provisions of Rule 11, I ask that you execute a Stipulated Order of Dismissal as to Mr. Weidinger and return it to my attention within 21 days. If you do not so dismiss within 21 days, Mr. Weidinger will file a Motion to Dismiss and seek all available sanctions, including but not limited to costs and attorney fees, against your firm and Mr. Shafi.

We would be happy to discuss with you any information you may desire from us as a prelude to entering the Stipulated Order of Dismissal. We would like to move expeditiously in this regard and look forward to hearing from you.

Very truly yours,

James D. VandeWyngearde

cc: Mary K. Deon