**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRAINTECH, INC., a Nevada corporation,

        Plaintiff/Counter-Defendant,

                                    Case No. 09-10454

v.

                                    Hon. Victoria A. Roberts

ADIL SHAFI, an individual,

        Defendant/Counter-Plaintiff/
        Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

        Third-Party Defendant.

_____/

**BRAINTECH, INC. AND FREDERICK WEIDINGER'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**SECOND AMENDED COUNTERCLAIM**

      Braintech, Inc. ("Braintech") and Frederick Weidinger ("Weidinger"), by their

attorneys, Pepper Hamilton LLP, hereby submit their Answer and Affirmative Defenses in

response to the Second Amended Counterclaim of Adil Shafi ("Shafi") and state as follows:

**PARTIES, JURISDICTION AND VENUE**

      1.     Braintech and Weidinger lack sufficient information to form a belief as to

the veracity of the allegations contained in Paragraph 1 and, therefore, leave Shafi to his proofs.

      2.     Admitted.

      3.     Weidinger admits that he is an individual who resides and transacts

business in the State of Virginia and that he is currently the Chief Executive Officer and a

shareholder of Braintech.  Braintech and Weidinger neither admit or deny the remaining allegations contained Paragraph 3 because they state conclusions of law to which no response is required.

4.      Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 4 for the reason that they state conclusions of law to which no response is required.

5.      Braintech and Weidinger deny any allegation of wrongdoing that is asserted against them in Paragraph 5, and specifically deny that either Braintech or Weidinger fraudulently induced Shafi to acquire shares of Braintech in exchange for Shafi's shares of Shafi, Inc. and 80% of Shafi's shares of Shafi Innovation, Inc.

## GENERAL ALLEGATIONS

**A.      The Parties**

6.      Braintech and Weidinger admit only that Braintech is in the software business and manufactures and sells vision guided robotics software, and that Weidinger is a shareholder, Director and Chief Executive Officer of Braintech.

7.      Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 7 and, therefore, leave Shafi to his proofs.

8.      Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 8 and, therefore, leave Shafi to his proofs.

9.      Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 9 and, therefore, leave Shafi to his proofs.

10.      Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 10 and, therefore, leave Shafi to his proofs.

11.     Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 11 and, therefore, leave Shafi to his proofs.

**B.     Braintech's Acquisition of Stock of SI and SII**

12.     Braintech and Weidinger admit only that SI and Braintech were competitors in the marketplace of VGR software.  Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the remaining allegations contained in Paragraph 12 and, therefore, leave Shafi to his proofs.

13.     Braintech and Weidinger admit only that ABB and Braintech were parties to an exclusive supply agreement pursuant to which Braintech supplied VGR software to ABB. Braintech and Weidinger deny the remaining allegations of Paragraph 13.

14.     Braintech and Weidinger admit that Braintech is a publicly traded company.  Braintech and Weidinger neither admit nor deny the remaining allegations contained in Paragraph 14 because they relate to publicly made statements which speak for themselves, and, therefore, no response is required.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Braintech and Weidinger admit only that the parties executed a Letter of Intent and, later, a Share Purchase Agreement.  Braintech and Weidinger neither admit nor deny the remaining allegations contained in Paragraph 19 because they relate to the Letter of Intent

and Share Purchase Agreement which are written documents that speak for themselves, and, therefore, no further response is required to Paragraph 19.

20.    Admitted.

21.    Admitted.

22.    Braintech and Weidinger neither admit nor deny the allegations in Paragraph 22 because they relate to a press release that speaks for itself, and, therefore, no response is required.

**C.    Pre-Closing Discussion and Braintech's Diligence**

23.    Denied.

24.    Denied.

25.    Denied as stated.

26.    Braintech and Weidinger deny the last sentence of Paragraph 26.  As to the remaining allegations of Paragraph 26, Braintech and Weidinger lack sufficient information to form a belief as to the veracity of such allegations and, therefore, leave Shafi to his proofs.

27.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 27 because they relate to the Stock Purchase Agreement which is a written document that speaks for itself and therefore, no response is required to Paragraph 27.

28.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 28 because they relate to the Stock Purchase Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 28.

D.     **The Consideration for the SI and SII Stock and Shafi's Acquisition of
       Braintech Stock**

29.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 29 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 29.

30.     Admitted.

31.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 31 because they relate to the Share Purchase Agreement and Employment Agreement of Shafi, which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 31.

32.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 32 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 32.

33.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 33 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 33.

34.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 34 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 34.

35.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 35 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 35.

36.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 36 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 36.

37.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 37 because they relate to the written contracts entered into between Shafi and Braintech which are written instruments that speak for themselves, and, therefore, no response is required to Paragraph 37.

38.     Denied.

**E.     The Alleged Representations of Weidinger and Braintech**

39.     Denied.

40.     Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 40 and, therefore, leave Shafi to his proofs.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 45 because they relate to a May 28, 2008, email which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 45.

46.    Denied as stated.

47.    Denied as stated.

48.    Denied.

49.    Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 49 and, therefore, leave Shafi to his proofs.

50.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 50 because they relate to a June 18, 2008, email which is a written document that speaks for itself, and, therefore, no response to Paragraph 50 is required.

51.    Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 51 and, therefore, leave Shafi to his proofs.

52.    Braintech and Weidinger specifically deny that the referenced funds were intended for Shafi personally.  Braintech and Weidinger neither admit nor deny the remaining allegations contained in Paragraph 52 because they relate to the Letter of Intent which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 52.

53.    Braintech and Weidinger admit only that drafts of various documents were circulated during the month of June 2008.  Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the remaining allegations contained in Paragraph 53 and, therefore, leave Shafi to his proofs.

54.    Denied.

55.     Braintech and Weidinger admit only that drafts of documents were exchanged with Shafi during the month of July 2008.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 55.

56.     Denied as stated.

57.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 57 because they relate to an August 2, 2008, email which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 57.

58.     Denied as stated.

59.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 59 because they relate to SI debt which was addressed through written instruments executed by the parties that speak for themselves and, therefore, no response is required to Paragraph 59.

60.     Denied.

61.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 61 because they relate to an August 5, 2008, email which, if it exists, is a written document that speaks for itself, and, therefore, no response is required to Paragraph 61.

62.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 62 to the extent that it speaks to an August 5, 2008, email, because such email, if it exists, is a written document which speaks for itself, and no response is required.  Braintech and Weidinger lack sufficient information to form a belief as to the veracity of the remaining allegations contained in Paragraph 62 and, therefore, leave Shafi to his proofs.

63.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 63 because they relate to an August 5, 2008, email which, if it exists, is a written document that speaks for itself, and, therefore, no response is required to Paragraph 63.

64.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 64 because they relate to an August 5, 2008, email which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 64.

**F.**     **Braintech Allegedly Never Intended to Honor the Agreements**

65.     Denied.

66.     Denied.

67.     Denied as stated.

68.     Denied as stated.

69.     Denied as stated.

70.     Denied as stated.

71.     Denied as stated.

72.     Denied as stated.

73.     Denied as stated.

74.     Braintech and Weidinger admit that Shafi was placed on administrative leave with full pay as of November 19, 2008.  Braintech and Weidinger deny that no explanation or reason for this action was given.

75.     Admitted.

76.     Denied as stated.

77.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 77 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 77.

78.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 78 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 78.

79.     Denied.

80.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 80 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 80.

81.     Denied.

82.     Denied.

83.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 83 to the extent that it relates to an August 2008 press release because that press release speaks for itself, and. therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 83 as stated.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Braintech and Weidinger admit only that it has opened a facility in Pontiac, Michigan, and has hired new personnel for its Michigan office.  The remaining allegations contained in Paragraph 87 are denied as stated.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Braintech and Weidinger admit that Braintech has filed a Complaint seeking the rescission of contracts related to the acquisition of SI and SII.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 91.

92.     Denied.

93.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 93 to the extent that they relate to SEC filings, which speak for themselves, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 93.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

## COUNT I
## DECLARATORY JUDGMENT (EMPLOYMENT CONTRACT)

### (Braintech)

98.     Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 97 of the Second Amended Counterclaim as if set forth fully herein.

99.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech

admits that there is a controversy between Shafi on the one hand and Braintech on the other hand regarding Shafi's Employment Agreement with Braintech.

100.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  Braintech neither admits nor denies the allegations contained in Paragraph 100 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 100.

101.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  Braintech denies the allegations contained in Paragraph 101.

102.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech neither admits nor denies the allegations contained in Paragraph 102 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 102.

103.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech neither admits nor denies the allegations contained in Paragraph 103 because they relate to Shafi's Employment Agreement which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 103.

104.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain

any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech neither admits nor denies the allegations contained in Paragraph 104 because they relate to a November 19, 2008 correspondence, which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 104.

105.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech neither admits nor denies the allegations contained in Paragraph 105 because they relate to a November 24, 2008 correspondence, which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 105.

106.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 106.

107.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 107.

108.    This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 108.

109.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 109.

## COUNT II
## BREACH OF CONTRACT (EMPLOYMENT CONTRACT)

### (Braintech)

110.     Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 109 of the Second Amended Counterclaim as if set forth fully herein.

111.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  Braintech admits the allegations contained in Paragraph 111.

112.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 112

113.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 113.

114.     This cause of action is not directed toward Weidinger and, therefore, no response is required of him.  However, to the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.  Braintech denies the allegations contained in Paragraph 114.

## COUNT III
## <u>FRAUD/FRAUD IN THE INDUCEMENT</u>

### (Braintech and Weidinger)

115.     Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 114 of the Second Amended Counterclaim as if set forth fully herein.

116.      Braintech and Weidinger admit only that the parties agreed to the written contracts entered into between Shafi and Braintech.

117.     Braintech and Weidinger incorporate herein their responses to Paragraphs 45, 50, 57, 60 and 63 to the Second Amended Counterclaim and further deny and wrongdoing alleged in Paragraph 117.  To the extent that this Paragraph is interpreted to contain any allegations of wrongdoing against Weidinger, or Braintech, they are denied.

118.     Braintech and Weidinger admit only that the parties agreed to the written contracts entered into between Shafi and Braintech.

119.     Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 119 because they relate to an August 3, 2008, email which is a written document that speaks for itself, and, therefore, no response is required to Paragraph 119.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

**COUNT IV**
**VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT**

**(Braintech and Weidinger)**

125.    Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 124 of the Second Amended Counterclaim as if set forth fully herein.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 130 to the extent that they relate to an August 3, 2008, email which is a written document that speaks for itself, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 130.

131.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 131 to the extent that they relate to an August 3, 2008, email which is a written document that speaks for itself, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 131.

132.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 132 to the extent that they relate to emails which, if they exist, are written documents that speak for themselves, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 132.

133.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 133 to the extent that they relate to emails which, if they exist, are written

documents that speak for themselves, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 133.

134.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 134 to the extent that they relate to emails, if they exist, which are written documents that speak for themselves, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 134.

135.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 135 to the extent that they relate to a August 2, 2008, email which is a written document that speaks for itself, and, therefore, no response is required.  Braintech and Weidinger deny the remaining allegations contained in Paragraph 135.

136.    Denied.

137.    Braintech and Weidinger neither admit nor deny the allegations contained in Paragraph 137 to the extent that they relate to emails dated May 28, 2008 and June 17, 2008 which are written documents that speak for themselves, and, therefore, no response is required. Braintech and Weidinger deny the remaining allegations contained in Paragraph 137.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.     Denied.

# COUNT V
## VIOLATION OF MICHIGAN UNIFORM SECURITIES ACT
### SECTION 410(a)(2), MCLA 451.810(a)(2)

### (Braintech and Weidinger)

146.     Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 145 of the Second Amended Counterclaim as if set forth fully herein.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

# COUNT VI
## CONVERSION

### (Braintech and Weidinger)

153.     Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 152 of the Second Amended Counterclaim as if set forth fully herein.

154.     Admitted.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

## COUNT VII
## <u>UNJUST ENRICHMENT</u>

### (Braintech and Weidinger)

159.   Braintech and Weidinger incorporate by reference their responses to Paragraphs 1 through 158 of the Second Amended Counterclaim as if set forth fully herein.

160.   Admitted.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

WHEREFORE, Braintech, Inc. and Frederick Weidinger respectfully request that this Honorable Court enter judgment in their favor and against Adil Shafi, dismissing Adil Shafi's Second Amended Counterclaim in its entirety and granting such other and further relief as the Court deems proper, including an award of Braintech and Weidinger's legal fees and costs.

### <u>AFFIRMATIVE DEFENSES</u>

1.   Shafi's claims are barred, in whole or in part, because Shafi has failed to state a claim upon which relief can be granted.

2.   Shafi's claims are barred, in whole or in part, by the doctrine of unclean hands.

3.   Shafi's claims are barred, in whole or in part, by his own fraudulent representations.

4.      Shafi's claims are barred, in whole or in part, by his breach of certain contracts and agreements.

5.      Shafi's claims are barred, in whole or in part, the doctrines of waiver, estoppel, laches, ratification, and/or failure to mitigate.

6.      Braintech and Weidinger reserve the right to amend this Answer, including their Defenses and Affirmative Defenses as may be deemed warranted following further investigation and/or discovery.

WHEREFORE, Braintech, Inc. and Frederick Weidinger respectfully request that this Honorable Court enter judgment in their favor and against Adil Shafi, dismissing Adil Shafi's Second Amended Counterclaim in its entirety and granting such other and further relief as the Court deems proper, including an award of Braintech and Weidinger's legal fees and costs.

Respectfully submitted,


/s/ James J. VandeWyngearde
JAMES J. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
Pepper Hamilton LLP
Suite 3600
100 Renaissance Center
Detroit, MI 48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc. and
Frederick Weidinger

Dated:  August 12, 2009

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of August, 2009, I caused to be electronically filed the foregoing Braintech, Inc. and Frederick Weidinger's Answer and Affirmative Defenses to Second Amended Counterclaim with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

s/James D. VandeWyngearde_____<br>
JAMES D. VANDEWYNGEARDE (P58634)

#11332001 v2 (135776.2)