## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

        Plaintiff/Counter-Defendant,

                                 Case No. 09-10454

v.

                                 Hon. Victoria A. Roberts

ADIL SHAFI, an individual,

        Defendant/Counter-Plaintiff/
        Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

        Third-Party Defendant.

_____/

### MOTION TO COMPEL DISCOVERY

        Plaintiff, Braintech, Inc. ("Braintech"), by its attorneys, Pepper Hamilton LLP, submits this Motion to Compel Discovery, pursuant to Fed. R. Civ. P. 33, 34 and 37(a).  In support of this Motion, Braintech respectfully refers the Court to the supporting brief filed herewith.

        Pursuant to the Local Rules of the Eastern District of Michigan, counsel for Braintech contacted opposing counsel on November 10, 2009, to request concurrence in the relief requested in this Motion; such concurrence was not forthcoming, thus necessitating the filing of this Motion.

        WHEREFORE, Braintech, Inc. respectfully requests that this Court grant this Motion and (i) order Adil Shafi to serve on counsel for Braintech within five (5) days from the date of the Order complete responses to Braintech, Inc.'s First Interrogatories to Adil Shafi, and

to identify or categorize the responsive documents to Braintech, Inc.'s First Set of Requests for Production of Documents to Adil Shafi, in a manner that will allow Braintech to understand which documents correspond to each request; and (ii) order Adil Shafi to pay Braintech's costs and attorney's fees incurred in filing this Motion.

Respectfully submitted,

/s/ James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc.

Dated:  December 18, 2009

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRAINTECH, INC., a Nevada corporation,

        Plaintiff/Counter-Defendant,

                                   Case No. 09-10454

v.

                                   Hon. Victoria A. Roberts

ADIL SHAFI, an individual,

        Defendant/Counter-Plaintiff/
        Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

        Third-Party Defendant.

_____/

**BRIEF IN SUPPORT OF**
**<u>MOTION TO COMPEL DISCOVERY</u>**

JAMES D. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc.

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................. 1

II.     ARGUMENT ..................................................................................................... 1

    A.   Shafi's Document Responses Must Be Supplemented. ..................................... 2

    B.   Shafi Must Identify And Categorize His Responsive Documents. .................... 3

    C.   Shafi's Limited Responses to the Interrogatories are Inadequate. ................... 4

    D.   Braintech Should be Awarded its Attorney's Fees Pursuant to Fed. R. Civ. P. 37 (a)(4)(A)....................................................................................................... 8

III.    CONCLUSION ................................................................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Avramidis v Atlantic Richfield Co.*
   *120 FRD 450 (DC Mass, 1988)* ........................................................5, 6

*Bergman v United States,*
   565 F Supp 1353 (WD Mich 1983) ...............................................8

*In re Sulfuric Acid Antitrust Litig.,*
   231 FRD 351 (ND Ill, 2005)..........................................................3

*Johnson v Kraft Foods N. Am., Inc.,*
   236 FRD 535 (DC Kan, 2006)........................................................3

*Stiller v Arnold,*
   167 FRD 68 (ND Ind, 1996)..........................................................3

*U.S. v. Marsten Apartments, Inc.,*
   1997 U.S. Dist. LEXIS 14262 (E.D. Mich. 1997)............................2


OTHER AUTHORITIES

Fed. R. Civ. P. 33.............................................................................5

Fed. R. Civ. P. 34.........................................................................3, 4

Fed. R. Civ. P. 37.............................................................................8

## QUESTIONS PRESENTED

1.      Should Adil Shafi be ordered (i) to serve on counsel for Braintech complete responses to Braintech, Inc.'s First Interrogatories to Adil Shafi and (ii) to identify or categorize the responsive documents to Braintech, Inc.'s First Set of Requests for Production of Documents to Adil Shafi in a manner that will allow Braintech to understand which documents correspond to each request?


2.      Should Adil Shafi be ordered to pay Braintech's costs and attorney's fees incurred in filing this Motion?

## I.      INTRODUCTION

Over four months ago, Braintech, Inc. ("Braintech") propounded its first set of interrogatories and requests for production of documents on Adil Shafi ("Shafi").  The discovery set forth specific requests designed to elicit detailed information regarding the dispute between the parties.   Adil Shafi responded by raising various unfounded objections and providing incomplete responses to certain interrogatories.   With respect to the document requests, Braintech served very pointed and specific requests so as to understand what documents Shafi is relying upon in support of certain allegations he has raised.  In response, Shafi has produced of over eighty (80) boxes of documents without any guidance whatsoever as to which request each document responds to.  This is not appropriate under the governing rules and does not assist Braintech at all in understanding which documents Shafi is relying upon to support his various allegations.  Accordingly, Shafi should properly be compelled to provide complete responses to the interrogatories at issue and should also be compelled to appropriately categorize the documents produced in response to Braintech's document requests.

## II.     ARGUMENT

On August 14, 2009, Braintech served Shafi with its First Interrogatories and First Request for Production of Documents.  (*See Exs. A and B*).  On September 28, 2009, Shafi served on Braintech his responses to Braintech's interrogatories and, on the next day, served his responses to Braintech's document requests.  (*See Exs. C and D*).  Shafi subsequently served amended responses to Braintech's Interrogatories on October 13, 2009.  (*See Ex. E*).  As described in detail below, Shafi's responses contained a host of unfounded objections and also failed to fully respond to many of the discovery requests.   Moreover, although Shafi did eventually allow for the inspection of documents, approximately eighty boxes full, he failed to delineate which documents were responsive to each discovery request.  As a result, on November

10, 2009, counsel for Braintech sent a detailed letter outlining the deficiencies in Shafi's responses and answers.  (*See Ex. F*).  As of the filing date of this Motion, Shafi has failed to respond to Braintech's letter, failed to cure the deficiencies set forth in the letter, and has not sought additional time to do so, necessitating the filing of this Motion.

### A. <u>Shafi's Document Responses Must Be Supplemented.</u>

Throughout Shafi's responses to Braintech's document requests, Shafi objects to each as "extraordinarily burdensome" and asserts that each request "fails to designate documents with reasonable particularity."  (*See Ex. D*).  Shafi further asserts that these requests somehow "shift the burden" to Shafi to identify such documents.  (*See e.g. Ex. D, Responses* 1-19; 23-25; 27, 29-32; 34-41; 43-48; 54; 56-64; 70-71; 73-78).  Contrary to Shafi's objections, each request seeks a specific set of documents directly related to the allegations in Shafi's Second Amended Counterclaim.  For example, Request No. 1 seeks all documents related to Shafi's allegation in paragraph 12 of the Second Amended Counterclaim that SI and Braintech were competitors in the marketplace of VGR software.  (*See Ex. B at Responses 1*).  This is an allegation made by Shafi and it is completely proper to request any documents that Shafi possesses which support this allegation.  Shafi cannot meet his burden of specifically showing how the requests are "unduly burdensome."  *See generally U.S. v. Marsten Apartments, Inc.,* 1997 U.S. Dist. LEXIS 14262, *3 (E.D. Mich. 1997)*("Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery request is overly burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.").  Because Shafi cannot meet his burden, his objections must be overruled.  Accordingly, Braintech requests that this Court order Shafi to withdraw his improper objections and, to the extent he has not already done so, provide all responsive documents as requested in Requests 1-19; 23-25; 27; 29-32; 34-41; 43-48; 54; 56-64; 70-71; 73-78.

**B.** **Shafi Must Identify And Categorize His Responsive Documents.**

Federal Rule of Civil Procedure 34(a) allows the production of documents "which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i).  Federal Rule Civil Procedure 34(b) places the obligation on the responding party to organize and label documents which are produced for inspection.  *Stiller v. Arnold*, 167 FRD 68 (N.D. Ind. 1996) ("Producing 7,000 pages of documents in no apparent order does not comply with a party's obligation under Rule 34(b)."); *see also, Glover v. Bd. of Educ.,* 93 BNA FEP Cas 1239 (N.D. Ill. 2004) (While district court on plaintiff's motion to compel did not know amount of documents defendants produced to plaintiff to date, it could only assume that it was voluminous and, as such, only fair for defendants to organize and label documents they produced; therefore, if defendants had not already done so, defendants were ordered to Bates Stamp all documents produced to plaintiff and to indicate which documents corresponded to categories requested.);  *In re Sulfuric Acid Antitrust Litig.,* 231 FRD 351 (N.D. Ill. 2005) (Argument that production of 350 boxes of records of business whose relevant activities had ceased several years earlier and which had been stored since then in no particular order was production of documents "as they are kept in usual course of business" was rejected; storing documents may be part of usual course of business, but stored documents are not kept in usual course of business within meaning of Fed. R. Civ. P. 34.);  *Johnson v. Kraft Foods N. Am., Inc.,* 236 F.R.D. 535 (D.C. Kan. 2006) (In employment discrimination case, where employer filed motion to compel additional information and documents because plaintiff responded to requests for production with thousands of pages of unspecified documents, motion was granted because plaintiff failed to provide any information establishing that documents were

produced as kept in ordinary course of business under Fed. R. Civ. P. 34(b); thus, he was required to organize and label them to correspond with categories in each request.).

Shafi's document production to date amounts to nothing more than an indiscriminate "document dump" and, as such, Shafi has failed to comply with his obligations under Fed. R. Civ. P. 34(b)(i). Here, Shafi produced more than eighty boxes of documents. It is entirely unclear which documents are responsive to each request. Because of this unclarity, it is also difficult for Braintech to understand to which specific requests Shafi failed to produce responsive documents. Shafi has failed to delineate in any way which documents were responsive to which document request, thus leaving Braintech to guess at which documents are responsive to each specific request. The burden is on Shafi to identify which documents are being produced in response to each request; something Shafi has refused to do. As such, Braintech respectfully requests that this Court enter an Order requiring Shafi to specifically identify which of the document requests each document is responsive to.

    C.    **Shafi's Limited Responses to the Interrogatories are Inadequate.**

    1.    **Interrogatory Nos. 1-7, 13-14, 16-17:**

As an initial matter, Shafi's responses to Braintech's Interrogatory Nos. 1-7, 9, 13-14, and 16-17, fail to comply with Braintech's Instruction No. 4, which provides as follows:

> When, in response to any of the Interrogatories, the evidence on which you will rely to support your contention is contained in documents, please identify each such document by Bates number. To the extent the evidence is expected to be derived from testimony, please identify each witness's name, and specifically describe the expected testimony.

*See Ex. A at Instruction 4.* Each of the above-referenced Braintech interrogatories includes language specifically requesting Shafi to: "[i]dentify the factual basis and all evidence (pursuant to Instruction No. 4) . . ." *See Ex. A.* This requested information is important to Braintech as it

will allow Braintech to understand the basis for the allegations that Shafi has asserted against it. Shafi's responses to these interrogatories fail to provide this specific information sought through Instruction No. 4. For example, the answers do not identify the names of witnesses and anticipated testimony related to each allegation.

Similarly, the answers refer generally to documents, but fail to identify each by Bates number, or otherwise. For example, Shafi's response to Interrogatory No. 1, which is incorporated into many other responses, refers to "thousands of e-mails" and "hundreds of past SHAFI, Inc. files." To the extent Shafi is relying upon these "thousands of e-mails" and "hundreds of past SHAFI, Inc. files" to respond to the interrogatory, his response is insufficient. To rely on the business records exception [Fed. R. Civ. P. 33(d)], a party is required to identify the specific documents where the answer to the interrogatory may be found:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Vague references, such as "emails" and "files," fail to meet the required standards. *Id.; see also, Avramidis v Atlantic Richfield Co. 120 FRD 450 (DC Mass, 1988)* (Where defendant corporation elected to produce business records in response to interrogatories and pertinent records were housed in defendant's out-of-state offices in many file cabinets,

defendant must specify in sufficient detail records sought by plaintiff and plaintiff could then go to out-of-state location to inspection/or copy records.).

> 2.       **Interrogatory No. 8:**

Interrogatory No. 8 seeks specific information regarding each alleged representation Shafi contends in Paragraph 122 of the Second Amended Counterclaim was "false when made" and which was "part of a scheme and artifice…"  *Ex. A at Interrogatory No. 8.* Shafi was asked to identify the person who made each alleged representation, to whom each alleged representation was made, who else was present when it was made, the date or approximate date it was made, and whether it was made verbally or in writing.  *Id.*  Shafi's objection that this request is "burdensome and duplicative" is without merit and should be withdrawn.  *Ex. C at Answer No. 8.*  Moreover, Shafi's assertion that "[t]he representations are all stated in Count V," does not appear to be correct as Count V of the Counterclaim does not set forth such any representations.  *Id.*  Accordingly, Shafi should be compelled to provide all information requested in Interrogatory No. 8.

> 3.       **Interrogatory No. 9:**

Interrogatory No. 9 seeks specific information regarding the factual basis which supports Shafi's contentions in Paragraph 126 of the Second Amended Counterclaim.  *Ex. A at Interrogatory No. 9.*  Shafi's response merely points generally to unspecified paragraphs and "numerous other representations contained in the Second Amended Counterclaim."  *Ex. C at Answer No. 9.*  Without specifying the paragraphs and representations to which Shafi is referring, the response fails to provide Braintech with any meaningful information.  This is not responsive to the specific information elicited from the interrogatory.

4.      **Interrogatory Nos. 10, 11, 12:**

Interrogatories 10-12 seek specific information regarding allegations in Paragraph 127 of Shafi's Second Amended Counterclaim as to (i) Weidinger and (ii) Braintech, separately. *Ex. A at Interrogatories Nos. 10, 11, 12.* Shafi's answers fail to provide the requested information and also fail to separately provide information for each Weidinger and Braintech, as requested. *Ex. C at Answers 10, 11, 12.* Additionally, Shafi's response to Interrogatory No. 10 refers to paragraph 126 of the Second Amended Complaint, which is not at issue in the interrogatory. *Id. at 10.* Accordingly, Shafi should be compelled to supplement his answers to these interrogatories.

5.      **Interrogatory No. 14:**

Shafi's Amended Answer to Interrogatory 14 relies upon unspecified "multiple paragraphs" and "numerous other representations." *Ex. E at Amended Answer No. 14.* Again, without specifying the paragraphs and representations that Shafi is referring to, the response fails to provide Braintech with any useful information. Moreover, the allegations at issue in Interrogatory No. 14 are from Paragraph 138 of Shafi's Second Amended Complaint. *Ex. A at Interrogatory No. 14.* It is therefore unclear what Shafi is referring to by "(it is not paragraph 138)," as set forth in his amended response. *Ex. E at Amended Answer No. 14.*

6.      **Interrogatory No. 15:**

In response to Interrogatory No. 15, Shafi states that there are only 142 paragraphs in his own Second Amended Counterclaim. This is simply not correct. There are 165 paragraphs in Shafi's Second Amended Counterclaim. This interrogatory seeks specific information related to paragraph 148 of the Second Amended Counterclaim. Shafi's general reference to "numerous other representations pleaded with particularity in the body of the counterclaim" is an insufficient response to this interrogatory, which should be supplemented.

**D.**   **Braintech Should be Awarded its Attorney's Fees Pursuant to
Fed. R. Civ. P. 37 (a)(4)(A).**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), this Court may compel Shafi to answer

the outstanding interrogatories and document requests and to produce the requested documents.

Further, pursuant to Fed. R. Civ. P. 37(a)(4)(A):

> "[T]he Court <u>shall</u>, after affording an opportunity to be heard,
> require the party or deponent whose conduct necessitated the
> motion or the party or attorney advising such conduct or both of
> them to pay the moving party the reasonable expenses incurred in
> making the motion, including attorneys' fees …."

Fed. R. Civ. P. 37(a)(4)(A)(emphasis added); *see also, Bergman v. United States,* 565 F. Supp.

1353 (W.D. Mich. 1983)(There is no requirement of bad faith as prerequisite to application of

sanctions under Rule 37.).  Accordingly, Braintech respectfully requests that this Court award its

attorney's fees and costs incurred in bringing this motion.

## III.   CONCLUSION

For all of the reasons stated above, Braintech, Inc. respectfully requests that this

Court grant this Motion and (i) order Adil Shafi to serve on counsel for Braintech within five (5)

days from the date of the Order complete responses to Braintech, Inc.'s First Interrogatories to

Adil Shafi, and to identify or categorize the responsive documents to Braintech, Inc.'s First Set

of Requests for Production of Documents to Adil Shafi, in a manner that will allow Braintech to

understand which documents correspond to each request; and (ii) order Adil Shafi to pay

Braintech's costs and attorney's fees incurred in filing this Motion.

Respectfully submitted,

/s/ James D. VandeWyngearde
JAMES D. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc.

Dated:  December 18, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2009, I caused to be electronically filed the foregoing Motion to Compel Discovery, Brief in Support thereof and this Certificate of Service, with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a courtesy copy will be hand delivered to the Hon. Victoria A. Roberts, Room 123, 231 W. Lafayette Blvd., Detroit, MI 48226.

s/James D. VandeWyngearde_____
JAMES D. VANDEWYNGEARDE (P58634)

#11769890 v2 (135776.2)