**EXHIBIT F**

# Pepper Hamilton LLP
###### Attorneys at Law

Suite 3600
100 Renaissance Center
Detroit, MI 48243-1157
313.259.7110
Fax 313.259.7926

James D. VandeWyngearde
direct dial: 313-393-7387
vandewyj@pepperlaw.com

November 10, 2009

**_VIA FACSIMILE & U.S. MAIL_**

James P. Murphy
Berry Moorman
535 Griswold Street
Suite 1900
Detroit, MI 48226

   Re: *Braintech, Inc. v. Adil Shafi*
     Case No. 2:09-cv-10454

Dear Mr. Murphy:

   I have had an opportunity to review Adil Shafi's ("Shafi") responses to Braintech, Inc.'s first set of discovery requests, and note several deficiencies contained therein. Below is a detailed description of the discovery requests for which proper responses have not been provided. I ask that you please remedy these deficiencies through supplemental responses within the next seven days. To the extent that you would like to discuss any of these issues, I would be glad to do so.

## INTERROGATORIES

### Interrogatory Nos. 1-7, 13-14, 16-17:

   As an initial matter, Shafi's responses to Braintech's Interrogatory Nos. 1-7, 9, 13-14, and 16-17, have failed to comply with Braintech's Instruction No. 4, which provides as follows:

> When, in response to any of the Interrogatories, the evidence on which you will rely to support your contention is contained in documents, please identify each such document by Bates number. To the extent the evidence is expected to be derived from testimony, please identify each witness's name, and specifically describe the expected testimony.

**Pepper Hamilton LLP**
Attorneys at Law

James P. Murphy
Page 2
November 10, 2009

        Each of the above-referenced Braintech interrogatories includes language specifically requesting Shafi to: "Identify the factual basis and all evidence (pursuant to Instruction No. 4) . . ." This requested information is important to Braintech as it will allow Braintech to understand the basis for the allegations that Shafi has asserted against it. Shafi's responses to these interrogatories fail to provide this specific information sought through Instruction No. 4. For example, the answers do not identify the names of witnesses and anticipated testimony related to each allegation. Similarly, the answers refer generally to documents, but fail to identify each by Bates number, or otherwise. For example, Shafi's response to Interrogatory No. 1, which is incorporated into many other responses, refers to "thousands of e-mails" and "hundreds of past SHAFI, Inc. files." To the extent Shafi is relying upon these "thousands of e-mails" and "hundreds of past SHAFI, Inc. files" to respond to the interrogatory, his response is insufficient. To rely on the business records exception [Fed. R. Civ. P. 30(d)], a party is required to identify the specific documents where the answer to the interrogatory may be found. Vague references, such as "emails" and "files," fail to meet the required standards. Accordingly, I request that you supplement these interrogatory responses so as to provide a full response.

**Interrogatory No. 8:** This interrogatory seeks specific information regarding each alleged representation Shafi contends in Paragraph 122 of the Second Amended Counterclaim was "false when made" and which was "part of a scheme and artifice..." Shafi was asked to identify the person who made each alleged representation, to whom each alleged representation was made, who else was present when it was made, the date or approximate date it was made, and whether it was made verbally or in writing. Shafi's objection that this request is "burdensome and duplicative" is without merit and should be withdrawn. Moreover, Shafi's assertion that "[t]he representations are all stated in Count V," does not appear to be correct as Count V does not set forth such any representations. I request that Shafi supplement his answer to this interrogatory so as to provide all requested information.

**Interrogatory No. 9:** This interrogatory seeks specific information regarding the factual basis which supports Shafi's contentions in Paragraph 126 of the Second Amended Counterclaim. Shafi's response merely points generally to unspecified paragraphs and "numerous other representations contained in the Second Amended Counterclaim." Without specifying the paragraphs and representations that Shafi is referring to, the response fails to provide Braintech with any meaningful information. This is not responsive to the specific information elicited from the interrogatory.

**Interrogatory Nos. 10, 11, 12:** These interrogatories seek specific information regarding allegations in Paragraph 127 of Shafi's Second Amended Counterclaim as to (i) Weidinger and (ii) Braintech, separately. Shafi's answers fail to provide the requested information and also fail

**Pepper Hamilton LLP**
*Attorneys at Law*

James P. Murphy
Page 3
November 10, 2009

to separately provide information for each Weidinger and Braintech, as requested. (Additionally, Shafi's response to Interrogatory No. 10 refers to paragraph 126 of the Second Amended Complaint, which is not at issue in the interrogatory.) Accordingly, I request that you supplement your answers to these interrogatories.

**Interrogatory No. 14:** Shafi's Amended Answer to this interrogatory relies upon unspecified "multiple paragraphs" and "numerous other representations." Again, without specifying the paragraphs and representations that Shafi is referring to, the response fails to provide Braintech with any useful information. Moreover, the allegations at issue in Interrogatory No. 14 are from Paragraph 138 of Shafi's Second Amended Complaint. It is therefore unclear to me what is meant by "(it is not paragraph 138)," as set forth in your amended response.

**Interrogatory No. 15:** As an initial matter, your contention that there are only 142 paragraphs in the Second Amended Counterclaim is simply not correct. There are 165 paragraphs in the Second Amended Counterclaim. This interrogatory seeks specific information related to paragraph 148 of the Second Amended Counterclaim. Your general reference to "numerous other representations pleaded with particularity in the body of the counterclaim" is an insufficient response to this interrogatory, which should be supplemented.

## DOCUMENT REQUESTS

Throughout Shafi's responses to the various document requests, Shafi objects to each as "extraordinarily burdensome" and assert that each request "fails to designate documents with reasonable particularity." Shafi further asserts that these requests somehow "shift the burden" to Shafi to identify such documents. (*See* Responses 1-19; 23-25; 27, 29-32; 34-41; 43-48; 54; 56-64; 70-71; 73-78). Contrary to Shafi's objections, each request seeks a specific set of documents related directly to the allegations in the Second Amended Counterclaim. For example, Request No. 1 seeks all documents related to Shafi's allegation in paragraph 12 of the Second Amended Counterclaim that SI and Braintech were competitors in the marketplace of VGR software. This is an allegation made by Shafi and it is completely proper to request any documents that Shafi possesses which support this allegation. Accordingly, I request that you withdraw your improper objection and specifically identify any and all responsive documents to each request.

The burden is on Shafi to identify which documents are being produced in response to each request. The 34 boxes of documents (with more apparently arriving this week) amounts to nothing more than an indiscriminate "document dump," and an abuse of the discovery process. Shafi's obligation is to review his documents and determine which ones are responsive.

**Pepper Hamilton LLP**
Attorneys at Law

James P. Murphy
Page 4
November 10, 2009

       Thank you for your prompt attention to the issues raised in this letter and I look forward to receiving supplemental responses within the next seven days.

                            Very truly yours,

                            James D. VandeWyngearde

JDV/jk
cc:    Mary K. Deon