UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

    Plaintiff/Counter-Defendant,

v.

ADIL SHAFI, an individual,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

    Third-Party Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

**IMMEDIATE CONSIDERATION REQUESTED**

**PEPPER HAMILTON, LLP'S EMERGENCY MOTION TO
WITHDRAW AS COUNSEL OF RECORD FOR
BRAINTECH, INC. AND FREDERICK WEIDINGER**

Pepper Hamilton, LLP ("Pepper Hamilton"), counsel for Braintech, Inc. and Frederick Weidinger ("Weidinger"), (together, Braintech, Inc. and Weidinger are jointly referred to here as "Braintech") in the above-captioned action (the "Action"), hereby moves for leave to withdraw as counsel of record for Braintech in the Action, pursuant to E.D. Mich. L.R. 1.2 and 83.30(a) and Michigan Rule of Professional Conduct 1.16(b) (the "Motion").

In accordance with E.D. Mich. L.R. 7.1, Pepper Hamilton conferred on March 5, 2010 with Adil Shafi's ("Shafi") counsel regarding the Motion, and Shafi's counsel does not object the relief requested herein. Pepper Hamilton respectfully requests that the Court treat the Motion as an "emergency" motion, within the meaning of E.D. Mich. L.R. 1.2, because the issues raised in the Motion must be resolved promptly to ensure that neither the parties nor

#12145866 v1 (135776.2)

-2-

Pepper Hamilton are prejudiced in connection with upcoming deadlines in this case. In further support of this Motion, Pepper Hamilton respectfully refers this Court to the Memorandum of Law in Support filed herewith.

**WHEREFORE**, Pepper Hamilton requests the Court enter an Order (1) granting Pepper Hamilton's Emergency Motion to Withdraw as Counsel of Record for Braintech, Inc. and Frederick Weidinger, and (2) adjourning the settlement conference and settlement statement deadline for thirty (30) days to permit Braintech to retain substitute counsel.

Respectfully submitted,

/s/ James D. Vandewyngearde
JAMES D. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, Michigan  48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc. and Frederick Weidinger

Dated:  March 8, 2010

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

    Plaintiff/Counter-Defendant,

v.

ADIL SHAFI, an individual,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

    Third-Party Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

## MEMORANDUM OF LAW IN SUPPORT OF PEPPER HAMILTON'S EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR BRAINTECH, INC. AND FREDERICK WEIDINGER

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF QUESTION PRESENTED ........................................................................... iii

I.     GENERAL BACKGROUND SUPPORTING THE MOTION .......................................... 1

II.    AUTHORITY ....................................................................................................................... 1

III.   CONCLUSION .................................................................................................................... 3

-ii-

# INDEX OF AUTHORITIES

## STATE CASES

Bye v. Ferguson, 138 Mich. App. 196 (Mich. Ct. App. 1984) ........................................................2

Downing v. Bankers Trust Co., 2002 WL. 31117035 (Mich. Ct. App. Sept. 24, 2002) .................2

Farnswarth v Marysville Masonic Temple Associate, 2000 WL. 33538588 (Mich. Ct.
    App. Jan. 14, 2000) ...................................................................................................................2

Insurance Co. of Pennsylvania v. Alternative Insurance Services, Inc., No. 07-cv-15170,
    2008 WL. 4998361 (ED. Mich. Nov. 21, 2008) .......................................................................2

#12145866 v1 (135776.2)

## STATEMENT OF QUESTION PRESENTED

Should Pepper Hamilton LLP be allowed to withdraw as counsel of record in this action when (a) Pepper Hamilton's continued representation of Braintech for the duration of this case would impose an unreasonable financial burden upon Pepper Hamilton; and (b) when communications between Pepper Hamilton and Braintech have deteriorated to the extent that the attorney-client relationship is no longer tenable?

Pepper Hamilton LLP responds yes.

#12145866 v1 (135776.2)

## I. GENERAL BACKGROUND SUPPORTING THE MOTION

There has been a breakdown in the attorney-client relationship with Braintech to such an extent that effective representation of Braintech in this matter is not possible and that further representation of Braintech would lead to an unreasonable financial burden and financial exposure on the part of Pepper Hamilton if the Court does not permit it to withdraw as Braintech's counsel. Braintech has been informed of Pepper Hamilton's potential withdrawal and the reasons therefore. There are no significant pending case management or scheduling deadlines that would prevent Pepper Hamilton from withdrawing, other than the April 12, 2010 settlement conference and the corresponding April 4, 2010 settlement statement deadline. In order to allow Braintech sufficient time to obtain successor counsel, Pepper Hamilton requests that the Court grant Braintech a thirty (30) day continuance and extend the settlement statement deadline and settlement conference by thirty days.

## II. AUTHORITY

Pursuant to E.D. Mich. L.R. 83.30(a), counsel may move for leave to withdraw its appearance.[1] Rule 1.16(b) of the Michigan Rules of Professional Conduct ("MRPC"), which governs the practice of law in this Court, provides, in relevant part, that counsel may withdraw from a representation when:

> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

---

[1] Pepper Hamilton brings the Motion pursuant to E.D. Mich. L.R. 1.2, because the issues raised in the Motion must be resolved promptly, to ensure that neither the parties nor Pepper Hamilton are prejudiced.

#12145866 v1 (135776.2)

(6) other good cause for withdrawal exists.

*See also* MRPC 1.16, Comment ("A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.").

In a number of cases, Michigan courts have granted leave to withdraw under far more exigent conditions than exist here. Attorneys have been allowed to withdraw under MRPC 1.16(b) within only a few days of trial or even when the client was left without alternative representation. *See Downing v. Bankers Trust Co.,* 2002 WL 31117035 (Mich. Ct. App. Sept. 24, 2002) (allowing original attorney to withdraw after discovery for lack of payment and second attorney to withdraw two days before trial where attorney-client relationship so degraded could not be said to cause prejudice); *Farnswarth v Marysville Masonic Temple Assoc.*, 2000 WL 33538588 (Mich. Ct. App. Jan. 14, 2000) (withdrawal of counsel upheld where proper grounds existed and client given sufficient notice, even though client not granted continuance and took on own representation); *Cf. Bye v. Ferguson*, 138 Mich. App. 196 (Mich. Ct. App. 1984) (where attorney justifiably withdrew for nonpayment of fees, client should have been given notice and opportunity to seek new counsel). *See also Ins. Co. of Pennsylvania v. Alternative Ins. Services, Inc.*, No. 07-cv-15170, 2008 WL 4998361, *2-3 (ED. Mich. Nov. 21, 2008) (granting motion to withdraw due to non-payment of legal fees and the breakdown in communications between counsel and client).

Good cause exists for Pepper Hamilton's withdrawal as counsel for Braintech in this matter, because:

- Pepper Hamilton's continued representation of Braintech for the duration of this case would impose an unreasonable financial burden upon Pepper Hamilton, in light of Braintech's failure and refusal to agree to the terms of continued representation and the

-2-

> costs and fees that would be incurred by Pepper Hamilton in representing Braintech in the Action;

- Communications between Pepper Hamilton and Braintech have deteriorated to the extent that the attorney-client relationship is no longer tenable.

Under such circumstances, it is appropriate to grant Pepper Hamilton's leave to withdraw as counsel. Pepper Hamilton's withdrawal will not result in a material adverse effect on the interests of Braintech. Substitute counsel will have ample opportunity to get up to speed on this matter and then continue with further proceedings.

In conjunction with seeking leave to withdraw, Pepper Hamilton respectfully requests that the settlement conference and settlement statement deadline be adjourned for thirty (30) days, to provide Braintech the opportunity to appoint substitute lead counsel in this action.

### III. CONCLUSION

**WHEREFORE**, Pepper Hamilton requests the Court enter an Order (1) granting Pepper Hamilton's Emergency Motion to Withdraw as Counsel of Record for Braintech, Inc. and Frederick Weidinger, and (2) adjourning the settlement conference and settlement statement deadline for thirty (30) days to permit Braintech to retain substitute counsel.

Respectfully submitted,

JAMES D. VANDEWYNGEARDE (P58634)
MARY K. DEON (P63019)
PEPPER HAMILTON LLP
100 Renaissance Center, Suite 3600
Detroit, Michigan 48243-1157
(313) 259-7110
*vandewyj@pepperlaw.com*
Attorneys for Braintech, Inc. and Frederick Weidinger

Dated: March 8, 2010

-3-

#12145866 v1 (135776.2)

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2010, I caused to be electronically filed the foregoing Emergency Motion To Withdraw as Counsel of Record for Plaintiff/Counter-Defendant Braintech, Inc., Memorandum of Law in support thereof, and this Certificate of Service, with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a courtesy copy will be hand delivered to the Hon. Victoria A. Roberts, Room 123, 231 W. Lafayette Blvd., Detroit, Michigan 48226.

                                                  s/James D. VandeWyngearde
                                                  JAMES D. VANDEWYNGEARDE (P58634)