UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

    Plaintiff/Counter-Defendant,

v.                                                                                  Case No. 09-10454

ADIL SHAFI, an individual,                                      Hon. Victoria A. Roberts

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

    Third-Party Defendant.
_____/

## MOTION TO QUASH SUBPOENAS

Non-party, Advenovation, Inc., through its attorneys, Berry Moorman P.C., moves, pursuant to Fed. R. Civ. Pro. 45(c) (3) (A) and (B) to Quash Subpoena's directed to Advenovation, Inc., its subcontractor, Aptura Machine Vision Solutions/David Dechow. The subpoenas seek information which is confidential, constitutes trade secrets and exposes the parties subject to the subpoenas to undue burden and expense.

I certify, pursuant to local rule that I have attempted to confer with the party serving the discovery (Braintech) but no response whatsoever was made to an email communication sent November 10, 2010, outlining Advenovation Inc.'s concerns and seeking to discuss limitations on the discovery.

2

        Respectfully submitted,

        BERRY MOORMAN P.C.

        By:   s/James P. Murphy
              James P. Murphy (P36728)
              Attorneys for Advenovation, Inc.
              535 Griswold, Suite 1900
              Detroit, Michigan 48226
              (313) 496-1200
              murph@berrymoorman.com

Dated: November 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

    Plaintiff/Counter-Defendant,

v.                                                                                  Case No. 09-10454

ADIL SHAFI, an individual,                                      Hon. Victoria A. Roberts

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

    Third-Party Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENAS

Non Party, Advenovation, Inc., through his attorneys, Berry Moorman P.C., submits the following Memorandum of Law in Support of its Motion to Quash Subpoenas.

### I. ISSUES PRESENTED FOR DECISION

1. Whether third party subpoenas served on Aptura Machine Vision Solutions and Advenovation Inc., should be reviewed under Fed. R. Civ. Pro. 45(c)(3)(A) and (B) to determine if the subpoenas seek confidential information including trade secrets and whether the subpoenas expose the witnesses to undue burden.

## II.  MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. Pro. 45.

## III.  INTRODUCTION

On October 29, 2010, Defendant Braintech Inc. ("Braintech") served third-party subpoenas on:

1. Aptura Machine Vision Solutions/David Dechow (subpoena attached as Exhibit 1).

2. Advenovation, Inc. (subpoena attached as Exhibit 2).

### A.  The Subjects of the Subpoenas

Advenovation is a company owned by Defendant Adil Shafi.  Since leaving Braintech, Mr. Shafi formed his new company, Advenovation, in February 2009, in order to offer services and products for the vision guided robotic software industry.  This is an industry in which Mr. Shafi has worked and achieved success for over 20 years.  Since forming Advenovation, Mr. Shafi has corroborated on projects with Mr. Dechow and Aptura Machine Vision Solutions in particular to write new software code for exploitation in the vision guided robotics software market.  Through the subpoenas, Braintech seeks production of proprietary software code owned by Advenovation and developed by its subcontractor Aptura Machine Vision Solutions.  The subpoenas also seek information concerning compensation paid to or received by Adil Shafi and evidence of any transactions between and among Adil Shafi, Advenovation and Aptura Machine Vision Solutions.  This information is irrelevant and unduly burdensome.

## IV. DISCOVERY SOUGHT FROM APTURA MACHINE VISION SOLUTIONS RELATED TO ADVENOVATION IS PROPRIETARY CONFIDENTIAL INFORMATION OWNED BY ADVENOVATION

Among other things, the subpoena to Aptura requests production of the following categories of information and documents from Aptura:

2. Communications between David Dechow and Adil Shafi regarding collaboration between Advenovation, Inc., and Aptura Machine Vision Solutions from December, 2008 to present.

3. Documents evidencing salary, benefits, distributions, sales commissions and/or any other type of remuneration made to Adil Shafi and/or Advenovation, Inc. by Aptura and/or David Dechow from October 1, 2008 to the present.

4. W-2 forms, 1099 forms, employment applications, personnel file(s), departmental file(s), and/or performance evaluations for Adil Shafi.

5. Purchase orders and/or contracts between Advenovation, Inc., and Aptura Machine Vision Solutions and/or David Dechow from December 2008 to present.

6. Invoices submitted to Advenovation, Inc. from Aptura Machine Vision Solutions and/or David Dechow and all payment records.

7. Documents evidencing software licenses or source code sold by Aptura Machine Vision Solutions and/or David Dechow on behalf of Advenovation, Inc.

8. Documents evidencing any and all work by Aptura and/or David Dechow for Advenovation, Inc.

9. Documents evidencing salary, benefits, payments, distributions, non-monetary perks and any other type of remuneration from Advenovation, Inc., to Aptura Machine Vision Solutions and/or David Dechow.

10. Produce for inspection and examination any software and source code created by David Dechow for Advenovation, Inc. and/or Adil Shafi.

Advenovation and its relationship with Aptura did not come into existence until after Mr. Shafi left the employment of Braintech. Mr. Shafi gave continued deposition testimony on October 22, 2010. Mr. Shafi did not begin to operate Advenovation until February, 2007. Shafi Tr. p 494-496. Software code owned by Advenovation code, created by Aptura for Advenovation, came into existence after Mr. Shafi's separation from Braintech. Advenovation worked with Aptura to write software code after Advenovation was formed in 2009. Shafi Tr. p. 494. All of Mr. Shafi's activities related to Advenovation, including any and all work with Aptura all occurred months after Mr. Shafi's employment at Braintech terminated. Shafi Tr. pp. 381, 384-390, 494-496. Mr. Shafi became a sales representative of Aptura in 2010. Shafi Tr. p. 406. In short, since Advenovation did not even exist until after Mr. Shafi left the employment of Braintech, *a fortiori,* Advenovation had no working relationship with Aptura until after it came into existence. Thus there is no reason to subject Advenovation and its relationship with Aptura to discovery.

In addition, Counterclaim defendant Weidinger is a competitor of Advenovation. Weidinger formed a new company, RoboticVisionTech, for the purpose of foreclosing on the assets of Braintech. RoboticVisionTech is a competitor of Advenovation. There is no *legitimate* reason in this case to force Advenovation or Aptura to produce software code owned by Advenovation which will be revealed to a competitor as a result of the subpoenas.

**V.  DISCOVERY SOUGHT FROM ADVENOVATION, INC., IS PROPRIETARY, CONFIDENTIAL AND NOT RELEVANT TO ANY ISSUE IN THIS CASE**

Among other things, the subpoena to Advenovation requests production of the following categories of information and documents from Advenovation:

4

1. Communications between Paul Tomasi and Adil Shafi regarding the formation of Advenovation, Inc.

2. Documents transferring Advenovation, Inc., from Paul Tomasi to Adil Shafi.

3. Shareholder agreements and any other documents reflecting ownership interests in Advenovation, Inc.

4. Financial statements of Advenovation, Inc., from December 2008 to the present and/or any other documents reflecting the assets, liabilities, sales, revenues and financial forecasts of Advenovation, Inc.

5. Brochures and other marketing materials sent by Advenovation, Inc., to customers and potential customers since December 2008.

6. Documents identifying clients/customers of Advenovation, Inc., and the products sold to or services provided to its customers.

7. Purchase orders between Advenovation, Inc., and its customers from December 2008 to present.

8. Contracts between Advenovation, Inc., and its customers from December 2008 to present.

9. Invoices submitted to Advenovation, Inc.'s customers and all payment records.

10. Contracts and/or purchase orders between Advenovation, Inc., and Aptura Machine Vision Solutions and/or David Dechow.

11. Documents evidencing software licenses or source code sold by Advenovation, Inc., when and to whom.

12. Documents identifying any business partners of Advenovation, Inc.

13. Documents evidencing any and all work by David Dechow for Advenovation, Inc.

14. Documents evidencing salary, benefits, payments, distributions, non-monetary perks and any other type of remuneration from Advenovation, Inc., to Adil Shafi.

15. Documents evidencing salary, benefits, payments, distributions, non-monetary perks and any other type of remuneration from Advenovation, Inc., to David Dechow.

16. Federal, state and local income tax returns (including all attachments and schedules), W-2s and 1099 forms for the years 2008 through the present.

17. Produce for inspection and examination the software and source code which have been sold and/or are being offered for sale by Advenovation, Inc.

First, requests 1 and 2 seek information subject to the attorney client privilege. Paul Tomasi was counsel for Advenovation and involved in its incorporation. Second, Advenovation was only formed *after* Mr. Shafi was no longer employed by Braintech. See Transcript citations, *supra*. All of Mr. Shafi's activities related to Advenovation occurred after Mr. Shafi was no longer employed by Braintech. Third, Advenovation is a competitor of Weidinger's company RoboticVisionTech and should not under any circumstances be compelled to produce proprietary software code that Weidinger will have access to through Braintech.

In short, Advenovation, its business, its software, its dealings with Aptura all post date Mr. Shafi's employment with Braintech. Braintech has no claims in this case, only defenses. Braintech's defense of the counterclaim of Defendant Shafi have no relationship to activities or conduct of Shafi or his company after Braintech terminated Shafi's employment. Braintech no longer exists, it is a defunct company. Braintech's defense is being run and paid for by its insurance company. Its insurance company has no stake in this litigation since Braintech's complaint has been dismissed. Counsel for Braintech has already informed the Court the policy pays the defense costs but provides no indemnity. Having no offensive claims, no further existence and no ability to pay any judgment in this case, the entire exercise of forcing third parties to respond to Braintech's irrelevant and specious subpoenas is an exercise in futility.

**VI.   CONCLUSION**

It appears that the sole point in pursuing these subpoenas is to harass Mr. Shafi and needlessly increase the cost of this litigation.  Braintech has no offensive claim in this case.  Information and documents sought by the subpoenas is not even remotely relevant to the issues in this case.  Accordingly, Advenovation requests that this Court enter a protective order such that the discovery sought by third-party subpoenas not be had at all.

                                        Respectfully submitted,

                                        BERRY MOORMAN P.C.

                                        By:   s/James P. Murphy
                                              James P. Murphy (P36728)
                                            Attorneys for Defendant
                                            535 Griswold, Suite 1900
                                            Detroit, Michigan 48226
                                            (313) 496-1200
                                            murph@berrymoorman.com

Dated:  November 10, 2010