UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,
Plaintiff/Counter-Defendant,

v.                                                          Case No: 09-10454
                                                            Honorable Victoria A. Roberts
ADIL SHAFI,
Defendant/Counter-Plaintiff/
Third-Party Plaintiff,

v.

FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

_____

**BRAINTECH, INC.'S AND FREDERICK WEIDINGER'S
COMBINED JOINT RESPONSE OPPPOSING ADVENOVATION INC'S
AMENDED MOTION TO QUASH SUBPOENAS AND ADIL SHAFI'S AMENDED
MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY DISCOVERY**[1]

Braintech, Inc., and Frederick Weidinger, by and through counsel, oppose non-party Advenovation Inc.'s Amended Motion to Quash Subpoenas and Adil Shafi's Amended Motion for Protective Order Regarding Third Party Discovery (collectively "Motions") because, as set forth more specifically in the attached Brief in Opposition, the discovery sought from Advenovation Inc. and Aptura Machine Vision Solutions is relevant to counts in Shafi's second amended counterclaim, two of which (conversion and unjust enrichment) are not mentioned anywhere in Advenovation's/Shafi's Motions, and is relevant to the ten million dollars in

---

[1] The facts and legal issues related to the Motions are so intertwined that it seemed most efficient to respond in a combined brief. If the Court prefers separate response briefs, Braintech and Weidinger will re-submit separate briefs.

damages that Shafi seeks in this case, which are, likewise, not mentioned in the Motion to Quash. Shafi's unsupported allegations that the information is proprietary or constitutes trade secrets can be adequately addressed with the entry of a protective order limiting use of the information to this litigation.

WHEREFORE, Braintech, Inc., and Frederick Weidinger respectfully request that this Honorable Court a) deny non-party Advenovation's Amended Motion to Quash Subpoenas, b) deny Adil Shafi's Amended Motion for Protective Order Regarding Third Party Discovery, and c) award Braintech and Weidinger their attorneys' fees and costs incurred in defense of Advenovation's/Shafi's Motions.

        Respectfully submitted,

        NEMETH BURWELL, P.C.

        By:    s/Susan D. Koval
              Anne Widlak (P35763)
              Susan D. Koval (P59297)
              Attorneys for Braintech, Inc.
              200 Talon Centre Drive, Suite 200
              Detroit, Michigan 48207
              (313) 567-5921
              awidlak@nemethburwell.com
              skoval@nemethburwell.com

        PILLSBURY WINTHROP SHAW PITTMAN LLP

        By:    s/with consent of Geoffrey J. Greeves
              Geoffrey J. Greeves
              Attorney for Frederick Weidinger
              2300 N Street, N.W.
              Washington, DC 20037-1122
              (202) 663-9228
              geoffrey.greeves@pillsburylaw.com

November 22, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,
Plaintiff/Counter-Defendant,

v.                                                                  Case No: 09-10454
                                                                    Honorable Victoria A. Roberts
ADIL SHAFI,
Defendant/Counter-Plaintiff/
Third-Party Plaintiff,

v.

FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

_____

**BRAINTECH, INC.'S AND FREDERICK WEIDINGER'S
COMBINED JOINT BRIEF IN OPPOSITION TO ADVENOVATION INC'S
AMENDED MOTION TO QUASH SUBPOENAS AND ADIL SHAFI'S AMENDED
<u>MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY DISCOVERY</u>**

**TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ........................................................................... ii

INDEX OF CONTROLLING AUTHORITIES ........................................................................... iii

STATEMENT OF FACTS ............................................................................................................ 1

STANDARD OF REVIEW ........................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

      I.      THE INFORMATION REQUESTED IN THE SUBPOENAS IS RELEVANT TO SHAFI'S CLAIMS AND ALLEGED DAMAGES .................... 5

      II.     SHAFI AND ADVENOVATION HAVE NOT ESTABLISHED THAT THE INFORMATION SOUGHT BY THE SUBPOENAS IS PROTCETD BY ATTORNEY-CLIENT PRIVILEGE. ............................................................... 6

      III.    SHAFI AND ADVENOVATION HAVE NO STANDING TO CHALLENGE THE SUBPOENA TO APTURA AND THEY HAVE NOT ESTABLISHED THAT THE INFORMATION SOUGHT BY THE SUBPOENAS IS CONFIDENTIAL TRADE SECRETS OR PROPRIETARY INFORMATION ........................................................................ 7

      IV.    SHAFI AND ADVENOVATION HAVE NOT ESTABLISHED THAT THE SUBPOENAS EXPOSE THEM TO UNDUE BURDEN AND EXPENSE ........................................................................................................ 8

CONCLUSION .............................................................................................................................. 9

# STATEMENT OF THE ISSUES PRESENTED

I. WHETHER ADVENOVATION OR SHAFI HAS MET THEIR BURDEN TO SHOW GOOD CAUSE WHY BRAINTECH AND WEIDINGER SHOULD BE PRECLUDED FROM DISCOVERING INFORMATION REGARDING SHAFI'S CLAIMS FOR CONVERSION AND UNJUST ENRICHMENT AND SHAFI'S ALLEGED DAMAGES FOR CONVERSION, LOST GOING CONCERN, LOST OPPORTUNITY, DAMAGE TO REPUTATION, AND LIABILITY FOR PERSONAL DEBT.

II. WHETHER INFORMATION REGARDING SHAFI'S CONTINUED USE OF PROPERTY HE CLAIMS WAS STOLEN FROM HIM IS RELEVANT TO BRAINTECH AND WEIDINGER'S DEFENSE OF SHAFI'S FRAUD, CONVERSION AND UNJUST ENRICHMENT CLAIMS.

III. WHETHER SHAFI AND ADVENOVATION HAVE ESTABLISHED THAT THE INFORMATION SOUGHT BY THE SUBPOENAS IS PROTECTED BY ATTORNEY CLIENT PRIVILEGE WHERE THEY HAVE FAILED TO DESCRIBE THE DOCUMENTS IN A MANNER SUFFICIENT TO ENABLE BRAINTECH AND WEIDINGER TO CONTEST THE ASSERTED PRIVILEGE.

IV. WHETHER SHAFI AND ADVENOVATION HAVE STANDING TO CHALLENGE THE APTURA SUBPOENA, AND IF SO, WHETHER THEY HAVE MET THEIR BURDEN OF PROOF TO SHOW THAT THE INFORMATION IS PROPRIETARY OR A TRADE SECRET OR THAT SUBSTANTIAL HARM WILL RESULT THAT CANNOT BE CONTROLLED WITH A PROTECTIVE ORDER LIMITING ITS USE TO THIS ITIGATION.

V. WHETHER ADVENOVATION OR SHAFI HAVE MET THEIR BURDEN TO SHOW UNDUE BURDEN AND EXPENSE WHERE THEY MAKE ONLY A GENERIC ALLEGATION OF UNDUE BURDEN WHICH IS UNSUPPORTED BY AFFIDAVIT OR OTHERWISE AND THE RECORD DEMONSTRATES THAT PRODUCTION OF THE INFORMATION IS NOT UNDULY BURDENSOME.

# INDEX OF CONTROLLING AUTHORITIES

Cases                                  Page

*Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987) .................................................................... 3

*City of Ecorse v. U.S. Steel*, 2007 WL 4239263 (E.D.Mich. Dec. 3, 2007) ................................. 7

*Federal Election Com'n v. GOPAC, Inc.*, 897 F.Supp. 615, 617 (D.D.C. 1995) ......................... 3

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995) .......................................... 4

*Gulf Oil v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981) ........................................... 3

*Hoxie v Livingston County*, 2010 WL 822401 (E.D.Mich. March 4, 2010) ................................ 9

*Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) ................................................................... 4

*Landry v. Air Line Pilots Association*, 901 F.2d 404, 435 (5th Cir. 1990) .................................. 4

*Leibel v. General Motors Corp.*, 250 Mich.App. 229, 236, 646 N.W.2d 179, 183 (2002) .......... 6

*Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir 1985) ............................ 4

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994) ............................................. 4

*Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir.2005) ........................................................ 7

*Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, *3 (N.D.Ohio Aug.15, 2007) .................................................................................................... 7

*White Mule Co. v. ATC Leasing Co., LLC*, 2008 WL 2680273 (N.D. Ohio June 25, 2008) ........ 7

Court Rules

Fed.R.Civ.P. 26(b)(1) and(c) ..................................................................................................... 3,4

Fed.R.Civ.P. 45(d) ........................................................................................................................ 7

Fed.R.Civ.P. 45(c)(3)(B)(i) ........................................................................................................... 7

## STATEMENT OF FACTS

In addition to claims for fraud, securities fraud, and breach of employment contract, Counter-Plaintiff Adil Shafi's second amended counterclaim includes claims for <u>conversion and unjust enrichment</u>. In these claims, Adil Shafi ("Shafi") contends that Braintech and Frederick Weidinger stole corporate property from him, converted such property to their own use, and were unjustly enriched.[2] For some reason, Shafi failed to mention these claims in Advenovation Inc.'s Amended Motion to Quash Subpoenas and Adil Shafi's Amended Motion for Protective Order Regarding Third Party Discovery (collectively "Motions"). Shafi also neglected to mention that he seeks in excess of <u>ten million dollars</u> in damages in this case, including:

1. Lost going concern value of Shafi Inc. -- $900,000
2. Breach of employment agreement -- $700,000
3. Personal liability for Shafi debt approx $250,000
4. Lost opportunity cost and damage to reputation as a result of Braintech's actions ($500,000) (Ex.A; Shafi Initial Disclosures re damages).
5. Conversion claim: treble damages (approximately $9,000,000) (Ex.B; Shafi answer to Interrogatory No. 18).

In Counts VI and VII of the second amended counterclaim, Shafi alleges as follows:

As part of an elaborate and complicated scheme <u>to commit theft of corporate property</u>, Weidinger and Braintech made a series of fraudulent misrepresentations and omissions to state material facts in order to induce Shafi to sell his interests in SI and SII. (2nd Amd Counterclaim, ¶155, 161) (emphasis added)

Shafi further alleges that, in reliance upon the fraudulent misrepresentations and omissions, he turned over his interests in SI and SII to Weidinger and Braintech and that

---

[2] In August 2008, in a stock for stock transaction, Braintech, Inc. acquired 100% of the outstanding shares of SHAFI, Inc. ("SI") and 80% of the shares of SHAFI Innovation, Inc. ("SII") from Shafi pursuant to a Share Purchase Agreement ("SPA"). In connection with the execution of the SPA, Braintech entered into a three year employment agreement with Shafi, pursuant to which Shafi was to serve as Braintech's Chief Operating Officer ("COO").

Weidinger and Braintech <u>unlawfully converted such corporate property to their own use</u>. (2nd Amd Counterclaim, ¶¶156-158,162). Shafi alleges that Weidinger and Braintech <u>retained and benefited from the corporate assets of SI and SII, and were unjustly enriched at Shafi's expense</u>.

During his deposition, Adil Shafi admitted that David Dechow, President of Aptura Machine Vision Solutions ("Aptura"), has a copy of Reliabot source code,[3] the property Shafi sold to Braintech and now claims was stolen from him. (Ex.C; Shafi at 418-424). Shafi also testified that Mr. Dechow created the Reliabot source code and created the source code Shafi is currently using in his new business Advenovation. (Ex.C; Shafi at 390). Shafi further testified that he has taken no steps to investigate whether Mr. Dechow used Shafi I or Braintech's source code to develop the Advenovation source code. (Ex.C; Shafi at 421-425). Finally, Shafi testified that, as President of Advenovation, he collaborates with Mr. Dechow and subcontracts with him to provide the software his Advenovation customers need. (Ex.C; Shafi at 413-417).

One of the arguments raised by Shafi/Advenovation is that because Braintech has no funds by which to pay a judgment in this case (if one is obtained), Braintech has no right to defend against the claims made by Shafi and the damages he seeks.[4] As the Court may recall from an earlier telephone conference with the parties, Shafi simply wants the Court to enter a

---

[3] At all relevant times, Shafi represented that his companies possessed a fully functional, market-revenue-ready product known as Reliabot. Within weeks after the deal was finalized, Braintech was permitted to inspect and evaluate the Reliabot technology for the first time. Braintech learned that the SI "flagship" product, Reliabot, was not revenue ready as represented. It is undisputed in this case that Reliabot did not generate any revenue for Shafi I or Braintech after the August 2008 closing.

[4] In February 2009, Braintech brought suit to rescind the agreements that it entered into with Shafi, SI and SII based on numerous material false and fraudulent misrepresentations that Shafi made to Braintech to induce the transaction. Braintech's Complaint was dismissed after it ceased operating and after its assets were put up for auction.

judgment against Braintech without hearing any evidence or having a trial. Although Shafi suggests that it is a "pointless waste of time and resources to devote subpoenas and discovery" to these issues, it seems the greater waste of time and resources is the continuation of a lawsuit against an entity which has no funds to pay a judgment.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide a very liberal standard for discovery. Provided the information sought is not privileged or otherwise limited by court order, it need only be "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

In order to obtain a protective order denying discovery to Braintech and Weidinger, Shafi must demonstrate good cause. *See generally*, 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d§ 2035. The burden of showing good cause rests with the party requesting the protective order. The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one. *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981).

To prevail, Plaintiff must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought ..., and cannot rely on merely conclusory statements." *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987) (citations omitted); *Federal Election Com'n v. GOPAC, Inc.*, 897 F.Supp. 615, 617 (D.D.C. 1995). Good cause exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue

burden or expense." Fed.R.Civ.P. 26(c); *Landry v. Air Line Pilots Association*, 901 F.2d 404, 435 (5th Cir. 1990).

Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient to show good cause. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994). Objections which serve as the basis of a motion for protective order must be "plain enough and specific enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir 1985) (citations omitted). A "party resisting discovery 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive....'" *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) (*quoting Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa.1980)).

## **ARGUMENT**

Shafi and Advenovation have not met their burden to show good cause why Braintech and Weidinger should be precluded from discovering information regarding the property Shafi claims was stolen from him (which is presently in the possession of his only Advenovation collaborator) and the alleged damages he claims arises from the theft. Shafi and Advenovation have not set forth specific facts in support of the request but have offered only self-serving, conclusory and speculative statements about trade secrets and proprietary information. Most notably, Shafi has misled the Court into believing his claims are limited to only fraud and breach of employment contract and that his alleged damages are limited to whether Braintech had good cause to terminate the employment agreement.

4

### I.   THE INFORMATION REQUESTED IN THE SUBPOENAS IS RELEVANT TO SHAFI'S CLAIMS AND ALLEGED DAMAGES.

In Shafi's Motion for Protective Order, he alleges that the information requested in the subpoenas is not relevant to his claims because his involvement with Advenovation and collaboration with Mr. Dechow occurred following his termination from Braintech. In support of this statement, Shafi relies on his own self-serving deposition testimony in this case. Surely, Braintech and Weidinger have the right to inspect documents which support or refute Shafi's testimony. For this reason alone, the Motions should be denied.

However, the information sought by the subpoenas is also relevant for a variety of other reasons. Whether Adil Shafi is still using and benefitting from the corporate property he claims was stolen from him is undoubtedly relevant in this case. Whether Aptura or David Dechow possess the Reliabot software that Shafi alleges was stolen from him is relevant in this case. Whether Aptura/Dechow modified Reliabot software so that Shafi could sell it under his new moniker Advenovation is relevant in this case. Whether Adil Shafi is presently continuing the business of Shafi I and Shafi II under a new moniker (Advenovation) is relevant to his conversion claim and alleged damages for lost going concern value and lost opportunity. Whether Adil Shafi is continuing the same business he sold to Braintech is relevant to his claim that his reputation was damaged as a result of the alleged wrongdoing by Braintech and Weidinger. Whether Adil Shafi is receiving payment from David Dechow for revenue owed to Braintech is relevant to Shafi's fraud claims in this case. Whether Adil Shafi, either personally, or as President of Advenovation, is receiving compensation from Aptura/Dechow to sell Aptura products is relevant to his lost opportunity claim. Whether Adil Shafi has paid monies in his

individual capacity, or as President of Advenovation, for "personal liability for Shafi debt" is relevant to his claim for damages for excess debt he claims Braintech was required to pay.

## II. SHAFI AND ADVENOVATION HAVE NOT ESTABLISHED THAT THE INFORMATION SOUGHT BY THE SUBPOENAS IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE.

Shafi claims that the first two items requested in the subpoenas to Advenovation are protected by the attorney-client privilege:

1. Communications between Paul Tomasi and Adil Shafi regarding the formation of Advenovation, Inc.

2. Documents transferring Advenovation, Inc., from Paul Tomasi to Adil Shafi.

During Shafi's deposition, he testified that he instructed Paul Tomasi to form Advenovation possibly <u>before</u> December of 2008. (Ex. C; Shafi at 10-14). Clearly, Shafi gave the direction to his attorney. He did not say he sought legal advice from Mr. Tomasi.[5] Moreover, during his deposition, Shafi did not assert attorney-client privilege regarding the instructions he gave about the formation of Advenovation. Finally, it is unclear how the transfer documents could possibly be protected by privilege.

Rule 45 provides in part that "[w]hen information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and <u>shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to</u>

---

[5] "The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice." *Leibel v. General Motors Corp.*, 250 Mich.App. 229, 236, 646 N.W.2d 179, 183 (2002) (citing *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich.App. 614, 618-619, 576 N.W.2d 709 (1998)).

contest the claim." Fed.R.Civ.P. 45(d) (2)(A). The party asserting the privilege bears the burden of establishing the privilege exists. *Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir.2005). A party's mere assertion that certain information is privileged is insufficient to meet this burden. *Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, *3 (N.D.Ohio Aug.15, 2007) (Ex.D).

Accordingly, Shafi's blanket assertion of privilege regarding the discovery sought is insufficient to meet his burden of proving privilege. Therefore, Shafi has failed to articulate a basis of privilege such that the Court must quash the subpoena in accordance with Fed.R.Civ.P. 45(c)(3)(A)(iii). Alternatively, Braintech and Weidinger request that the Court require Shafi/Advenovation to submit a privilege log identifying the alleged privileged information.

### III. SHAFI AND ADVENOVATION HAVE NO STANDING TO CHALLENGE THE SUBPOENA TO APTURA AND THEY HAVE NOT ESTABLISHED THAT THE INFORMATION SOUGHT BY THE SUBPOENAS IS CONFIDENTIAL TRADE SECRETS OR PROPRIETARY INFORMATION.

The subpoenas also should not be quashed under Fed.R.Civ.P. 45(c)(3)(B)(i). "In the absence of a claim of privilege, proprietary interest, or personal interest, a party has no standing to quash a subpoena directed at a non-party." *White Mule Co. v. ATC Leasing Co., LLC*, 2008 WL 2680273 (N.D. Ohio June 25, 2008)(Ex.E) (citing *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002) ("the party to whom the subpoena is directed is the only party with standing to oppose it") and *City of Ecorse v. U.S. Steel*, 2007 WL 4239263 (E.D.Mich. Dec. 3, 2007)(Ex.F) (analyzing a motion to quash in the context of Fed.R.Civ.P. 45(c)(3)). Here, Shafi makes only general allegations that the information sought requires the disclosure of trade secret and proprietary information. The allegations are neither specific nor

7

substantiated. Therefore, neither Shafi nor Advenovation has shown that they have standing to move to quash the subpoena issued to Aptura as trade secret or proprietary information because Shafi has failed to describe how the information is confidential and why or in what way he would suffer injury.

Even if Shafi and Advenovation had standing, Shafi has not produced any evidence that the information is confidential and proprietary and has not offered any confidentiality agreements between Aptura and Advenovation. In fact, Shafi testified that he has not sought any kind of intellectual property protection for the product that his new company is selling. (Ex.C; Shafi at 390). Likewise, Mr. Dechow did not raise any issue about trade secrets or proprietary information when he discussed the subpoenas with counsel for Braintech on November 1, 2010. (Ex.G; Dechow email).

Nevertheless, to alleviate Shafi's concerns over the alleged trade secret or proprietary information, Braintech and Weidinger will agree to a stipulated protective order which provides that the information will be used for purposes of this litigation only.

### IV. SHAFI AND ADVENOVATION HAVE NOT ESTABLISHED THAT THE SUBPOENAS EXPOSE THEM TO UNDUE BURDEN AND EXPENSE.

In Advenovation's Amended Motion to Quash, it makes passing reference to the notion that the subpoenas subject it to undue burden and expense. Rule 26(c)(1) of the Federal Rules of Civil Procedure states, "[t]he court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Where a party makes only generic allegations of undue burden and expense which are unsupported by affidavit or otherwise, the party has failed to show good cause for the Court to issue a protective order.

8

*Hoxie v Livingston County*, 2010 WL 822401 (E.D.Mich. March 4, 2010) (Ex. H)

Here, Shafi has offered nothing more than generic allegations of undue burden and expense. Moreover, according to Mr. Dechow, "researching, collecting and reproducing the requested information" will require Aptura to expend only one hour of management time and 3 hours of administrative and accounting time. (Ex.G; Dechow email). As noted by Mr. Dechow, Aptura can readily produce the requested information without undue burden and expense, just as Advenovation can.

## CONCLUSION

Accordingly, Braintech, Inc., and Frederick Weidinger respectfully request that this Honorable Court a) deny non-party Advenovation's Amended Motion to Quash Subpoenas, b) deny Adil Shafi's Amended Motion for Protective Order Regarding Third Party Discovery, and c) award Braintech and Weidinger their attorneys' fees and costs incurred in defense of Advenovation's/Shafi's Motions.

Respectfully submitted,

| NEMETH BURWELL, P.C. | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
| By:   s/Susan D. Koval           <br>Anne Widlak (P35763)<br>Susan D. Koval (P59297)<br>Attorneys for Braintech, Inc.<br>200 Talon Centre Drive, Suite 200<br>Detroit, Michigan 48207<br>(313) 567-5921<br> awidlak@nemethburwell.com<br>skoval@nemethburwell.com | By:  s/with consent of Geoffrey J. Greeves<br>Geoffrey J. Greeves<br>Attorney for Frederick Weidinger<br>2300 N Street, N.W.<br>Washington, DC 20037-1122<br>(202) 663-9228<br>geoffrey.greeves@pillsburylaw.com |

November 22, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2010, I electronically filed the foregoing paper (Braintech and Weidinger's Joint Combined Response and Brief in Opposition to Advenovation Inc.'s Amended Motion to Quash Subpoenas and Adil Shafi's Amended Motion for Protective Order Regarding Third Party Discovery) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

                                                s/Susan D. Koval
                                                Susan D. Koval (P59297)
                                                NEMETH BURWELL, PC
                                                Attorney for Braintech, Inc.
                                                200 Talon Centre Drive, Suite 200
                                                Detroit, Michigan 48207
                                                (313) 567-5921
                                                skoval@nemethburwell.com
                                                P59297