UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,

              Plaintiff/Counter-Defendant,

vs

ADIL SHAFI,

              Defendant/Counter-Plaintiff/
              Third-Party Plaintiff,

vs

FREDERICK WEIDINGER
And BRAINTECH, INC.,

              Third-Party Defendant/
              Counter-Defendant.

Case No. 09-10454

Hon. Victoria A. Roberts

---

## THIRD-PARTY DEFENDANT FREDERICK WEIDINGER'S FED. R. CIV. P. 37(b) MOTION TO COMPEL COUNTER-PLAINTIFF ADIL SHAFI TO PRODUCE CERTAIN SOURCE CODE REQUIRED BY THE COURT'S DECEMBER 17, 2010 ORDER

Third-Party Defendant Frederick Weidinger ("Weidinger"), through his counsel, Dickinson Wright PLLC, moves pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for an order compelling Plaintiff/Counter-Defendant Adil Shafi ("Shafi") to comply with the Court's December 17, 2010 Order requiring Shafi to produce certain source code in relation to this matter. *See* 12/17/2010 Order attached as Exhibit 1; 12/17/2010 Hr'g Tr. attached as Exhibit 2. Specifically, Weidinger requests that the Court enter an Order compelling Shafi to:

    1.  Produce a copy of the referenced source code as-sold and deployed by Advenovation to Hutchinson directly to Weidinger's independent third-party expert, Dr. Martens;

2.  File a certification with the Court that the produced software is an accurate copy of the source code as-sold and deployed to Advenovation customer, Hutchinson;

3.  Causing his third-party software programming contractor, David Dechow of Aptura Machine Vision Solutions LLC ("Aptura"), to deliver the Reliabot software and source code, as well as copy of the Advenovation source code, in his possession directly to Dr. Martens;

4.  Permitting Dr. Martens to conduct his review and analysis of the produced software in an appropriate environment to be determined by Dr. Martens.

Counsel for Weidinger have conferred in good faith with counsel for Shafi in an attempt to obtain the relief requested. Counsel's efforts, however, have been unsuccessful, necessitating this Motion.

In further support of his Motion, Weidinger states as follows:

1.     This matter originated as an action by Braintech, Inc. ("Braintech") to rescind a sales agreement between it, Shafi, and two Shafi-owned companies due to material misrepresentations, fraud, and breach of the sales agreements by Shafi. *See* Complaint, Dkt. #1.

2.     The transaction Braintech sought to rescind was a stock-for-stock transaction under which Braintech purchased 100% of one of Shafi's companies, Shafi, Inc., and 80% of another of Shafi's companies, Shafi Innovations, Inc. As part of the transaction, Braintech acquired all right, title, and interest in the intellectual property belonging to Shafi's companies, including, but not limited to, a machine vision software product known as "Reliabot."

3.     Shafi subsequently filed a counter-claim against Braintech and Weidinger alleging breach of his employment agreement, fraud, fraud in the inducement, violation of Federal and State Securities Acts, conversion, and unjust enrichment. *See* Second Am. Counter-Claim, Dkt. #19.

2

4.    Shafi's claims for conversion and unjust enrichment are based on his allegations that Braintech and Weidinger effectively "stole" the corporate property of his two companies, including the Reliabot software, without compensating him. *See* Second Am. Counter-Claim, Dkt. #19, ¶¶ 153-165.

5.    During Shafi's deposition, it was discovered that almost immediately after being fired from Braintech, he started his own company, Advenovation, which sells machine vision software and related services in direct competition with Braintech.

6.    Braintech and Weidinger subsequently sought certain discovery from Advenovation and its third-party software contracting company, Aptura, in relation to their defense of Shafi's claims that they "stole" the intellectual property of his two companies. Included as part of the requested discovery was a request that Shafi produce a copy of the source code for Advenovation's purportedly new machine vision software and that Aptura produce the Reliabot source code in its possession.

7.    Shafi and his new company, Advenovation, filed motions to quash and for a protective order in relation to the requested discovery related to Advenovation's business. *See* Am. Mot. to Quash, Dkt. # 61; Am. Mot. for Prot. Order, Dkt. #62.

8.    The Court held a hearing on the motions on December 17, 2010, and on the same day, entered an order, *inter alia*, requiring Shafi to produce the source codes in the possession of Shafi and Aptura subject to a protocol to be agreed upon by counsel:

> The subpoenas to Adenovation [sic], Inc. and Aptura Machine Vision Solutions are quashed except with respect to the source codes. The source codes will be produced subject to a protocol agreed upon by counsel.

Order Granting in Part and Denying in Part Non-Party Advenovation, Inc.'s Amended Motion to Quash Subpoenas and Adil Shafi's Amended Motion for Protective Order, Dkt. #72, attached as Exhibit 1.

3

9.   On February 23, 2011, counsel for Shafi contacted counsel for Braintech and Weidinger regarding three "housekeeping matters."   In addition to finally producing Shafi's supplemental disclosures that were also required by the Court's December 17, 2010 order, counsel for Shafi requested that certain de bene esse depositions be postponed until after the Court ruled on Braintech and Weidinger's pending joint motion for summary judgment, and finally, counsel requested that Braintech and Weidinger forward their plan for the source code analysis. *See* Exhibit 3.

10.   On February 28, 2011, the undersigned counsel filed their appearances as co-counsel for Weidinger and they will participate in all matters until resolution or adjudication of this case.

11. On that same date, February 28, 2011, Weidinger's co-counsel sent a response to the February 23 email from Shafi's counsel, indicating that Weidinger had retained a third-party expert, Dr. John Martens with Exponent, to conduct the analysis, and forwarded a copy of Dr. Martens' curriculum vitae.[1]   Exhibit 4 (with Dr. Martens' CV).   In order to prepare a proposed protocol, counsel also requested clarification from counsel for Shafi regarding exactly what source code was in his possession, the version of the software, and the programming language. Counsel also indicated that in order to conduct a proper comparison, it was important that Dr. Martens have an as-sold and deployed version of the Advenovation software, such as was apparently sold to Advenovation's customer, Hutchinson. *See id.*

12. By email on March 1, 2011, counsel for Shafi responded by indicating that he did not have possession of an as-sold and deployed copy of the Advenovation software in his possession and pointed counsel to Shafi's motion to quash for "a brief description of the differences in the software." *See* Exhibit 5.

---

[1]  Shafi has not lodged an objection to Dr. Martens.

13. By email on March 3, 2011, counsel for Weidinger noted that the referenced brief contains no description of the differences between the Reliabot source code and Shafi's competing Advenovation source code. Shafi's counsel later sheepishly admitted that "I stand corrected" and that the only difference noted was in the programming language utilized (as referenced in an entirely different brief). In the March 3 email, counsel for Weidinger proposed protocol for the source code analysis and comparison based upon the limited information they had regarding the source code in counsel for Shafi's possession. *See* Exhibit 6. In the same email, counsel suggested a telephone conference among counsel to discuss any issues with the proposed protocol.

14. Rather than calling or offering substantive comments on the proposed protocol, three days later, on March 6, by email, counsel for Shafi responded that the proposed protocol needed to be "scratched" and suggested that counsel "start over and draft something in the nature of a protective order which has ample safeguards in place." *See* Exhibit 7. Counsel refused to turn over either an original or copy of Advenovation's source code to Dr. Martens, indicating that the source code would only be produced in his office and that "[a] number of safeguards will also have to be employed so that access, copying, note taking and observation is controlled." Counsel further indicated that he would "stand by our commitment that the software will be produced, but only in a controlled environment with limited access and only pursuant to an agreed protective order which limits access and provides for the custody and disposition of any notes or other derivative material, either after the review is complete or at the end of this case." *See id.*

15. Per counsel for Shafi's email and indication that he was really looking for an appropriate protective order, not a proposed review protocol, the next morning, on March 7, counsel for

5

Weidinger forwarded a proposed protective order addressing the issues raised in counsel's email. *See* Exhibit 8.

16. In the same email, counsel for Weidinger reminded counsel for Shafi that the Court had already rejected his proposal that the source code only be produced in his office: "You [Braintech/Weidinger] can have the source code in an appropriate forensic environment, subject to a protocol to be agreed upon by counsel." 12/07/2010 Hr'g Tr. at 24, attached as Exhibit 2.

17. Also during the hearing, counsel for Shafi agreed that David Dechow, the owner of Aptura, would provide his copy of the Reliabot source code:

> He's a -- David Deckow[sic] is a software engineer. David Deckow[sic] wrote the Reliabot code. He has a copy. And I think that's appropriate in the industry.
>
> So he can produce a copy of the Reliabot code and he also has possession of the new source code for the new product being marketed by my client. He can also produce that code.

*Id.* at 18-19.

18. In the same email, counsel again requested a copy of the source code as-sold and deployed to Hutchinson and a representation that the source code actually produced by Shafi was precisely that, directing counsel's attention to Shafi's deposition testimony. *See* Exhibit 8.

19. By email on March 8, counsel for Shafi responded without offering any comments on the proposed protective order. *See* Exhibit 9. This time counsel indicated, in direct contradiction of his previous request for a protective order, that what he expected as a proposed "protocol" was simply that Dr. Martens would be required to review the Advenovation source code on laptop sitting in a room under counsel's control:

> [T]he software will be loaded onto a laptop, the laptop will be in a room, the laptop will have no internet access and there will be no copying of any code by disk or thumb drive. Your expert can come to the room and examine and interact with the software during

business hours for as long as it takes to conduct his testing. This is what is meant by protocol. The document you circulated last week does not address protocol.

*Id.*

20.     With the parties apparently at an impasse, by email on March 14, counsel for Weidinger again precisely indicated what is sought:

> Mr. Shafi's production of the Advenovation source code, as sold to and deployed by a customer, in compiled and uncompiled form;
>
> Mr. Shafi causing Mr. Dechow's production of the Reliabot source code in his possession; and
>
> Evaluation/comparison of the Advenovation and Reliabot source codes by Dr. Martens at his place of business.

*See* Exhibit 10.  Counsel for Weidinger indicated that the email also was intended as a request for concurrence under Local Rule 7.1(a).  Again, counsel for Weidinger offered to convene a telephone conference to discuss any differences between the parties.

21.     Counsel for Weidinger has responded to and met every substantive and procedural objection interposed by Shafi and his counsel.  The crux of the discovery dispute now is that Shafi simply does not want to produce a copy of the Advenovation software and source code as sold to and deployed by a customer and will not voluntarily permit an independent expert to review those materials in his office and lab in Chicago.

22.     Weidinger respectfully requests, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure that the Court compel Shafi to comply with the Court's December 17, 2010 Order.  A proposed Order is attached as Exhibit 11.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:___ s/Thomas G. McNeill _____
Thomas G. McNeill (P36895)
TmcNeill@dickinsonwright.com
Michelle L. Alamo (P60684)
Malamo@dickinsonwright.com
Attorneys for Frederick Weidinger, Only
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax:  313.223.3598

Dated:  March 14, 2011

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,

        Plaintiff/Counter-Defendant,

Case No. 09-10454

        vs

Hon. Victoria A. Roberts

ADIL SHAFI,

        Defendant/Counter-Plaintiff/
        Third-Party Plaintiff,

        vs

FREDERICK WEIDINGER
And BRAINTECH, INC.,

        Third-Party Defendant/
        Counter-Defendant.

---

**BRIEF IN SUPPORT OF
THIRD-PARTY DEFENDANT FREDERICK WEIDINGER'S
FED. R. CIV. P. 37(b) MOTION TO COMPEL COUNTER-PLAINTIFF ADIL SHAFI TO
PRODUCE CERTAIN SOURCE CODE REQUIRED BY
THE COURT'S DECEMBER 17, 2010 ORDER**

Third-Party Defendant Frederick Weidinger ("Weidinger"), through his counsel,
Dickinson Wright PLLC, moves pursuant to Rule 37(b) of the Federal Rules of Civil Procedure
for an order compelling Plaintiff/Counter-Defendant Adil Shafi ("Shafi") to comply with the
Court's December 17, 2010 Order requiring Shafi to produce certain source code in relation to
this matter.  In support of his Motion, Weidinger relies on Federal Rule of Evidence 37(b), the
Court's December 17, 2010 Order Granting in Part and Denying in Part Non-Party
Advenovation, Inc.'s Amended Motion to Quash Subpoenas and Adil Shafi's Amended Motion

for Protective Order, Dkt. #72, the reasons set forth on the record during the December 17, 2010

Hearing, *see* Exhibit 2, 12/17/2010 Hr'g Tr., and the additional facts set forth above.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:___s/ Thomas G. McNeill_____
      Thomas G. McNeill (P36895)
      TmcNeill@dickinsonwright.com
      Michelle L. Alamo (P60684)
      Malamo@dickinsonwright.com
      Attorneys for Frederick Weidinger, Only
      500 Woodward Ave, Suite 4000
      Detroit, Michigan 48226
      Tel: 313.223.3500
      Fax: 313.223.3598

Dated: March 14, 2011

I hereby certify that on March 14, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
malamo@dickinsonwright.com

10