EXHIBIT 6

March 3, 2011 Email from McNeill to Murphy et al.
Re: Shafi v. Braintech and Weidinger (with proposed protocol)

# Sandra R. Blackmer

| | |
|---|---|
| **From:** | Thomas G. McNeill |
| **Sent:** | Thursday, March 03, 2011 6:10 PM |
| **To:** | JMurphy@berrymoorman.com |
| **Cc:** | geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo |
| **Subject:** | Shafi v Braintech and Weidinger |
| **Attachments:** | Scanned_.pdf |

JP,

We have appended Braintech/Weidinger's proposed protocol for Dr. Martens comparison of the source codes.

In response to your email on this topic, we went back and re-reviewed your papers leading up to the December 17 hearing before Magistrate Judge Morgan. The only additional information disclosed therein concerning Advenovation's source code is that it is written in Microsoft VB.net. We did not see any "description of the differences in the software" or any further description of Advenovation's source code, its structure, modules, any necessary auxiliary files, different functionality, or other information required by Dr. Martens to develop a detailed review protocol. Given the paucity of background information as we proceed with the evaluation, it is necessary to include in the protocol certain caveats about additional information and work that may be required based upon Dr. Martens preliminary review.

At your earliest convenience, please let us know if the protocol is acceptable so that we may adhere to the proposed deadlines for next week and the completion of the preliminary review by March 22. If there are areas of disagreement, please call rather than email so that we may communicate effectively to resolve those.

Thanks very much.

Thomas G. McNeill

DICKINSON WRIGHT PLLC
Detroit | Nashville | Washington D.C. | Toronto | Phoenix | Las Vegas
Bloomfield Hills | Ann Arbor | Lansing | Grand Rapids

500 Woodward Avenue
Suite 4000
Detroit, MI 48226

tmcneill@dickinsonwright.com
office: 313.223.3632
cell:    313.516.2436

## Proposed Protocol for Review of Advenovation Software

Counter-Defendant Braintech, Inc., and Third-Party Defendant Rick Weidinger (collectively, the "Examiners") understand that the Advenovation software (the "Software") is written in Microsoft VB.NET. Adil Shafi and his counsel ("Shafi") have not provided Examiners with further information concerning the source code structure, whether and to what extent there exist different versions of the Software and whether there may exist any auxiliary files that may be required in conjunction with the Software source code.

Accordingly, this protocol is based upon the Examiners' present understanding of the facts and modifications or additions to the protocol may be required once more is known about the Software.

Based upon present information, the Examiners and Shafi shall proceed as follows:

1. Examiners have retained David Martens, Ph.D. to evaluate the Software in comparison to Reliabot. Examiners have provided a copy of Dr. Martens curriculum vitae to Shafi.

2. By March 7, 2011, Shafi shall provide Examiners' counsel with a list of entities that have purchased and deployed the Software; and by March 8, 2011, Examiners' counsel shall designate one such entity for purposes of securing an "as sold" version of the Software for review by Dr. Martens.

3. By March 11, 2011:

(a) Shafi shall deliver directly to Dr. Martens: (i) the Software and the source code presently in the possession of his counsel, James P. Murphy; and (ii) the Software and source code, in both compiled and uncompiled form, as sold by Advenovation to the entity designated by Examiners pursuant to paragraph 2 above.

(b) Shafi shall cause David Dechow to deliver directly to Dr. Martens the Reliabot software and source code in Mr. Dechow's possession; and

(c) Examiners shall provide to Dr. Martens the Reliabot software and source code in their possession and/or in the possession of Robotic VISION Technologies LLC.

3. Dr. Martens shall maintain all software and source codes in strict confidence and shall not distribute or otherwise disclose such software without the written consent of Examiners and Shafi.

4. Dr. Martens shall review the media containing the source codes and shall evaluate the general directory structure of the file systems for the source codes for purposes of evaluating:

   a. the general structure of how the source code is stored;
   b. how many versions exist;
   c. what software package(s) and/or language(s), and which versions of such were used to create the source codes;
   d. what, if any, auxiliary files are required to fully evaluate the source codes.

5. Dr. Martens shall determine a reasonable starting point or version for evaluating the core functions of the source code. Such determination shall include deriving an understanding of various dates of the various versions and customized software solutions. Dr. Martens shall identify a representative version of the source code for Reliabot and the Software. Additional versions or modules may be evaluated on an as-needed basis to complete the analysis.

6. Dr. Martens shall analyze the representative versions to gain an understanding of structure, collection of modules and core operation of the source codes. Such information shall be used to conduct the comparison between the source codes.

7. Dr. Martens shall conduct a comparison of the source code of Reliabot and the Software. Further information regarding an actual comparison protocol cannot be developed until the source codes are received and the above steps are completed.

8. By March 22, 2011, Dr. Martens shall complete his preliminary comparison and identify such additional measures and further information if any, as may be necessary to complete his evaluation together with a proposed deadline for the conclusion of his work, but in no event later than April 13, 2011.

9. If Dr. Martens prepares a formal written report, the same shall be provided to the attorneys of record for each party and one party representative who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting counsel in preparation for proceedings in this action. The party representative shall be identified to the opposing parties at least five business days before access to the report is provided and the identified representative shall not receive access to or disclosure of the report absent the written consent of the opposing parties. Before access is given to a party representative, the representative must also agree in writing to maintain the report and information contained therein in confidence.