EXHIBIT 8

March 7, 2011 Email from McNeill to Murphy et al.
Re: Shafi v. Braintech and Weidinger (with proposed protective order)

# Sandra R. Blackmer

| | |
|---|---|
| **From:** | Thomas G. McNeill |
| **Sent:** | Monday, March 07, 2011 10:20 AM |
| **To:** | J.P. Murphy |
| **Cc:** | geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo |
| **Subject:** | RE: Shafi v Braintech and Weidinger |
| **Attachments:** | DETROIT-#1195597-v1-Protective_Order_(Source_Code).pdf |

JP,

We direct you to the transcript of the December 17 hearing before Magistrate Judge Morgan, in which the court ruled: "You [Braintech/Weidinger] can have the source code in an appropriate forensic environment, subject to a protocol to be agreed upon by counsel." Tr., p. 24. The Court thus rejected your proposal (Tr., p. 20) that the source code would be made available on a computer in your office.

The court raised a concern, not raised by you, as to whether the expert might have a conflict. Tr., p. 22. In response, Mr. Greeves offered to identify the expert retained for the comparison of the source codes. We have done that, and we have provided you with Dr. Martens *curriculum vitae*. We are aware of no conflict, and you have not raised any.

We understood the Court's determination that the parties proceed under an agreed upon "protocol" to encompass a set of guidelines as to what the expert would do in analyzing the source codes. We provided that to you on Thursday. To the extent you would like the entry of a protective order to enforce the confidentiality of what is provided, we have attached our proposal in that regard.

During the December 17 hearing, you agreed that Mr. Dechow would provide his copy of the Reliabot source code and the Advenovation source code. Tr., pp. 18, 20. As to the Advenovation source code, we required the source code as sold and deployed. In his deposition, Mr. Shafi testified that Advenovation sold its vision software to Hutchinson. Per the draft protective order, we will require a representation that what is provided by Mr. Dechow/Mr. Shafi to Dr. Martens is precisely what was sold to Hutchinson. In addition, we require the Advenovation source code as compiled and uncompiled. Please check with Messrs. Dechow and Shafi – they will know what that means.

Please respond today with any comments that you may have concerning the protective order.

Please note that in the August, 2008 transaction, Braintech acquired all right, title and interest in and to the Reliabot product and its source code. Braintech and Weidinger deem that intellectual property to be trade secret, proprietary and confidential. Mr. Dechow, Aptura, Mr. Shafi and Advenovation have no right to the possession of any copy of Reliabot or its source code. We will address that issue in short order.

Best regards,

Tom McNeill

p 313.223.3632
c 313.516.2436
h 313.884.9522

**From:** J.P. Murphy [mailto:JMurphy@berrymoorman.com]
**Sent:** Sunday, March 06, 2011 4:15 PM
**To:** Thomas G. McNeill
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** RE: Shafi v Braintech and Weidinger

1

Tom,

I stand corrected on the description of the differences in the software. You are correct, I only noted the difference in programming language in my reply brief. Nevertheless, I have too many concerns about your proposed "protocol" which are not suitable to working out via a phone conference.

Advenovation is under no obligation to provide a list of buyers of its software. That part of the subpoena was quashed. To the extent your proposed "protocol" is a demand for same, it is rejected.

Advenovation will not be turning over originals or copies of its source code to Dr. Martens. As I explained at the hearing, the source code is proprietary and will be produced in my office. A number of safeguards will also have to be employed so that access, copying, note taking and observation is controlled.

The "preamble" of your "protocol" states that my client and I "have not provided Examiners with further information concerning the source code structure, whether and to what extent there exist different versions of the Software and whether there may exist auxiliary files..." While this may be technically true, the fact is, (and you are aware that) we have not been asked to provide *anything*, let alone source code structure, whether different versions of the Software exist and whether there may be auxiliary files. We are not going to agree to any writing that gives the implication that we had any obligation to deliver such information in the absence of a request. I would add that on Dec 30, 2010, I wrote to Ms. Widlak and reminded her that we had yet to hear anything from Braintech regarding any details of the inspection of the software. No response was given and absolutely nothing was done about this on your end for well over 2 months. If such a preamble is necessary, I would expect that it would provide that Braintech and Weidinger have failed to request any "information concerning the source code structure, whether and to what extent there exist different versions of the Software and whether there may exist auxiliary files..."

I am not sure how Robotic Vision Technologies fits into this or why you have this company turning over anything to Mr. Martens. Please provide me with a copy of a bill of sale or other evidence of title or transfer of title of anything related to Reliabot to Robotic Vision Technologies at your earliest convenience. This will help me understand what role if any Robotic Vision Technologies should or should not have in this matter.

In any event, with all due respect, the proposed "protocol" needs to be scratched. I suggest you start over and draft something in the nature of a protective order which has ample safeguards in place. Since this production was sought by Braintech, it is Braintech's obligation to propose an appropriate first draft. The "protocol" does not even come close and I will not waste my client's resources doing Braintech's work by drafting something from scratch. We stand by our commitment that the software will be produced, but only in a controlled environment with limited access and only pursuant to an agreed protective order which limits access and provides for the custody and disposition of any notes or other derivative material, either after the review is complete or at the end of this case.

We will also need for you to commit to have the expert make a report by a date certain and in the absence of a report, the expert will not testify and will have no further involvement in this case.

Thank you.


*JP Murphy*
BERRY MOORMAN
*Detroit Office*
*313/496-1200*
*313/223-1605 (direct)*
*313/496-1300 (fax)*
*313/303-6296 (cell)*
www.berrymoorman.com

2

**From:** Thomas G. McNeill [mailto:TMcNeill@dickinson-wright.com]
**Sent:** Thursday, March 03, 2011 6:10 PM
**To:** J.P. Murphy
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** Shafi v Braintech and Weidinger

JP,

We have appended Braintech/Weidinger's proposed protocol for Dr. Martens comparison of the source codes.

In response to your email on this topic, we went back and re-reviewed your papers leading up to the December 17 hearing before Magistrate Judge Morgan. The only additional information disclosed therein concerning Advenovation's source code is that it is written in Microsoft VB.net. We did not see any "description of the differences in the software" or any further description of Advenovation's source code, its structure, modules, any necessary auxiliary files, different functionality, or other information required by Dr. Martens to develop a detailed review protocol. Given the paucity of background information as we proceed with the evaluation, it is necessary to include in the protocol certain caveats about additional information and work that may be required based upon Dr. Martens preliminary review.

At your earliest convenience, please let us know if the protocol is acceptable so that we may adhere to the proposed deadlines for next week and the completion of the preliminary review by March 22. If there are areas of disagreement, please call rather than email so that we may communicate effectively to resolve those.

Thanks very much.

Thomas G. McNeill

DICKINSON WRIGHT PLLC
Detroit | Nashville | Washington D.C. | Toronto | Phoenix | Las Vegas
Bloomfield Hills | Ann Arbor | Lansing | Grand Rapids

500 Woodward Avenue
Suite 4000
Detroit, MI 48226

tmcneill@dickinsonwright.com
office: 313.223.3632
cell:     313.516.2436

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Thank you.

In accordance with U.S. Treasury regulations, if this message contains advice concerning one or more Federal tax issues, it is not a formal legal opinion and may not be used by any person for the avoidance of Federal tax penalties.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,

    Plaintiff/Counter-Defendant,

vs.                                                             Hon. Victoria A. Roberts

ADIL SHAFI,
                                                               Case No. 09-10454
    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

vs.

FREDERICK WEIDINGER
And BRAINTECH, INC.,

    Third-Party Defendant/
    Counter-Defendant.

---

## STIPULATED PROTECTIVE ORDER

The parties to this litigation have determined that certain Software and related materials, documents and information developed by Advenovation and/or Aptura (referred to herein as the "Software" or "Protected Information") produced or to be produced in the above-titled litigation pursuant to the Court's ORDER GRANTING IN PART and DENYING IN PART NON-PARTY ADVENOVATION, INC.'S AMENDED MOTION TO QUASH SUBPOENAS (D/E #61) and ADIL SHAFI'S AMENDED MOTION FOR PROTECTIVE ORDER (D/E #62), Docket No. 72, should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other non-parties to this action and hereby have stipulated and agreed by and through their respective undersigned counsel to the request for, and entry of, the following Protective Order pursuant to Federal Rule of Civil Procedure

26(c); provided, however, Protected Information shall not include documents, information or tangible items secured, obtained or reviewed by any party or counsel during previous discovery or investigation or hereafter secured, obtained or reviewed outside the procedures provided herein. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the parties state that:

1. Counter-Defendant Braintech, Inc., and Third-Party Defendant Rick Weidinger (collectively, the "Examiners") have retained David Martens, Ph.D., to evaluate the Software in comparison to Reliabot. Examiners have provided a copy of Dr. Martens' curriculum vitae to Adil Shafi and his counsel ("Shafi"), who have not lodged an objection to Dr. Martens.

2. The Software and related Protected Information to be produced pursuant to the Court's Order contain confidential, proprietary information and trade secrets.

3. Dissemination and disclosure of the Software and related Protected Information could injure or damage the party disclosing or producing the Software and related Protected Information and could place that party at a competitive disadvantage.

4. To protect the respective interests of the parties, the following Order should issue.

IT IS THEREFORE ORDERED THAT:

1. By March 11, 2011, Shafi or his attorney hall deliver directly to Dr. Martens a copy of: (i) the Software presently in the possession of his counsel, James P. Murphy; and (ii) the Software, in both compiled and uncompiled form, as sold and deployed by Advenovation to Hutchinson.

2. Shafi shall cause David Dechow to deliver directly to Dr. Martens the Reliabot software and source code in Mr. Dechow's possession;

3. By March 22, 2011, Dr. Martens shall complete his preliminary comparison and identify such additional measures and further information if any, as may be necessary to complete his evaluation together with a proposed deadline for the conclusion of his work, but in no event later than April 13, 2011.

4. All Software produced by any party shall be maintained by Dr. Martens in strict confidence and shall not be further copied, distributed, disclosed, or in any way communicated to anyone for any purpose whatsoever without the written consent of Examiners or Shafi.

5. Any Protected Information related to the Software shall be deemed "Attorneys' Eyes Only" material and shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except to:

   a. Outside counsel of record for the parties, provided that before access is given, the outside counsel have completed the Undertaking attached as Exhibit A on behalf and the same is served upon the parties;

   b. Employees of such outside counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

   c. One party representative who either have responsibility for making decisions dealing directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action, provided that before access is given, the representative has completed the Undertaking attached as Exhibit A and the same is served upon the parties more than five business days before access to the Protected Information is to be given to that representative, and the identified representative shall not receive access to or

      disclosure of Protected Information of another party, absent the written consent of the producing party;

  d. Dr. Martens and his staff provided that: (1) before access is given, Dr. Martens and any staff to be provided access to the Protected Information complete the Undertaking attached as Exhibit A;

  e. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database services retained by outside counsel necessary to assist outside counsel with preparation of presentation at trial or other court proceedings in this action.;

  f. Any person being examined as a witness during a deposition or at trial concerning any Protected Information authored by that person or to which that person otherwise had lawful access prior to his or her examination; and

  g. The Court.

6. The term "copy" as used herein means any mechanical or computerized copy, duplicate or reproduction of any document or thing, of any verbatim transcript, in whole or in part, of such document or thing. A "copy" from a computer shall include a hard drive from computer or standalone hard drive or disk form but all in "executable" and operating format.

7. To the extent that Protected Information is used in depositions, at hearings closed to the general public, or at trial closed to the general public, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Information contained therein.

8. At any deposition session, counsel may on the record designate a deposition transcript that includes Protected Information as "Attorneys' Eyes Only" Subject to Judicial Protective Order." Regardless of whether any such designation was made at the deposition, however, all deposition testimony and any transcript or notes thereof shall be treated as Protected Information for a period of thirty (30) days following the taking of the deposition testimony to enable counsel to ensure that proper designation of confidential material has been made. Within thirty days after the taking of the deposition testimony, a party must specifically identify the portions of the transcript that contain Protected Information and designate those portions accordingly. The designation shall be made in writing and served upon all counsel. Any portions of a transcript designated "Attorneys' Eyes Only" or "Confidential -- Subject to Judicial Protective Order," as containing Protected Information, shall thereafter be treated as such in accordance with this Order.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as "Attorneys' Eyes Only" or "Confidential -- Subject to Judicial Protective Order" under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record. Inadvertent or unintentional production of documents or information containing Protected Information that are not designated as such in accordance with this Order shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any materials disclosed inadvertently or by mistake may later be given an appropriate designation by the producing party. Upon receipt of properly redesignated documents, the receiving party shall, within ten (10) business days, either destroy or return all unmarked or

5

incorrectly designated documents and other materials to the producing party. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's redesignation.

10. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right or immunity. If information subject to a claim of attorney-client privilege, work product privilege, or other privilege, doctrine, right or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity. Any party that inadvertently produces material protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right or immunity may obtain the return of those material by promptly notifying the recipient(s). The recipient(s) shall gather and return all of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.

11. Draft reports, notes, declarations and communications generated by Dr. Martens and/or between Dr. Martens and Examiners' counsel and their employees are protected as set forth in Rule 26(b)(4)(A) & (B) of the Federal Rules of Civil Procedure.

12. Notwithstanding the above, "Protected Information" shall not include information that (a) has been publicly disclosed, (b) becomes available to the general public through no act of a receiving part (including disclosures in open court), (c) documents that have been submitted to

any governmental entity without request for confidential treatment, (d) was already known to the receiving party from legitimate sources (i.e., not obtained by fraud, misappropriation, or in violation of the law), (e) was independently developed by the receiving party, or (f) was received from a third party having the right to make such disclosure and was not required to be held in confidence.

13. At any time after the delivery of Protected Information, counsel for the party or parties receiving the Protected Information may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Information. Upon receipt of such notice, the producing party has ten (10) business days to either re-designate or reach an agreement with the receiving party regarding the challenged designation. If the parties are unable to resolve any challenge to the designation by agreement within ten (10) business days after receipt of the challenge notice by the receiving party, the receiving party may thereafter seek relief from the court to alter the designation of the materials or information.

14. The party or parties producing the Protected Information shall have the burden of establishing that the disputed Protected Information is entitled to confidential treatment. All Protected Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of a Protected Information is entitled to confidential treatment.

15. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and

recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

16. Upon termination of this action by dismissal, judgment, or settlement, Dr. Martens and counsel for the party or parties receiving Software and/or Protected Information shall either destroy or return the Software and Protected Information to the counsel of the party or parties disclosing or producing the Software or Protected Information. The party or parties receiving the Protected Information may keep their attorney work product that refers or relates to any Protected Information, as well as any deposition transcripts. Outside counsel of record for the parties may each retain in their files one copy of each and every document filed with or submitted to the Court.

17. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns subsidiaries, divisions, employees, agents, independent contractors, or other persons or organization over which they have control.

18. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's Software or Protected Information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions, or restrictions provided herein.

So ORDERED AND SIGNED this _____ day of _____, 2011.

_____
The Honorable Victoria A. Roberts

APPROVED AS TO CONTENT AND FORM:

By: _____
James P. Murphy (P36728)
BERRY MOORMAN
Attorneys for Defendant Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200
murph@berrymoorman.com

By: _____
Anne Widlak (P35763)
Susan D. Koval (P59297)
NEMETH BURWELL, P.C.
Attorneys for Braintech, Inc.
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921
awidlak@nemethburwell.com
skoval@nemethburwell.com

By: _____
Geoffrey J. Greeves
PILLSBURY WINTHROP SHAW PITTMAN LLP
Co-Counsel for Frederick Weidinger, Only
2300 N Street, N.W.
Washington, DC 20037-1122
(202) 663-9228
geoffrey.greeves@pillsburylaw.com

By:_____
DICKINSON WRIGHT, PLLC
Thomas G. McNeill (P36895)
Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
Co-Counsel for Frederick Weidinger, Only
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500

Fax: 313.223.3598  
tmcneill@dickinsonwright.com  
malamo@dickinsonwright.com

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,

    Plaintiff/Counter-Defendant,

vs                                          Hon. Victoria A. Roberts

ADIL SHAFI,

                                                     Case No. 09-10454

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

vs                                          **Exhibit A to Protective Order**

FREDERICK WEIDINGER
And BRAINTECH, INC.,

    Third-Party Defendant/
    Counter-Defendant.

---

## Agreement to Comply With Protective Order

I, _____, under penalty of perjury, state that:

    My address is: _____

    My telephone is: _____

    My current occupation is: _____

    I have received a copy of the Protective Order in this action, a copy of which is attached hereto. I carefully have read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any Software and/or Protected Information that is disclosed to me.

    Promptly upon termination of this action, I will return all Software and/or Protected Information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the producing party.

_____
Signature