EXHIBIT 10

March 14, 2011 Email from McNeill to Murphy et al.
Re: Shafi v. Braintech and Weidinger

# Sandra R. Blackmer

| | |
|---|---|
| From: | Thomas G. McNeill |
| Sent: | Monday, March 14, 2011 2:38 PM |
| To: | J.P. Murphy |
| Cc: | geoffrey.greeves@pillsburylaw.com; Michelle L. Alamo; Widlak, Anne; Koval, Susan |
| Subject: | FW: Shafi v Braintech and Weidinger |

JP,

It serves no constructive purpose to respond to each and every aspect of your email.

To effectuate the court's ruling on December 17, 2010, we seek the following:

1. Mr. Shafi's production of the Advenovation source code, as sold to and deployed by a customer, in compiled and uncompiled form;
2. Mr. Shafi causing Mr. Dechow's production of the Reliabot source code in his possession; and
3. Evaluation/comparison of the Advenovation and Reliabot source codes by Dr. Martens at his place of business.

We have provided you with Dr. Martens' proposed protocol for the comparison of the source codes (in which you have stated that you have no interest) and, at your request, a protective order that requires Dr. Martens to handle the Advenovation source code in strict confidence.

In compliance with Local Rule 7.1(a), please accept this as our request for concurrence in the relief that we would seek in our motion to compel. Please let me know by 5 pm if you will concur. If you wish, I am available to discuss with you by telephone this afternoon the relief we will seek and to try to resolve your apparent objection to each of the three elements and/or any comments you may have concerning the proposed protective order. In the absence of concurrence, we will proceed to file today our motion to compel.

Although not germane to the present issues, in response to your inquiry on May 24, 2010 Robotic VISION Technologies, LLC purchased the assets of Braintech, Inc., including all right, title and interest to Reliabot.

We look forward to receiving a response to our request for concurrence in the relief we will seek by motion.

Best regards,

Thomas G. McNeill

# DICKINSON WRIGHT PLLC

Detroit | Nashville | Washington D.C. | Toronto | Phoenix | Las Vegas
Bloomfield Hills | Ann Arbor | Lansing | Grand Rapids

500 Woodward Avenue
Suite 4000
Detroit, MI 48226

tmcneill@dickinsonwright.com
office: 313.223.3632
cell:     313.516.2436

1

**From:** J.P. Murphy [mailto:JMurphy@berrymoorman.com]
**Sent:** Tuesday, March 08, 2011 7:43 AM
**To:** Thomas G. McNeill
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** RE: Shafi v Braintech and Weidinger

I am a little lost here. Shafi and Advenovation do not have possession of Reliabot source code. The claim that Shafi and Advenovation are "trading" in Shafi software was purely speculative and it came on the last day of discovery. But despite this, we have agreed to produce software for review and inspection.

Braintech has no offensive claim here. Its complaint for rescission was dismissed. So please set aside the issue of who is entitled to have a copy of the code. Its no longer an issue in this case and to the extent you are making use of the software issue to litigate offensively for Braintech, its not going to happen.

The only issue is whether Mr. Shafi has copied or made use of Reliabot code and this claim is unrelated to ownership. We are satisfied that at the end of the day, comparison of the codes will dispel any notion that Mr. Shafi has made any use of Reliabot.

You have the benefit of the transcript and you quoted the phrase "appropriate forensic environment." I believe Judge Morgan will agree that this means the software will be loaded onto a laptop, the laptop will be in a room, the laptop will have no internet access and there will be no copying of any code by disk or thumb drive. Your expert can come to the room and examine and interact with the software during business hours for as long as it takes to conduct his testing. This is what is meant by protocol. The document you circulated last week does not address protocol.

I have no interest in a description of how your expert will engage in his review. How he proceeds is entirely up to him. You and he can develop any procedure you deem appropriate for his work. However, you did not respond to my request that an outside deadline be established for a report, if any. I assume if the expert finds no similarity and no copying this will become a dead issue. On the other hand, if your expert finds similarity or copying, then we expect a Rule 26 report will be provided and his deposition scheduled prior to trial. We want an outside deadline for the creation of a report and if no report, then there will be no testimony on this issue at trial.

Whether the laptop is in my office or in some "neutral" offsite location is irrelevant. When Judge Morgan "rejected" my offer to produce the software in my office she precisely understood that producing it on a computer for the benefit of Ms. Widlak and Mr. Greeves would be meaningless. If you want to choose a location – such as a local hotel for the place of production, I have no objection. In fact the whole idea of engaging an expert to review the software appears to have been an after thought developed at the hearing with Judge Morgan's input. You will also note that the subpoenas sought production of the code at Ms. Widlak's office, not for review by an expert, but rather for a mere inspection which itself would have been a meaningless exercise.

Your email seems to indicate you have some knowledge of the prior contractual relationship between Shafi Inc and Mr. Dechow as to whether Mr. Dechow retained the right to maintain a copy of Reliabot code. If you believe Mr. Dechow is in breach of any such contract, please specify your concerns. You seem to be implying that no one but Braintech or your client is entitled to possess the code. So instead of veiled threats and beating around the bush, lets get this issue out in the open. What claim, if any, does Mr. Weidinger have in the Shafi Inc source code? I would also like to hear from Ms. Widlak on what claim if any Braintech asserts in the Shafi Inc. source code?(Or, are you authorized to speak for Braintech on these issues?). I need clarification. Please advise.

You appear to be asserting that Robotic Vision Tech acquired the Shafi Inc assets along with the Braintech assets. As I said in my response, I need to understand the role of Robotic Vision Tech and you have not addressed this issue either.

2

At risk of repeating myself, we have no qualms about getting your expert access to the software and will do so when we are provided with an appropriate first draft which creates the proper forensic environment for said review. We are not looking for a fight on this, but we are not just going to turn over copies of source code to your expert.

Lastly, I don't think that we are going to make progress when you establish arbitrary deadlines for me to respond to the proposed protective order. Braintech and your new client did nothing about this for 2 and 1/2 months. Your demand that I respond in less than 12 hours is ridiculous, especially when all you have provided is a pdf version of a protective order and something you call a protocol which is hardly that. As I explained in my last email, to the extent the document you sent over last week is supposed to represent a "protocol" for inspection of the software, it is not and it is rejected.

Thank you,


*JP Murphy*
**BERRY MOORMAN**
*Detroit Office*
*313/496-1200*
*313/223-1605 (direct)*
*313/496-1300 (fax)*
*313/303-6296 (cell)*
www.berrymoorman.com


**From:** Thomas G. McNeill [mailto:TMcNeill@dickinson-wright.com]
**Sent:** Monday, March 07, 2011 10:20 AM
**To:** J.P. Murphy
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** RE: Shafi v Braintech and Weidinger

JP,

We direct you to the transcript of the December 17 hearing before Magistrate Judge Morgan, in which the court ruled: "You [Braintech/Weidinger] can have the source code in an appropriate forensic environment, subject to a protocol to be agreed upon by counsel." Tr., p. 24. The Court thus rejected your proposal (Tr., p. 20) that the source code would be made available on a computer in your office.

The court raised a concern, not raised by you, as to whether the expert might have a conflict. Tr., p. 22. In response, Mr. Greeves offered to identify the expert retained for the comparison of the source codes. We have done that, and we have provided you with Dr. Martens *curriculum vitae*. We are aware of no conflict, and you have not raised any.

We understood the Court's determination that the parties proceed under an agreed upon "protocol" to encompass a set of guidelines as to what the expert would do in analyzing the source codes. We provided that to you on Thursday. To the extent you would like the entry of a protective order to enforce the confidentiality of what is provided, we have attached our proposal in that regard.

During the December 17 hearing, you agreed that Mr. Dechow would provide his copy of the Reliabot source code and the Advenovation source code. Tr., pp. 18, 20. As to the Advenovation source code, we required the source code as sold and deployed. In his deposition, Mr. Shafi testified that Advenovation sold its vision software to Hutchinson. Per the draft protective order, we will require a representation that what is provided by Mr. Dechow/Mr. Shafi to Dr. Martens is precisely what was sold to Hutchinson. In addition, we require the Advenovation source code as compiled and uncompiled. Please check with Messrs. Dechow and Shafi – they will know what that means.

3

Please respond today with any comments that you may have concerning the protective order.

Please note that in the August, 2008 transaction, Braintech acquired all right, title and interest in and to the Reliabot product and its source code. Braintech and Weidinger deem that intellectual property to be trade secret, proprietary and confidential. Mr. Dechow, Aptura, Mr. Shafi and Advenovation have no right to the possession of any copy of Reliabot or its source code. We will address that issue in short order.

Best regards,

Tom McNeill

p  313.223.3632
c  313.516.2436
h  313.884.9522

**From:** J.P. Murphy [mailto:JMurphy@berrymoorman.com]
**Sent:** Sunday, March 06, 2011 4:15 PM
**To:** Thomas G. McNeill
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** RE: Shafi v Braintech and Weidinger

Tom,

I stand corrected on the description of the differences in the software. You are correct, I only noted the difference in programming language in my reply brief. Nevertheless, I have too many concerns about your proposed "protocol" which are not suitable to working out via a phone conference.

Advenovation is under no obligation to provide a list of buyers of its software. That part of the subpoena was quashed. To the extent your proposed "protocol" is a demand for same, it is rejected.

Advenovation will not be turning over originals or copies of its source code to Dr. Martens. As I explained at the hearing, the source code is proprietary and will be produced in my office. A number of safeguards will also have to be employed so that access, copying, note taking and observation is controlled.

The "preamble" of your "protocol" states that my client and I "have not provided Examiners with further information concerning the source code structure, whether and to what extent there exist different versions of the Software and whether there may exist auxiliary files..." While this may be technically true, the fact is, (and you are aware that) we have not been asked to provide *anything*, let alone source code structure, whether different versions of the Software exist and whether there may be auxiliary files. We are not going to agree to any writing that gives the implication that we had any obligation to deliver such information in the absence of a request. I would add that on Dec 30, 2010, I wrote to Ms. Widlak and reminded her that we had yet to hear anything from Braintech regarding any details of the inspection of the software. No response was given and absolutely nothing was done about this on your end for well over 2 months. If such a preamble is necessary, I would expect that it would provide that Braintech and Weidinger have failed to request any "information concerning the source code structure, whether and to what extent there exist different versions of the Software and whether there may exist auxiliary files..."

I am not sure how Robotic Vision Technologies fits into this or why you have this company turning over anything to Mr. Martens. Please provide me with a copy of a bill of sale or other evidence of title or transfer of title of anything related to Reliabot to Robotic Vision Technologies at your earliest convenience. This will help me understand what role if any Robotic Vision Technologies should or should not have in this matter.

4

In any event, with all due respect, the proposed "protocol" needs to be scratched. I suggest you start over and draft something in the nature of a protective order which has ample safeguards in place. Since this production was sought by Braintech, it is Braintech's obligation to propose an appropriate first draft. The "protocol" does not even come close and I will not waste my client's resources doing Braintech's work by drafting something from scratch. We stand by our commitment that the software will be produced, but only in a controlled environment with limited access and only pursuant to an agreed protective order which limits access and provides for the custody and disposition of any notes or other derivative material, either after the review is complete or at the end of this case.

We will also need for you to commit to have the expert make a report by a date certain and in the absence of a report, the expert will not testify and will have no further involvement in this case.

Thank you.


*JP Murphy*
**BERRY MOORMAN**
*Detroit Office*
*313/496-1200*
*313/223-1605 (direct)*
*313/496-1300 (fax)*
*313/303-6296 (cell)*
www.berrymoorman.com


**From:** Thomas G. McNeill [mailto:TMcNeill@dickinson-wright.com]
**Sent:** Thursday, March 03, 2011 6:10 PM
**To:** J.P. Murphy
**Cc:** geoffrey.greeves@pillsburylaw.com; Widlak, Anne; Koval, Susan; Michelle L. Alamo
**Subject:** Shafi v Braintech and Weidinger

JP,

We have appended Braintech/Weidinger's proposed protocol for Dr. Martens comparison of the source codes.

In response to your email on this topic, we went back and re-reviewed your papers leading up to the December 17 hearing before Magistrate Judge Morgan. The only additional information disclosed therein concerning Advenovation's source code is that it is written in Microsoft VB.net. We did not see any "description of the differences in the software" or any further description of Advenovation's source code, its structure, modules, any necessary auxiliary files, different functionality, or other information required by Dr. Martens to develop a detailed review protocol. Given the paucity of background information as we proceed with the evaluation, it is necessary to include in the protocol certain caveats about additional information and work that may be required based upon Dr. Martens preliminary review.

At your earliest convenience, please let us know if the protocol is acceptable so that we may adhere to the proposed deadlines for next week and the completion of the preliminary review by March 22. If there are areas of disagreement, please call rather than email so that we may communicate effectively to resolve those.

Thanks very much.

Thomas G. McNeill

DICKINSON WRIGHT PLLC
Detroit | Nashville | Washington D.C. | Toronto | Phoenix | Las Vegas
Bloomfield Hills | Ann Arbor | Lansing | Grand Rapids

500 Woodward Avenue
Suite 4000
Detroit, MI  48226

tmcneill@dickinsonwright.com
office:  313.223.3632
cell:     313.516.2436

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Thank you.

In accordance with U.S. Treasury regulations, if this message contains advice concerning one or more Federal tax issues, it is not a formal legal opinion and may not be used by any person for the avoidance of Federal tax penalties.

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail. Thank you.

In accordance with U.S. Treasury regulations, if this message contains advice concerning one or more Federal tax issues, it is not a formal legal opinion and may not be used by any person for the avoidance of Federal tax penalties.