UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI, an individual,

    Defendant/Counterclaim Plaintiff

v.

BRAINTECH, INC, a Nevada corporation,

    Counterclaim Defendant,

and

FREDERICK WEIDINGER, an individual,

    Additional Counterclaim Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

## MOTION OF ADIL SHAFI FOR TEMPORARY STAY OF PROCEEDINGS

Defendant, Adil Shafi, through his attorneys, Berry Moorman P.C., hereby moves this Court for a temporary stay of proceedings to enable Shafi to devote his resources to seeking dismissal and/or change of venue in a case filed by additional defendant Weidinger, and Braintech's successor, Robotic Vision Tech, against Shafi in the Eastern District of Virginia. The case filed by Weidinger in Virginia asserts claims based upon the same transaction and occurrence as Braintech's now dismissed Complaint in this proceeding. In support of this motion, Shafi submits a memorandum of law in support.

Pursuant to Local Rule 7.1(a) Shafi's attorneys requested concurrence in the relief requested but no concurrence was given.

{00014611;v1 }

Respectfully submitted,

BERRY MOORMAN P.C.

By:   s/James P. Murphy
      James P. Murphy (P36728)
      Attorneys for Defendant/Counterclaim Plaintiff
      535 Griswold, Suite 1900
      Detroit, Michigan 48226
      (313) 496-1200
      murph@berrymoorman.com

Dated:   March 16, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC., a Nevada corporation,

    Plaintiff,

v.

ADIL SHAFI, an individual,

    Defendant/Counter-Plaintiff,

v.

FREDERICK WEIDINGER, an individual,

    Additional Counter Defendant.

Case No. 2:09-cv-10454-VAR-VMM

Hon.  Victoria A. Roberts

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ADIL SHAFI FOR TEMPORARY STAY OF PROCEEDINGS**

{00014611;v1 }

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...………………………………………………………………..iii

    I.   ISSUE PRESENTED FOR DECISION.……………………………………...……1

    II.  MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED...............2

    III. INTRODUCTION.……………………………………………………………………3

        A.  This Case.………………………………………………………………………3

        B.  The Case Filed on March 14, 2011……………………………...……………4

    IV. ARGUMENT………………………………………………………...……………………6

    V.  CONCLUSION..........……………………………………………...………………8

## INDEX OF AUTHORITIES

<u>Cases</u>                                                                                                                    <u>Page(s)</u>

*Dart v. Dart*, 460 Mich. 573, 586 (Mich. 1999)..................................................................2, 6

*Adair v. State of Michigan*, 470 Mich. 105, 124 (Mich. 2004)…………...…………... 2, 7

*River Park Inc. v. Highland Park*, 184 Ill. 2d 290, 307-09, 703 N.E.2d 883 (1998)...............7


<u>Statute</u>

Fed R. Civ. Pro. 13..........................................................................................................8

## I.   ISSUE PRESENTED FOR DECISION

1.      Whether continued proceedings in this case should be temporarily stayed pending dismissal or change of venue in the case of Robotic Vision Technologies LLC and Frederick Weidinger v. Adil Shafi, Civil Action No. 1:11 cv 250 (E.D. Virginia).

## II. MOST APPROPRIATE AUTHORITY FOR THE RELIEF REQUESTED

*Dart v. Dart*, 460 Mich. 573 (Mich. 1999); *Adair v. State of Michigan,* 470 Mich. 105 (Mich. 2004).

## III. INTRODUCTION

### A. This Case

This case was initiated by Braintech Inc. on February 6, 2009. In its original Complaint, Braintech alleged that Shafi owned two Michigan corporations, (Shafi Inc. and Shafi Innovations, Inc.) which Adil Shafi sold to Braintech. The transaction, which occurred on August 12, 2008, was documented by a lengthy and complicated Share Purchase Agreement and a series of voluminous exhibits and schedules. Included in the schedules of the Share Purchase Agreement were an Employment Agreement, a Non-Competition Agreement, and various other schedules. See Braintech Complaint, Paragraph 19, Docket No. 1.

Braintech essentially alleged that Shafi made certain material misrepresentations in connection with the sale of his companies to Braintech, and fraudulently induced Braintech to enter into the agreements. See Braintech Complaint, Paragraphs 58 through 73, Docket No. 1. As a result of such alleged misrepresentations, Braintech sought rescission of the Share Purchase Agreement and the related contracts, as well as declaratory relief.

On March 8, 2010, Braintech's original attorneys sought to withdraw from continued representation. By Order dated April 7, 2010, this Court allowed Braintech's former attorneys, Pepper Hamilton, to withdraw. The same Order and a subsequent Order provided that Braintech was required to retain new counsel by May 21, 2011 or suffer the dismissal of its Complaint. On June 3, 2010, as a result of no Appearance being filed on behalf of Braintech, this Court dismissed Braintech's Complaint.

### B.  The Case Filed on March 14, 2011

The new Complaint, filed in the Eastern District of Virginia, tracks the exact same factual allegations of the dismissed Complaint as the basis for the claims asserted. Although the specific counts of the new Complaint may be different, the transaction or occurrence as described in the factual allegations are identical to those found in the now dismissed Complaint in this case.  See Robotic Vision Technologies LLC Complaint filed in the Eastern District of Virginia at Exhibit 1.   Not only are the facts and circumstances identical, but Weidinger and his new company, Robotic Vision Technologies, hardly even disguised the fact that the Complaint this Court dismissed served as the basis for the Complaint filed in Virginia.[1]  Many factual allegations in the new Complaint are identical to the Complaint this Court dismissed.  For example, in Paragraph 9 of the dismissed Complaint in this case, Braintech alleged:

> On or about June 19, 2008, Braintech and Shafi entered into a non-binding confidential Letter of Intent ("LOI") setting forth Braintech's proposal to purchase all of the outstanding capital stock of SI and 80% of the outstanding capital stock of SII, which would result in each company becoming operating subsidiaries of Braintech.

Paragraph 18 of the Virginia Complaint is identical.  See Exhibit 1, p. 4, Paragraph 18.  There are plenty of other examples of allegations between the two Complaints which are virtually identical.

The new Complaint filed in the Eastern District of Virginia seeks damages on behalf of Braintech.  In Paragraph 49, Weidinger and his new company allege "Braintech suffered

---

[1] Paragraph 15 of the Complaint admits that Robotic Vision Technologies is the successor in interest to Braintech ("prior to its sale to RVT in 2010, Braintech was a publicly traded…company….").

damages."[2]  Weidinger and his new company allege that Shafi has "competed directly with Braintech."  See Exhibit 1, p. 13, Paragraph 57.  Weidinger and his new company seek to recover damages for such competition against Braintech and claim that such competition violated a non-competition agreement which was the subject matter of the Complaint that this Court dismissed.

In Count I, for breach of the Share Purchase Agreement, Weidinger and his new company allege that "Braintech suffered damages as a result of Shafi's breach of warranties."  See Exhibit 1, p. 18, Paragraph 84.  In Count II, breach of fiduciary duty, Weidinger and his new company allege "Braintech suffered damages of approximately $1,990,000 related to the lost benefit of its bargain related to the Share Purchase Agreement between Shafi and Braintech."  See Exhibit 1, p. 20, Paragraph 91.  In Count III of their new Complaint, Weidinger and his new company seek damages for breach of a non-competition agreement.  Weidinger and his new company allege that "Shafi's breaches have also caused Braintech, and now RVT, damages in the form of lost sales."  See Exhibit 1, p. 21, Paragraph 100.  In Count IV, which seeks recovery for defamation, Weidinger and his new company allege "Shafi's breaches have caused Braintech, and now RVT, damages in excess of $75,000 in the form of lost sales and the lost benefit of the bargain related to the Share Purchase Agreement.  See Exhibit 1, p. 23, paragraph 114.

The filing of a new case in the Eastern District of Virginia based upon the same transaction or occurrence as the Complaint dismissed by this Court is vexatious.  Since

---

[2] Here, Weidinger seeks to recover Braintech's damages in excess of $2,000,300.

{00014611;v1 }                                                    5

they have filed an appearance, Weidinger's fourth set of lawyers, Mr. McNeill and the firm of Dickinson Wright clearly are aware that this Court has already dismissed a Complaint filed by Braintech arising from the same transaction or occurrence.  The filing of the new case by the same attorneys has the effect of forcing Shafi to defend the same Complaint which this Court already dismissed in a forum over 500 miles from Shafi's home state. Shafi intends to seek dismissal and/or a change of venue in the new matter filed in the Eastern District of Virginia.  It would be unfair and wasteful of Shafi's resources to force him to litigate a frivolously filed case in the Eastern District of Virginia as this case nears its final pretrial conference and expected trial on May 10, 2011.  The timing of the filing of the new case in Virginia clearly telegraphs the abusive intent of Weidinger, and is more than likely sanctionable.  The only purpose is to whipsaw Shafi.  The fact that it was filed by the same lawyers representing Weidinger in this matter, in this Court, makes it obvious the intended goal is to inflict as much financial pain on Shafi as can possibly be imposed. Shafi should not be forced to proceed to trial and simultaneously litigate the same case this Court has already dismissed, in a place 500 miles from this Courthouse.

## IV.    ARGUMENT

The new claims asserted in the Eastern District of Virginia are clearly subject to the doctrine of res judicata.  In Michigan,[3] res judicata applies when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Dart v. Dart*, 460 Mich. 573, 586 (Mich. 1999).  For the purpose of determining whether

---

[3] The Share Purchase Agreement provides that Michigan law applies.

parties are in privity, if "the first litigant represents the same legal right that the latter litigant is trying to assert…" the parties are deemed to be in privity.  See *Adair v. State of Michigan*, 470 Mich. 105, 124 (Mich. 2004).  All three prongs are present in the newly filed Complaint and Weidinger and his new company are clearly in privity with Braintech.

It is abundantly clear from comparison of the new Complaint filed in the Eastern District of Virginia to the Complaint this Court dismissed that a "single group of operative facts give rise to the assertion of relief" in both cases.  See *Adair,* 470 Mich. at 124 (quoting *River Park Inc. v. Highland Park*, 184 Ill. 2d 290, 307-09, 703 N.E.2d 883 (1998)). The same evidence in this case will be the subject of the case in Eastern District of Virginia.  The basic allegation that Shafi defrauded Braintech and Weidinger into the transaction involving the sale of Shafi's companies was the center of the Complaint this Court dismissed.  The same transaction gives rise to the claims for relief in the new Complaint.  *See Adair* at 124.  In Michigan, courts apply the doctrine of res judicata broadly.  There is little doubt that the new case in the Eastern District of Virginia will be subject to res judicata principles.

But even if not subject to res judicata, in the original Complaint filed here, Braintech asserted that personal jurisdiction over Shafi existed in Michigan.  In the new Complaint, Weidinger claims that personal jurisdiction exists in Virginia.  This claim is made in bad faith and contradicts the allegations made in this proceeding.  It is undisputed that Shafi resides in Michigan and principally performed his duties related to Braintech from his home located in Brighton, Michigan.  Yet, even if Weidinger and his new company can make a case for personal jurisdiction in Virginia, such jurisdiction would only arise in connection

with a nexus with Braintech, not Robotic Vision Technologies and not Weidinger, individually. Thus, there is no personal jurisdiction in Virginia.

Finally, Weidinger, as a party defendant to Shafi's counterclaim, is subject to compulsory joinder of claims he has against Shafi. See Fed R. Civ. Pro. 13. To the extent that Weidinger asserts new claims in the Eastern District of Virginia, he is collaterally estopped from asserting such new claims in multiple vexatious litigation because such claims are required to have been asserted in this case. Any fair reading of the Complaint indicates that all of the allegations arose before or at the time Weidinger was added as a party to this case. Fed R. Civ. Pro. 13 requires Weidinger to join any and all claims he had against Shafi in this proceeding.

## V. CONCLUSION

For the foregoing reasons, Shafi requests a brief, temporary stay of the proceedings in this matter so that he can expend his resources to address the proceedings in the Eastern District of Virginia, seeking either dismissal or change of venue to this Court before he is forced into a trial in this judicial district.

>Respectfully submitted,
>
>BERRY MOORMAN P.C.
>
>By:   s/James P. Murphy
>       James P. Murphy (P36728)
>       Attorneys for Defendant/Counterclaim Plaintiff
>       535 Griswold, Suite 1900
>       Detroit, Michigan 48226
>       (313) 496-1200
>       murph@berrymoorman.com

Dated: March 16, 2011

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN )
                          )ss
COUNTY OF WAYNE  )

      I hereby certify that on the 16th day of March, 2011, a copy of the foregoing Motion of Adil Shafi for Temporary Stay of Proceedings and Memorandum of Law in support of same  was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        Respectfully submitted,

                                        BERRY MOORMAN P.C.

                                        By:   s/James P. Murphy
                                                   James P. Murphy (P36728)
                                                 Attorneys for Defendant
                                                 535 Griswold, Suite 1900
                                                 Detroit, Michigan 48226
                                                 (313) 496-1200
                                                 murph@berrymoorman.com