UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

        Counter-Plaintiff/
        Third-Party Plaintiff,

v.

FREDERICK WEIDINGER AND
BRAINTECH, INC.,

        Third-Party Defendant/
        Counter-Defendant.

Case No. 09-10454

Hon. Victoria A. Roberts

## THIRD-PARTY DEFENDANT FREDERICK WEIDINGER'S MOTION AND BRIEF FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT

On February 28, 2011, the undersigned counsel from Dickinson Wright, PLLC, filed their appearance as Michigan counsel for Defendant Frederick Weidinger ("Weidinger").

In their review of the arguments and opposition presented to the Court in the summary judgment papers as filed, counsel noted that there exist two independent legal grounds that warrant the dismissal of the three fraud claims asserted against Weidinger, Counts III, IV and V (under the Securities Exchange Act of 1934, the Michigan Uniform Securities Act (before substantial amendment) and Michigan common law).

First, as a matter of well-established black-letter law, Shafi's fraud-based claims are barred by the express integration provision in the Share Purchase Agreement.  *See* Exhibit A to Jt. Mot. Summ. J., Dkt. #66, at 37 ¶ 9.2; *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.,*

228 Mich. App. 486 (1998). This dispositive legal issue is presented in the proposed supplemental brief attached hereto as Tab A.

Second, it is a matter of well-established black-letter law that statements legally constituting mere "puffing" are not actionable. Although this dispositive legal argument is presented in prior briefing, it is pointedly made in the proposed supplemental brief by comparing Shafi's alleged misrepresentations to substantially similar statements held as not actionable by Michigan courts.

Whether to permit supplemental briefing is within the Court's discretion and as at least one district court has recognized, it is well within a court's discretion to accept and consider supplemental briefing setting forth applicable legal authority that is necessary to a fair and proper resolution of a party's dispositive motion. *See, e.g., Duprey v Twelfth Judicial District Court,* No. 08-0756, 2009 U.S. Dist. LEXIS 78059 at *11 (D.N.M. 2009). As the court explained in *Duprey*, in accepting a party's letter setting forth applicable legal authority as a supplemental brief:

> Although the legal authority was brought to the Court's attention by way of a letter outside the regular briefing cycle, the Court believes it was on firm ground to consider the cited law. Ultimately, the Court's goal in deciding motions is to apply the applicable legal principles correctly and consistently. If important legal rules or authorities come to light, the Court cannot reasonably ignore the authority and decide a motion -- perhaps incorrectly -- because it chose to ignore applicable law solely because the law came to the Court's attention by way of a supplemental filing or by way of a letter from a party outside the briefing.

*Id.* at *8. The presented arguments are purely legal and are based upon well-settled principles of black-letter law. As such, it is within the Court's discretion to receive and consider them in determining Defendants' Joint Motion for Summary Judgment.

A proposed Order granting Weidinger's motion is attached at Tab B.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: <u>  s/ Michelle L. Alamo            </u>
Thomas G. McNeill (P36895)
TmcNeill@dickinsonwright.com
Michelle L. Alamo (P60684)
Malamo@dickinsonwright.com
Attorneys for Frederick Weidinger, Only
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax:  313.223.3598

Geoffrey J. Greeves
PILLSBURY     WINTHROP     SHAW
PITTMAN
LLP
Co-Counsel for Frederick Weidinger, Only
2300 N Street, N.W.
Washington, DC 20037-1122
(202) 663-9228
geoffrey.greeves@pillsburylaw.com

Dated:  March 17, 2011