# Exhibit A

# Supplemental Brief in Support of Joint Motion for Summary Judgment

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff/
    Third-Party Plaintiff,

v.

FREDERICK WEIDINGER AND
BRAINTECH, INC.,

    Third-Party Defendant/
    Counter-Defendant.

Case No. 09-10454

Hon. Victoria A. Roberts

## SUPPLEMENTAL BRIEF
## IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT

Defendant Frederick Weidinger ("Weidinger") submits this Supplement Brief to address two purely legal grounds for dismissal of Plaintiff Adil Shafi's fraud-based claims in this matter, Counts III through V.  First, as a matter of well-established black-letter law, Shafi's fraud-based claims are barred by the express integration provision in the sales agreement at issue.  Second, under well-established black-letter law, the statements of opinion and puffing upon which Shafi's fraud-based claims are based are not actionable.

**A. Shafi's Fraud-Based Claims Are Barred By the Express Integration
and Release Provisions in the Share Purchase Agreement**

The Share Purchase Agreement ("SPA") contains an express integration clause that provides:

> **9.2 Entire Agreement.**  Unless otherwise herein specifically provided, this Agreement, including the preamble, recitals, Schedules and Exhibits, and the documents and instruments and other agreements among the Parties as contemplated by or referred to herein constitute the entire agreement among the Parties with respect to the subject matter hereof, and supersede all other prior

>agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, including the Letter of Intent. *Each Party acknowledges that, in entering this Agreement and consummating the Closing, such Party is not relying on any representation, warranty, covenant, obligation or agreement not expressly stated in this Agreement or in the certificates of or agreements among the Parties contemplated by or referred to herein.*

*See* Jt. Mot. Summ. J., Dkt. # 66, Exhibit A, ¶ 9.2 (emphasis added). It is indisputable that Shafi's fraud and securities claims are based on various alleged pre-contract statements and promises allegedly made by Weidinger during negotiation of the SPA. *See* 2d Am. Counter-Claim ¶¶ 45, 50, 57, 60, 63, 116, 118-121.

It is well established black-letter law in Michigan that the inclusion of an integration clause in a written contract makes it unreasonable, as a matter of law, for a party to rely on a prior representation that was not subsequently included in the integrated written contract. *See UAW-GM Human Res. Ctr. v. KSL Recreation Corp.,* 228 Mich. App. 486 (1998); *see also Heidtman Steel Prod., Inc v. Compuware Corp.*, 164 F. Supp. 2d 931, 940-41 (N.D. Ohio 2001) (applying Michigan law) (finding that merger provision similar to that at issue in this matter precluded fraud claim). Shafi's assertions of fraudulent inducement do not negate the effect of the integration clause. To establish fraud where there is an integration clause, the injured party must show that the other party induced him to execute *an incomplete agreement or to believe that the antecedent promise was included in the writing*. *UAW-GM*, 228 Mich. App. at 503-04 ("[W]hen a contract contains a valid merger clause, the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause.").

There is no such allegation in this case. Shafi's fraud-based claims have nothing to do with being induced into executing an incomplete agreement or being led to believe the alleged

antecedent representations were actually included in the written agreements.  Indeed, Shafi admits in his response to the joint motion for summary judgment that "[p]recisely the same pre-contract representations and omissions made it into in the SPA."  *See* Shafi Resp. Mot. Summ. J., Dkt. #77, at 39.  This admission is fatal to Shafi's claims.  Moreover, Shafi does not seek to invalidate the agreements (in fact, Shafi is pursuing an affirmative claim under his Employment Agreement, which stems from the SPA).  Shafi expressly agreed as part of the SPA that all of the promises made in relation to the transaction were set forth in the written sales agreements <u>and that he was not relying on any other representation made during negotiations in entering into the transaction</u>.  It is axiomatic that Shafi cannot both expressly represent that he did not rely on any pre-contract statements in entering into the SPA and, at the same time, rely on such statements in support of his fraudulent inducement claim.  Because Shafi does not argue, nor is there any evidence to support, that the express integration provision in the SPA is void, Shafi's claims of fraud, fraudulent inducement, and securities fraud (which are premised on the same alleged pre-contractual statements) fail as a matter of law.[1]

### B. <u>The Allegedly Fraudulent Puffing Cited by Shafi Is Not Actionable Under Michigan Law</u>

In addition to being barred as a matter of law by the integration provision, Shafi's claims fail as a matter of law because they are based on mere puffing that is not actionable.  It is well settled that opinions and "puffing" are not actionable as fraud.  *See Van Tassel v. McDonald Corp.*, 159 Mich. App. 745 (1987) ("[a]n action for fraud may not be predicated upon the expression of an opinion or salesman's talk in promoting a sale, referred to as puffing").  Indeed,

---

[1] The only case cited by Shafi in support of his fraudulent inducement claim that even discusses the impact of an express integration provision is *Custom Data v. Preferred Capital*, 274 Mich. App. 239 (2006).  The integration provision at issue in *Custom Data*, however, did not include the additional express representation that the parties were not relying on any other representation made during negotiations in entering into the transaction and therefore, is distinguishable from this matter.

the statements Shafi relies on in support of his claims are similar in nature to those courts have routinely dismissed as involving mere puffing, such as, for example, statements that:

- A party's contacts "could bring 'a lot more' business to the table, and would yield 'large volumes' of sales and 'high volumes of VA potential;'" *American Inst. For Preventive Med., Inc. v. Oakstone Publ'g, LLC*, 2010 U.S. Dist. LEXIS 19968 at *21-*25 (E.D. Mich. Mar. 5, 2010) (finding statements to be "nothing more than the expression of an opinion and sales 'puffery'");

- "[A] franchise location was a 'goldmine,' that the franchise had an 'excellent product,' and that there were 'no bad [franchise] locations;'" *Van Tassel v. McDonald Corp.*, 159 Mich. App. 745 (Mich. Ct. App. 1987) (finding that statements were sales puffery and could not serve as the basis for a fraud cause of action);

- "(1) Nationwide was an excellent group of companies to work for; (2) Plaintiff would be properly trained in all aspects of Nationwide business; (3) Nationwide was ethical, and their business practices were legal and ethical; and (4) Plaintiff would reach "Career Agent" status after a period of three years;*" Ford v. Nationwide Mut. Ins. Co.* 1998 U.S. Dist. LEXIS 21189 at *7-*8 (E.D. Mich. Dec. 30, 1998) (finding statements were not actionable as fraud because the involved defendant's opinion regarding the reputation of its companies and morality of its business practices, and representations that plaintiff would reach certain status after three years referred to future promise or expectations);

- That a window business was "a great business" and that "you make tons of money in this business; " *see Home Sweet Home Invs. v. Weber & Mony, P.C.,* 2003 Mich. App. LEXIS 3103 at *12-*13 (Mich. Ct. App. Dec. 4, 2003) (finding comments were "salesmen's talk in promoting a sale" or mere "puffing" that were not actionable as a misrepresentation).

The statements Shafi relies on in support of his claims are unquestionably similar to those above, for example:

- "[A]n acquisition with Braintech assuming your business debt and buying your stock, all brhi [Braintech] stock up front to you ,big leadership contract for you with monthly payments for 2.5 year of agreement, cash deposit at execution and certain cf ip back to you after 2.5 years *would be best transaction for all*." 2d Am. Counter-Claim ¶ 45 (emphasis added).

- "[W]e will do what is best for Braintech which is also best for you," *id.* ¶ 50.

- "[A]dil you need to do this deal and still think it will accelerate business for brhi [Braintech]. It is not perfect for either of us but is very good for you bottom line," *id.*

- "[T]hat Shafi would be part of an important management team and in fact would have daily control over both technology and sales reporting only to Weidinger and that he

4

would receive substantial compensation in bonuses stock options and other benefits from the newly-formed position of Chief Operating Officer of Braintech for the newly combined enterprise," *id.* ¶ 119.

- That under the transaction, Shafi would receive "substantial" consideration "up front," *see id.* ¶¶ 60, 118.

Each of the alleged statements relied upon by Shafi contain mere opinion and puffing that is not actionable under Michigan law.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: \_\_\_s/_____
Thomas G. McNeill (P36895)
TmcNeill@dickinsonwright.com
Michelle L. Alamo (P60684)
Malamo@dickinsonwright.com
Attorneys for Frederick Weidinger, Only
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax:  313.223.3598

Geoffrey J. Greeves
PILLSBURY WINTHROP SHAW PITTMAN LLP
Co-Counsel for Frederick Weidinger, Only
2300 N Street, N.W.
Washington, DC 20037-1122
(202) 663-9228
geoffrey.greeves@pillsburylaw.com

Dated: