**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                             Case No: 09-10454
                                                               Honorable Victoria A. Roberts
FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

_____

**BRAINTECH, INC.'S BRIEF IN SUPPORT OF FREDERICK WEIDINGER'S
FED.R.CIV.P. 37(b) MOTION TO COMPEL COUNTER-PLAINTIFF
ADIL SHAFI TO PRODUCE CERTAIN SOURCE CODE
<u>REQUIRED BY THE COURT'S DECEMBER 17, 2010 ORDER</u>**

**TABLE OF CONTENTS**

INDEX OF CONTROLLING AUTHORITIES ................................................................................ ii

INTRODUCTION ..................................................................................................................1

BRAINTECH AND WEIDINGER CONSISTENTLY PURSUED INFORMATION REGARDING SHAFI'S ADVENOVATION ACTIVITIES AND HIS USE OF RELIABOT SOURCE CODE BUT SHAFI STONEWALLED THE INQUIRIES ............................................1

MAGISTRATE JUDGE MORGAN ORDERED SHAFI TO PRODUCE THE SOURCE CODE IN A FORENSIC ENVIRONMENT AND TO SUPPLEMENT HIS INITIAL DISCLOSURES REGARDING DAMAGES ..................................................................................3

BRAINTECH PROMPTLY ORDERED THE TRANSCRIPT OF THE DECEMBER 17, 2010 HEARING, BUT THE COURT REPORTER DID NOT COMPLETE THE TRANSCRIPT UNTIL FEBRUARY 14, 2011 ..........................................................................................3

SHAFI DELAYED AMENDING HIS INITIAL DISCLOSURES AND RENEGED ON REPRESENTATIONS HIS COUNSEL MADE TO MAGISTRATE JUDGE MORGAN ...........3

SHAFI ADMITTED HE DOES NOT HAVE THE EXPERTISE TO EVALUATE SOURCE CODE ..........................................................................................................................5

CONCLUSION ......................................................................................................................5

## INDEX OF CONTROLLING AUTHORITIES

Rules and Regulations

Fed.R.Civ.P. 37(b) ...................................................................................................................5

## **INTRODUCTION**

For the reasons more fully stated in Frederick Weidinger's Motion to Compel Shafi to Comply with the Court's December 17, 2010 Order, Braintech joins in and concurs in Mr. Weidinger's Motion. There is no dispute that the Court ordered Shafi to produce the Advenovation source code for inspection. Therefore, for the sake of brevity, Braintech will not repeat facts or duplicate arguments contained in Mr. Weidinger's brief. Braintech seeks only to supply some additional facts regarding its actions to obtain information regarding Advenovation's activities.

Contrary to the March 8, 2011 email from Shafi's counsel to Mr. Weidinger's counsel (Ex. 9 to Weidinger Motion), the issue of Shafi's use of Shafi Inc. products and services in his Advenovation business was raised at Shafi's <u>first</u> deposition. Any representation by Shafi that the issue was not raised until the last day of discovery is simply false.

### **BRAINTECH AND WEIDINGER CONSISTENTLY PURSUED INFORMATION REGARDING SHAFI'S ADVENOVATION ACTIVITIES AND HIS USE OF RELIABOT SOURCE CODE BUT SHAFI STONEWALLED THE INQUIRIES**

Beginning with his first deposition on July 29, 2010, Shafi was asked to provide information about the nature of Advenovation's business and his involvement in Advenovation (Ex. A; Shafi at 13-17). Shafi's answers were vague and evasive, but he admitted that the Advenovation product and the Reliabot product "may be construed as similar…" and have "similar functionality" (Ex. A; Shafi at 18). When asked how the products were different, Shafi testified that the product used by Advenovation has a different name and that Reliabot has many, many features in it (Ex. A; Shafi at 18, 23). Shafi dodged the question of how he could have developed an entirely new source code or software materials at Advenovation within months of

the termination of his employment by Braintech when it took him years to develop the Reliabot source code (Ex. A; Shafi at 22).

Shafi's deposition was not completed on July 29. As the Court may recall, Shafi claimed to be unavailable the entire month of August for the continuation of his deposition. Additionally, Shafi refused to be deposed in September 2010 at the conclusion of the deposition of Mr. Weidinger as the parties had agreed, and Braintech and Weidinger had to obtain an order from the Court to complete the deposition. As a result, Shafi's deposition was not completed until October 22, 2010, just 7 days before the discovery cut-off.

During his October 22 deposition, Shafi admitted that David Dechow, President of Aptura Machine Vision Solutions ("Aptura"), has a copy of Reliabot source code, the property Shafi sold to Braintech but now claims was stolen from him. (Ex.A; Shafi at 418-424). Shafi also testified that Mr. Dechow created the Reliabot source code and created the source code Shafi is currently using in his new business Advenovation. (Ex.A; Shafi at 390). Shafi further testified that he has taken no steps to investigate whether Mr. Dechow used Shafi I or Braintech's source code to develop the Advenovation source code. (Ex.A; Shafi at 421-425). In fact, Mr. Shafi is using Reliabot accolades on his Advenovation website for the purpose of promoting the product that he now claims bears no resemblance to the Reliabot product (Ex.A; Shafi at 426, 430-432).

Within a week of Shafi's deposition in which he admitted that Advenovation had sold software products to Braintech's former customers, Braintech served discovery requests on Shafi and served subpoenas on Advenovation and Aptura Machine Services. Shafi filed a Motion for Protective Order and a Motion to Quash the subpoenas.

### MAGISTRATE JUDGE MORGAN ORDERED SHAFI TO PRODUCE THE SOURCE CODE IN A FORENSIC ENVIRONMENT AND TO SUPPLEMENT HIS INITIAL DISCLOSURES REGARDING DAMAGES

On December 17, 2010, during the hearing on Braintech's motions, counsel for Shafi agreed to produce the source code for inspection, and Magistrate Judge Morgan ordered the source codes to be produced in an appropriate forensic environment, subject to a protocol to be agreed upon between counsel (Weidinger Ex. 2; Tr. at 24). Shafi's counsel now refuses to discuss the protocol and insists upon production of the source code at his office which was specifically rejected by Magistrate Judge Morgan during the hearing.

### BRAINTECH PROMPTLY ORDERED THE TRANSCRIPT OF THE DECEMBER 17, 2010 HEARING BUT THE COURT REPORTER DID NOT COMPLETE THE TRANSCRIPT UNTIL FEBRUARY 13, 2011

On December 27, 2010, Braintech ordered a transcript of the December 17, 2010 hearing. Typically, turnaround time for a hearing transcript is 10-14 days. Nevertheless, Braintech was informed that the transcript would not be ready until January 31 (Ex. B; Court reporter email exchange). On January 31, 2011, Braintech was informed that the court reporter would be unable to meet the January 31, 2011 deadline because of an illness (Ex. B; Court reporter email exchange). The transcript was completed and forwarded to counsel for Braintech on February 13, 2011.

### SHAFI DELAYED AMENDING HIS INITIAL DISCLOSURES AND RENEGED ON REPRESENTATIONS HIS COUNSEL MADE TO MAGISTRATE JUDGE MORGAN

During the December 17, 2010 hearing, counsel for Shafi represented to Magistrate Judge Morgan that he was not seeking damages for loss of reputation. This was significant because Shafi's Initial Required Disclosures identified several categories of damages, including damages

3

for lost opportunity and damage to reputation (Ex. C; Shafi Disclosures). Based on this representation, Magistrate Judge Morgan granted Shafi's Motion for Protective Order and Motion to Quash Subpoenas which sought information about Shafi's alleged damages. Instead, Magistrate Judge Morgan ordered Shafi to supplement his initial disclosures regarding damages.

Shafi did not amend his initial disclosures until February 23, 2011. (Weidinger Ex. 3; Murphy 2/23/11 email) And, sure enough, contrary to his representation to Magistrate Judge Morgan, Shafi still seeks damages for lost opportunity and damage to reputation (Ex. D; Shafi's Amended Initial Disclosures). The type of claims and damages sought by Shafi greatly weighed on Braintech's decision to retain an expert to examine the source codes. Whether Adil Shafi is still using and benefitting from the corporate property he claims was stolen from him is undoubtedly relevant to his claims for conversion and unjust enrichment and to his alleged damages for lost opportunity and damage to reputation. Whether Aptura or David Dechow possess the Reliabot software that Shafi alleges was stolen from him is relevant in this case. Whether Aptura/Dechow modified Reliabot software so that Shafi could sell it under his new moniker Advenovation is relevant in this case. Whether Adil Shafi is presently continuing the business of Shafi I and Shafi II under a new moniker (Advenovation) is relevant to his conversion claim and alleged damages for lost going concern value and lost opportunity. Whether Adil Shafi is continuing the same business he sold to Braintech is relevant to his claim that his reputation was damaged as a result of the alleged wrongdoing by Braintech and Weidinger. Shafi's current refusal to produce the source codes in a manner that will allow for a meaningful examination of the two products simply continues Shafi's pattern of obstructing discovery in this case.

## SHAFI ADMITTED HE DOES NOT HAVE
## THE EXPERTISE TO EVALUATE SOURCE CODE

Finally, during his deposition, Shafi admitted that he does not have the expertise to compare the source code of the Advenovation and Reliabot products to determine whether the Advenovation product was derived from Reliabot source code or whether the two products are similar. (Ex.A; Shafi at 422-423). That he now purports to impose his opinion about the proper procedure for a forensic examination of the source code is curious to say the least. Understandably, Shafi has not challenged the expertise of Dr. Martens, nor has he identified any objections to the protocol presented by Braintech and Mr. Weidinger nor could he because, admittedly, he does not have the expertise to do so.

## CONCLUSION

Accordingly, pursuant to Fed.R.Civ.P. 37(b), Braintech joins in Mr. Weidinger's Motion to Compel and respectfully requests that the Court compel Shafi to comply with the December 17, 2010 Order.

        Respectfully submitted,

        NEMETH BURWELL, P.C.

        By:    s/Susan D. Koval
             Anne Widlak (P35763)
             Susan D. Koval (P59297)
             Attorneys for Braintech, Inc.
             200 Talon Centre Drive, Suite 200
             Detroit, Michigan 48207
             (313) 567-5921
             awidlak@nemethburwell.com
             skoval@nemethburwell.com

March 22, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2011, I electronically filed the foregoing paper (*Braintech's Brief In Support Of Frederick Weidinger's Fed.R.Civ.P. 37(b) Motion To Compel Counter-Plaintiff Adil Shafi To Produce Certain Source Code Required By The Court's December 17, 2010 Order*) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

                                                          s/Susan D. Koval
                                                          Susan D. Koval (P59297)
                                                          NEMETH BURWELL, PC
                                                          Attorney for Braintech, Inc.
                                                          200 Talon Centre Drive, Suite 200
                                                          Detroit, Michigan 48207
                                                          (313) 567-5921
                                                          skoval@nemethburwell.com
                                                          P59297