UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                                Case No: 09-10454
                                                                  Honorable Victoria A. Roberts

FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

_____

**BRAINTECH, INC.'S MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S APRIL 5, 2011 ORDER DENYING BRAINTECH SUMMARY
JUDGMENT ON SHAFI'S CLAIM FOR BREACH OF EMPLOYMENT AGREEMENT**

Braintech, Inc., by and through counsel, hereby respectfully moves this Court, pursuant to Local Rule 7.1(h), for reconsideration of the Court's April 5, 2011 Order denying Braintech summary judgment on Plaintiff Adil Shafi's claim for breach of employment agreement, and states as follows:

1. On April 5, 2011, the Court granted in part and denied in part Braintech and Frederick Weidinger's Joint Motion for Summary Judgment. (Order, Dkt.103)

2. The April 5, 2011 Order dismissed Shafi's claims for fraud, securities fraud, conversion and unjust enrichment.

3. The April 5, 2011 Order determined that Shafi's breach of employment agreement claim would proceed to trial because there are genuine issues of material fact as to whether Shafi was terminated with 30 days notice and for good cause. (Order, p.7; Dkt.103)

4. Additionally, the Court addressed Braintech's alternative argument that, even if there is a question of fact on the good cause issue, Shafi was not entitled to severance pay because he did not execute a release of any and all claims as required by the employment agreement.

5. The Court found that the issue was unclear to the Court and summary judgment was, therefore, not appropriate.

6. In denying summary judgment for Braintech on its theory that Plaintiff had not established satisfaction of a condition precedent, the Court found that the employment agreement <u>required</u> Shafi to sign a release, <u>but</u> also found there was no evidence that a severance agreement had been presented to Shafi which he refused to sign. (Order, p.8; Dkt.103)

7. However, Braintech also argued that Shafi's decision to bring a myriad of claims against Braintech and its former CEO precluded him from receiving severance under the Employment Agreement, even if there is an issue of fact about whether he was terminated for good cause. By bringing these claims, Shafi engaged in conduct which clearly signaled that he would not sign a release if presented to him.

8. The Court's finding that Shafi had not refused to sign a severance agreement overlooks the fact that Shafi engaged in conduct which clearly signaled that he would not sign a release if presented to him. It is undisputed, and evidenced by the filings in this case, that Shafi elected to proceed against Braintech and its former CEO on a multitude of claims. (Shafi counterclaim and amended counterclaims; Dkt. 5,8, and 19)

9. Disregarding this undisputed fact creates a palpable defect which misled the Court into denying summary judgment for Braintech on Counts I and II.

10. Correcting the defect will result in an award of summary judgment to Braintech on Shafi's claims for breach of employment agreement.

11. As will be shown more fully in the accompanying Brief in Support, Shafi's claim for severance pay should be dismissed because, there is no genuine issue of material fact that:

    a. Shafi breached the employment agreement and rejected any entitlement to severance pay when he elected to initiate tort claims against Braintech and its former CEO Weidinger, which he apparently deemed of greater value than severance benefits.

    b. Shafi repudiated the employment agreement and committed an anticipatory breach of the contract when he elected to pursue tort claims against Defendants, thus, signaling clear intent that he would not sign a release of any and all claims and relieving Braintech of any obligation to pay severance.

    c. Execution of a release of any and all claims was the consideration for severance pay, and when Shafi filed his claims against Defendants, he caused a complete failure of consideration.

12. Because Shafi repudiated the contract and engaged in conduct which resulted in an anticipatory breach of the contract and caused a total failure of consideration, Braintech is entitled to summary judgment on Shafi's claim for severance benefits under the employment agreement.

WHEREFORE, and as set forth more fully in the accompanying Brief, Braintech respectfully requests that this Honorable Court grant its Motion for Partial Reconsideration and enter an Order granting summary judgment to Braintech on Shafi's claims for breach of the employment agreement.

        Respectfully submitted,

        NEMETH BURWELL, P.C.

By:    s/Susan D. Koval
        Anne Widlak (P35763)
        Susan D. Koval (P59297)
        Attorneys for Braintech, Inc.
        200 Talon Centre Drive, Suite 200
        Detroit, Michigan 48207
        (313) 567-5921
        awidlak@nemethburwell.com
        skoval@nemethburwell.com

April 19, 2011

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                 Case No: 09-10454
                                                                 Honorable Victoria A. Roberts

FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

_____

**BRIEF IN SUPPORT OF BRAINTECH, INC.'S MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S APRIL 5, 2011 ORDER
DENYING BRAINTECH SUMMARY JUDGMENT ON SHAFI'S CLAIM
<u>FOR BREACH OF EMPLOYMENT AGREEMENT</u>**

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ................................................................................ ii

INDEX OF CONTROLLING AUTHORITIES ............................................................................. iii

INTRODUCTION ..........................................................................................................................1

STATEMENT OF FACTS ..............................................................................................................1

STANDARD OF REVIEW ............................................................................................................2

ARGUMENT ..................................................................................................................................3

CONCLUSION ...............................................................................................................................6

## **STATEMENT OF THE ISSUE PRESENTED**

I.   WHETHER BRAINTECH IS ENTITLED TO SUMMARY JUDGMENT ON SHAFI'S CLAIM FOR SEVERANCE BENEFITS WHERE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT SHAFI ELECTED TO BRING A VARIETY OF CLAIMS AGAINST BRAINTECH AND ITS FORMER CEO WEIDINGER, THUS, ENDING ANY ENTITLEMENT TO SEVERANCE BENEFITS UNDER THE EMPLOYMENT AGREEMENT.

Braintech answers yes.

# INDEX OF CONTROLLING AUTHORITIES

Cases                                                                                                                                     Page

*Allied Capital Corp. v. GC-Sun Holdings, L.P.*,
   910 A.2d 1020, 1030 (Del. Ch. 2006)**……………………………………………………..**3

*Emmett Hickman Co. v. Emilio Capano Developer, Inc.*,
   251 A.2d 571, 573 (Del.Super 1969) ……………………………………………………..4

*Hansmann v. Fidelity Investments Institutional Services Co.*,
   326 F.3d 760, 767 (6th Cir. 2003)……………………………………………………….2

*Hensel v. U.S. Electronics Corp.*, 251 A.2d 828, 833 (Del.Super. 1969)………………………..5

*HIFN, Inc. v. Intel Corp.*, 2007 WL 1309376, at *14 (Del.Ch. May 2, 2007)……………………5

*Hudson v. D.V. Mason Contractors, Inc.*, 252 A.2d 166, 170 (Del.Super., 1969) ........................4

*Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D.MI 1997)...............2

*OSI Sys., Inc. v. Instrumentarium Corp.*, 892 A.2d 1086, 1090 (Del. Ch.2006) ...........................3

*PAMI-LEMB I Inc. v. EMB-NHC, L.L.C.*, 857 A.2d 998, 1014 (Del.Ch., 2004)……………… ..5

*Schuss v. Penfield P'rs, L.P.*, 2008 WL 2433842, at *6 (Del. Ch. June 13, 2008)………… ……3

*Wells v. Lee Builders, Inc.*, 99 A.2d 620 (Del.Supr. 1953)…………………………………… 5

## INTRODUCTION

As the Court recognized in its April 5, 2011 Order, the Employment Agreement at issue in this case clearly requires Shafi to sign a release after he is terminated, and before he receives severance…" (Order, p.7; Dkt.103). However, in denying summary judgment on the claim for severance benefits, the Court pointed out that Defendants "have not argued that they presented a severance agreement with a release to Shafi, or that he declined to sign it." (Order, p.8; Dkt.103)

Nevertheless, by pursuing tort claims against Braintech and its former CEO, Shafi took affirmative steps which terminated any entitlement he may have had to severance pay under the employment agreement. By overlooking the fact that Shafi sued Braintech for claims he was required to release under the employment agreement, a palpable defect was created, which, if corrected, would result in summary judgment in favor of Braintech.

## STATEMENT OF FACTS

As the Court found in its April 5, 2011 Order, Paragraph 12(g)(ii) unambiguously requires Shafi to execute a full release of claims as a condition to receiving severance benefits:

> **….The EXECUTIVE agrees that after the Termination Date, but prior to the payment of the severance pay and any outstanding bonus monies called for herein, EXECUTIVE shall execute a release, in the form of a severance agreement, of any and all claims he may have against the Company and its officers, employees, directors, parents and affiliates.  EXECUTIVE understands and agrees that the payment of the severance pay and bonus called for by this paragraph are contingent on his execution of the previously described release of claims.**  (Ex.A; EA, ¶12(g)(ii))

Assuming Shafi could establish that he was not terminated for good cause, Shafi would have been entitled to severance pay, <u>if</u> he executed a release of any and all claims. However, it is undisputed that Shafi elected to proceed against Braintech and its former CEO on a multitude of

claims. (Shafi counterclaim and amended counterclaims; Dkt. 5,8, and 19).

As will be shown below, under Delaware law, Shafi engaged in conduct which extinguished his entitlement to severance pay.

## **STANDARD OF REVIEW**

The standard on a motion for reconsideration is as follows: "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." See *Hansmann v. Fidelity Investments Institutional Services Co.*, 326 F.3d 760, 767 (6th Cir. 2003), citing *Valassis Communications, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996) (quoting E.D. Mich. L.R. 7.1(h)). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D.MI 1997) (citing Webster's New World Dictionary 974 (3d Ed.1988)).

The palpable defect in this case is that the Court overlooked a key undisputed fact. In addition to not signing a release of all claims which was a condition precedent to the contract, Shafi took affirmative action which clearly and unequivocally signaled that he would not sign a release if presented to him. Having elected to initiate tort claims against Braintech and Weidinger, Shafi is not entitled to receive severance benefits under an agreement which clearly required him to sign a release of any and all claims.

# ARGUMENT

As agreed by the parties and recognized by the Court in the April 5 Order, Delaware law applies to Shafi's claim for breach of the employment agreement. Under Delaware law, Braintech is entitled to summary judgment on Counts I and II.

### I. SHAFI IS NOT ENTITLED TO SEVERANCE PAY FROM BRAINTECH EVEN IF HE WAS TERMINATED WITHOUT GOOD CAUSE BECAUSE HE ELECTED TO BRING A VARIETY OF CLAIMS AGAINST BRAINTECH AND WEIDINGER, THUS, EXTINGUISHING ANY ENTITLEMENT TO SEVERANCE BENEFITS.

The interpretation of a contract is a question of law and, in many cases, is suitable for determination on a motion to dismiss. *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006); *OSI Sys., Inc. v. Instrumentarium Corp.*, 892 A.2d 1086, 1090 (Del. Ch.2006). If the language of a contract is plain and unambiguous, Delaware courts enforce the contract's plain meaning. *Allied Capital Corp, supra,* 910 A.2d at 1030. Moreover, when interpreting a contractual provision, Delaware courts attempt to reconcile all of the agreement's provisions when read as a whole, giving effect to each and every term, thus, applying the well-settled principle that "contracts must be interpreted in a manner that does not render any provision 'illusory or meaningless.'" *Schuss v. Penfield P'rs, L.P.*, 2008 WL 2433842, at *6 (Del. Ch. June 13, 2008) (internal citation omitted).

Paragraph 12(g)(ii) of the Employment Agreement unambiguously requires Shafi to execute a full release of any and all claims against Braintech as a prerequisite to receiving the severance payment:

> **….The EXECUTIVE agrees that after the Termination Date, but prior to the payment of the severance pay and any outstanding bonus monies called for herein, EXECUTIVE shall execute a release, in the form of a severance**

> **agreement, of any and all claims he may have against the Company and its officers, employees, directors, parents and affiliates. EXECUTIVE understands and agrees that the payment of the severance pay and bonus called for by this paragraph are contingent on his execution of the previously described release of claims.** (Ex.A; EA, ¶12(g)(ii))

Whether Shafi was presented with a release or not, when Shafi filed his tort claims against Braintech and its former CEO, he rejected any entitlement to severance benefits. To decide otherwise would render the condition for a release meaningless.

### A. Shafi Breached The Employment Agreement And Rejected Any Entitlement To Severance Benefits When He Elected To Pursue Tort Claims Against Braintech And Its Former CEO Frederick Weidinger.

The party first guilty of a material breach of a contract cannot complain if the other party subsequently refuses to perform. *Hudson v. D.V. Mason Contractors, Inc.*, 252 A.2d 166, 170 (Del.Super., 1969). Here, Shafi breached the employment agreement when he elected to pursue tort claims against Braintech and its former CEO because the contract required him to sign a severance agreement which included a release of any and all claims. Shafi apparently determined that his tort claims were of greater value than severance pay and elected to forego any arguable entitlement to severance pay.

Accordingly, Braintech is entitled to summary judgment on Shafi's claim for breach of the employment agreement.

### B. Shafi Repudiated The Employment Agreement And Committed An Anticipatory Breach Of The Contract When He Elected To Pursue His Tort Claims Against Defendants, Thus, Signaling Clear Intent That He Would Not Sign A Release Of Any And All Claims And Relieving Braintech of Any Obligation to Pay Severance.

In order to recover damages for any breach of contract, Shafi must demonstrate substantial compliance with all the provisions of the contract. *Emmett Hickman Co. v. Emilio*

4

*Capano Developer, Inc.*, 251 A.2d 571, 573 (Del.Super 1969). "A repudiation of a contract is an outright refusal by a party to perform a contract or its conditions." *PAMI-LEMB I Inc. v. EMB-NHC, L.L.C.*, 857 A.2d 998, 1014 (Del.Ch., 2004). A party may repudiate an obligation through statements when its language, reasonably interpreted, indicates that it will not or cannot perform. Alternatively, a party may repudiate through a voluntary and affirmative act rendering performance apparently or actually impossible. *HIFN, Inc. v. Intel Corp.*, 2007 WL 1309376, at *14 (Del.Ch. May 2, 2007). A clear indication of a party's intent not to perform their obligation will make them guilty of anticipatory breach. *Wells v. Lee Builders, Inc.*, 99 A.2d 620 (Del.Supr. 1953).

Here, Shafi signaled his clear intent that he would not sign a release of any and all claims. In fact, he did just the opposite. As a result, Braintech was no longer required to pay severance pay to Shafi – even if he could prove that he was terminated without good cause. Accordingly, Braintech is entitled to summary judgment on Shafi's claim for breach of the employment agreement.

### C. Execution Of A Release Of Any And All Claims Was The Consideration For Severance Pay, And When Shafi Filed His Claims Against Defendants, He Caused A Complete Failure Of Consideration.

"Failure of consideration" occurs when the bargained-for consideration is not rendered by one of the parties. Under Delaware law, failure of consideration is a good defense to a contract. *Hensel v. U.S. Electronics Corp.*, 251 A.2d 828, 833 (Del.Super. 1969), *rev'd on other grounds*, 262 A.2d 648 (Del.Supr, 1970). Here, the consideration for the severance payment was a release by Shafi of any and all claims against Braintech and its officers and employees. Because Shafi elected to file claims against Braintech and Weidinger, no consideration remains to support

5

Braintech's promise to pay severance pay – even if Shafi could prove that he was terminated without good cause.

Accordingly, Braintech is entitled to summary judgment on Shafi's claim for breach of the employment agreement.

## CONCLUSION

WHEREFORE, Braintech respectfully requests that this Honorable Court grant its Motion for Partial Reconsideration and enter an Order granting summary judgment to Braintech on Shafi's claims for breach of the employment agreement.

                Respectfully submitted,

                NEMETH BURWELL, P.C.

By:     s/Susan D. Koval
       Anne Widlak (P35763)
       Susan D. Koval (P59297)
       Attorneys for Braintech, Inc.
       200 Talon Centre Drive, Suite 200
       Detroit, Michigan 48207
       (313) 567-5921
       awidlak@nemethburwell.com
       skoval@nemethburwell.com

April 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I electronically filed the foregoing paper (Braintech Inc's Motion for Partial Reconsideration and Brief in Support) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

s/Susan D. Koval
Susan D. Koval (P59297)
NEMETH BURWELL, PC
Attorney for Braintech, Inc.
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921
skoval@nemethburwell.com
P59297
