UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI, an individual,

    Defendant/Counterclaim Plaintiff

v.

BRAINTECH, INC, a Nevada corporation,

    Counterclaim Defendant,

and

FREDERICK WEIDINGER, an individual,

    Additional Counterclaim Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

## DEFENDANT ADIL SHAFI'S MOTION IN LIMINE

Defendant Shafi moves for an order precluding Braintech from raising any issues in defense of Shafi's employment claims which were raised in its now dismissed complaint. The doctrines of law of the case, res judicata and collateral estoppel all preclude Braintech from re-litigating any of the claims which have been dismissed by virtue of the dismissal of Braintech's complaint on June 3, 2010. Shafi simultaneously files a Memorandum of Law in support.

{00022955;v1 }

                        Respectfully submitted,

                        BERRY MOORMAN P.C.

                        By:   s/James P. Murphy
                              James P. Murphy (P36728)
                              Attorneys for Defendant/Counterclaim Plaintiff
                              535 Griswold, Suite 1900
                              Detroit, Michigan 48226
                              (313) 496-1200
                              murph@berrymoorman.com

June 3, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI, an individual,

    Defendant/Counterclaim Plaintiff

v.

BRAINTECH, INC, a Nevada corporation,

    Counterclaim Defendant,

and

FREDERICK WEIDINGER, an individual,

    Additional Counterclaim Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ADIL SHAFI'S MOTION IN LIMINE**

{00022955;v1 }

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..……………………………………………… …………...iii

I.  INTRODUCTION..................................................................................................1

II.  ARGUMENT.........................................................................................................2

    Point 1

    THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BAR BRAINTECH FROM INTRODUCING ANY EVIDENCE TO SHOW THAT SHAFI COMMITTED FRAUD, MISREPRESENTATION, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES OR DEFALCATION OF EMPLOYMENT RESPONSIBILITIES...................................................................................................2

        A.    The Dismissal of Braintech's Claims in This Case Should be Given Preclusive Effect..................................................................................2

        B.    All Elements of Res Judicata and Collateral Estoppel are Present..............3

        C.    The Law of the Case Doctrine Mandates Application of Res Judicata and Collateral Estoppel................................................................4

    Point 2

    BRAINTECH AND ITS ATTORNEYS ARE ENGAGING IN MISCONDUCT BY SEEKING TO DEFENSIVELY RAISE THE CLAIMS IN ITS DISMISSED COMPLAINT.............................................................................................................5

III.  CONCLUSION.......................................................................................................6

# INDEX OF AUTHORITIES

Cases                                                                                                         Page(s)

*Stelts v. Univ. Emergency Specialists, Inc.,* 20 F. App'x 448 (6th Cir. 2001)........................3

*Bragg v. Flint Bd. of Educ.* 570 F.3d 775 (6th Cir. 2009).......................................................3

*Orca Yachts,* 287 F.3d at 318..................................................................................................3

*Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir 1996).........................................................3

*Shoup v. Bell & Howard Co.,* 872 F.2d 1178, 1179 (4th Cir. 1988).......................................3

*United States v. Todd*, 920 F.2d 399, 404 (6th Cir. 1990).......................................................4

*Michigan Int'l Union v. Miller*, 6 F. Supp. 2d 634, 639 (E.D. Mich. 1998).............................4


Rule(s)                                                                                                         Page(s)

Fed R. Civ. P. 41(b)..............................................................................................................2, 3


Statute(s)                                                                                                      Page(s)

28 U.S.C. 1927..........................................................................................................................6

## I. INTRODUCTION

On June 3, 2010, this Court dismissed Braintech's Complaint. The Court may recall that Braintech's Complaint sought rescission of all of the underlying transaction contracts executed between Braintech and Shafi. Nevertheless, to support its claims for rescission, Braintech asserted detailed claims of alleged false statements, misrepresentations of fact, claims that Shafi misrepresented pipeline revenue of the two companies Shafi sold to Braintech, claims that Shafi committed defalcation in connection with his employment as the chief executive officer of Braintech, and other similar allegations, all of which it now seeks to litigate defensively.

Since this Court has granted summary judgment on all claims except Shafi's employment claim, this case will be much simplified and is strictly based upon the interpretation of the contract at issue, Shafi's Employment Agreement. The Employment Agreement provides that in the event Shafi is not terminated for "good cause" Shafi is entitled to a severance award which amounts to approximately $700,000.00. It is now apparent, based upon Braintech's proposed issues of fact and law to be litigated[1] as well as its concise statement of the claims in the Joint Final Pretrial Order, that Braintech seeks to litigate all of the issues in its now dismissed Complaint. Because Braintech has not sought reconsideration of the dismissal of its Complaint, this Court should enforce the preclusive effect of the dismissal of its Complaint and exclude from evidence any claims raised in its Complaint. As a matter of fact, all of the issues Braintech seeks to raise and litigate in the Final Pretrial Order are

---

[1] See Final Joint Pretrial Order, submitted June 3, 2011.

{00022955;v1 }

included with and wrapped up in the now dismissed Complaint.

This case should proceed to trial solely and exclusively on Shafi's Employment Agreement and whether or not he was terminated for "good cause." This case merely turns on an issue of contract interpretation. By virtue of the dismissal of Braintech's Complaint, Shafi's conduct is no longer at issue and cannot be raised by Braintech. The sole and exclusive issue which will be litigated and decided by the finder of fact is whether Braintech complied with the notice and termination procedures of the Employment Agreement which either allowed for Shafi to obtain severance or not.

## II. ARGUMENT

### Point 1

**THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BAR BRAINTECH FROM INTRODUCING ANY EVIDENCE TO SHOW THAT SHAFI COMMITTED FRAUD, MISREPRESENTATION, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES OR DEFALCATION OF EMPLOYMENT RESPONSIBILITIES**

    A.    **The Dismissal of Braintech's Claims in This Case Should be Given Preclusive Effect**

On June 3, 2010, Judge Roberts dismissed Braintech's claim for failure to have counsel appear on its behalf. The Order did not indicate whether dismissal was with or without prejudice. Absent contrary language, Rule 41(b) treats it as dismissal on the merits and provides preclusive effect. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— *operates as an adjudication on the merits.*

Fed R. Civ. p. 41 (b) (emphasis added).

The Sixth Circuit interprets such orders as having preclusive effect. In *Stelts v. Univ. Emergency Specialists, Inc.,* 20 F. App'x 448 (6th Cir. 2001), the district court dismissed a former employee's suit for lack of prosecution. The Sixth Circuit held the dismissal constituted a final judgment on the merits. *See also Bragg v. Flint Bd. of Educ.* 570 F.3d 775 (6th Cir. 2009).

### B. All Elements of Res Judicata and Collateral Estoppel are Present

"Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts,* 287 F.3d at 318. The doctrine of res judicata encompasses claim preclusion and issue preclusion. *In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir 1996). Claim preclusion means that if the second case arises from the same cause of action as the first, the judgment in the first case bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Varat,* 81 F.3d at 1315. Issue preclusion is more narrowly drawn. Issue preclusion bars subsequent litigation of legal and factual issues common in both actions "actually and necessarily determined by a court of competent jurisdiction in the first litigation." *Id.*

With the dismissal of Braintech's Complaint, the doctrine of claims preclusion accordingly bars Braintech from asserting the same claim offensively or defensively. *See Shoup v. Bell & Howard Co.,* 872 F.2d 1178, 1179 (4th Cir. 1988)(Plaintiffs barred from filing the same lawsuit in different federal courts to avoid an adverse determination

of statute of limitations.).

    **C.    The Law of the Case Doctrine Mandates Application of Res Judicata and Collateral Estoppel**

As disclosed in its "Concise Statement of Defendants Defenses" in the Final Pretrial Order, Braintech proposes to litigate issues such as "Shafi refusing to perform his duties," …"being dishonest" and …"making misrepresentations" about his company and the product owned by his company, Reliabot. In addition, Braintech proposes to litigate issues related to Shafi's employment, including "failing to generate revenue," …"refusing to attend meetings"…"refusing to work effectively"…"refusing to develop and enhance product,"…"refusing to travel,"…"destroying material" and …"defying instructions he was given by superiors." All of these matters have been previously adjudicated in this case by the dismissal of Braintech's Complaint on June 3, 2010. The Sixth Circuit has recognized that the law of the case doctrine permits a court to enforce a decision made at one stage of the case in later successive stages of the same litigation. *United States v. Todd*, 920 F.2d 399, 404 (6th Cir. 1990). "Although *Todd* is a criminal case, Circuit Judge Cornelia Kennedy analogized the law of the case doctrine as applied in the civil context before finding that the doctrine applies in the criminal context as where a coordinate court makes a ruling and then a second court looks at the original ruling." *See, Michigan Int'l Union v. Miller*, 6 F. Supp. 2d 634, 639 (E.D. Mich. 1998). Braintech has not sought reconsideration of the Order dismissing its claims. All of the issues sought to be litigated by Braintech defensively are wrapped up and included in the Complaint which has already been dismissed. The law of the case doctrine should be applied to give preclusive effect to the order of dismissal, and

Braintech should not be permitted to litigate any of the issues it proposes.

**Point 2**

**BRAINTECH AND ITS ATTORNEYS ARE ENGAGING IN MISCONDUCT BY SEEKING TO DEFENSIVELY RAISE THE CLAIMS IN ITS DISMISSED COMPLAINT**

As this Court is aware, Braintech's "successor," Robotic Vision Technology LLC ("RVT"), has filed suit against Shafi in the Eastern District of Virginia, claiming to be a successor of Braintech. In that case, RVT has filed what is essentially a duplicate of the Complaint this Court dismissed. Unlike this case, in the Eastern District of Virginia, RVT seeks to enforce one or more of the contracts associated with the underlying transaction. In the Eastern District of Virginia, Shafi has moved to dismiss, arguing that that case subjects him to multiple, vexatious litigation identical to the claims already dismissed in this case (or identical to the claims which should have been asserted in this case). See, Motion and Brief to Dismiss Eastern District of Virginia case, annexed as Exhibit 1.

Shafi has already complained to this Court regarding this conduct. Although this Court declined to stay this litigation, the Court understood that Shafi would be moving to dismiss the Virginia litigation or have it transferred here. Braintech's former principal, Rick Weidinger, is listed as the only witness which will be called in this case. Weidinger is also behind the RVT case in Virginia and in fact is a plaintiff in the Virginia litigation, asserting personal claims against Shafi. Even if this Court determines that the principals of res judicata, collateral estoppel or law of the case do not preclude Braintech from litigating claims in its now dismissed Complaint, this Court should

exercise its discretion and refuse to permit Braintech to assert any defense in this case, given the fact that two identical claims are proceeding in two different federal district courts.

Braintech's attorneys are well aware of the Virginia case. By seeking to litigate the exact same issues here defensively, they vexatiously impose the expense of litigating the exact same issues in two different federal court houses 500 miles apart. The malicious nature of this apparently coordinated effort is unprecedented and should subject Braintech and its attorneys to sanctions under 28 U.S.C. 1927.

## II. CONCLUSION

The only issues left in this case are Shafi's employment-related claims which are strictly governed by the employment contract. The simple issue to be tried is whether Shafi was terminated with "good cause" as that term is defined under the Employment Agreement. Braintech should not have the opportunity to "re-litigate" claims which have already been dismissed by its failure to have an attorney appear on its behalf. Moreover, Braintech has taken no action before this Court to have the Court reconsider its prior Order dismissing the Complaint. There are no grounds to permit Braintech to raise any of the issues now defensively as a result of the dismissal of its Complaint.

        Respectfully submitted,

        BERRY MOORMAN P.C.

        By:   s/James P. Murphy
              James P. Murphy (P36728)
              Attorneys for Defendant/Counterclaim Plaintiff
              535 Griswold, Suite 1900
              Detroit, Michigan 48226
              (313) 496-1200
              murph@berrymoorman.com

Dated: June 3, 2011

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN )
                      )ss
COUNTY OF WAYNE )

    I hereby certify that on the 3rd day of June, 2011, a copy of the foregoing Defendant Adil Shafi's Motion in Limine and Memorandum of Law in Support was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Respectfully submitted,

        BERRY MOORMAN P.C.

        By:   s/James P. Murphy
              James P. Murphy (P36728)
              Attorneys for Defendant/Counterclaim Plaintiff
              535 Griswold, Suite 1900
              Detroit, Michigan 48226
              (313) 496-1200
              murph@berrymoorman.com