UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                    Case No: 09-10454
                                                      Honorable Victoria A. Roberts
FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

---

**BRAINTECH, INC.'S MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF THE SHARE PURCHASE AGREEMENT BECAUSE IT IS NOT RELEVANT TO SHAFI'S CLAIM FOR SEVERANCE PAY UNDER THE EMPLOYMENT AGREEMENT, AND EVEN IF RELEVANT, ITS MARGINAL PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND THE <u>LIKELIHOOD OF MISLEADING THE JURY</u>**

Braintech, Inc., by and through counsel, hereby respectfully moves this Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, to exclude the Share Purchase Agreement which is identified as Plaintiff's Exhibit 500 in the proposed pre-trial order. In support, Braintech states as follows:

1. The Share Purchase Agreement ("SPA") is part of the record in this case and can be located as Exhibit A to Braintech's original complaint (Dkt. 001).

2. The SPA is approximately 200 pages.

3. On April 5, 2011, the Court granted in part and denied in part Braintech and Frederick Weidinger's Joint Motion for Summary Judgment. (Order, Dkt.103) which dismissed Shafi's claims for fraud, securities fraud, conversion and unjust enrichment—all having to do

with the Share Purchase Agreement.

4. The April 5, 2011 Order determined that Shafi's breach of employment agreement claim would proceed to trial because there are genuine issues of material fact as to whether Shafi was terminated for good cause. (Order, p.7; Dkt.103)

5. The only issue remaining to be tried in this case is whether Shafi is entitled to severance payment under the Employment Agreement – there either was or was not good cause to terminate his employment. If there was good cause, he is not entitled to severance pay.

6. There are no issues to be tried regarding the SPA. Therefore, the SPA is not relevant, and even if marginally relevant, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood of misleading the jury.

WHEREFORE, and as set forth more fully in the accompanying Brief, Braintech respectfully requests that this Honorable Court grant its Motion in Limine and exclude the introduction of the Share Purchase Agreement which is identified as Plaintiff's Exhibit 500.

        Respectfully submitted,

        NEMETH BURWELL, P.C.

        By:     s/Susan D. Koval
                 Anne Widlak (P35763)
                 Susan D. Koval (P59297)
                 Attorneys for Braintech, Inc.
                 200 Talon Centre Drive, Suite 200
                 Detroit, Michigan 48207
                 (313) 567-5921
                 awidlak@nemethburwell.com
                 skoval@nemethburwell.com

June 3, 2011

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                         Case No: 09-10454
                                                               Honorable Victoria A. Roberts

FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

---

**BRIEF IN SUPPORT OF BRAINTECH, INC.'S MOTION IN LIMINE TO EXCLUDE
INTRODUCTION OF THE SHARE PURCHASE AGREEMENT BECAUSE IT IS NOT
RELEVANT TO SHAFI'S CLAIM FOR SEVERANCE PAY UNDER THE
EMPLOYMENT AGREEMENT, AND EVEN IF RELEVANT, ITS
MARGINAL PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER
OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND THE
<u>LIKELIHOOD OF MISLEADING THE JURY</u>**

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ............................................................................... ii

INDEX OF CONTROLLING AUTHORITIES ............................................................................. iii

STATEMENT OF FACTS ...............................................................................................................1

ARGUMENT....................................................................................................................................1

CONCLUSION.................................................................................................................................2

## STATEMENT OF THE ISSUE PRESENTED

I.  WHETHER THE SHARE PURCHASE AGREEMENT SHOULD BE EXCLUDED FROM THE TRIAL OF THIS ACTION BECAUSE IT IS NOT RELEVANT TO SHAFI'S CLAIM FOR SEVERANCE PAY UNDER THE EMPLOYMENT AGREEMENT, AND EVEN IF RELEVANT, ITS MARGINAL PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND THE LIKELIHOOD OF MISLEADING THE JURY.

Braintech answers yes.

# INDEX OF CONTROLLING AUTHORITIES

<u>Cases</u>                                                                                                 <u>Page</u>

*Lilla v. Comau Pico*, 2007 WL 2080292 (E.D. Mich July 19, 2007)………………………..1

<u>Rules</u>

Federal Rules of Evidence 401, 402, 403………………………………………………..…. 1

## STATEMENT OF FACTS

On August 12, 2008, Braintech entered into a Share Purchase Agreement with Shafi in his individual capacity and as President of Shafi Inc (SI) and Shafi Innovations (SII).

Pursuant to the SPA, Braintech agreed to acquire all of the outstanding stock of SI and 80% of the outstanding stock of SII. The purchase price consisted of 3,000,000 shares in the capital stock of Braintech to be issued at closing. Any and all claims regarding the SPA have been dismissed by the Court.

The only remaining issue to be tried is whether Shafi is entitled to severance pay under a separate Employment Agreement between Shafi and Braintech. Therefore, the SPA is not relevant to the issue to be tried.

## ARGUMENT

"Relevant" evidence is any evidence which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." FRE 401. "Evidence which is not relevant is not admissible." FRE 402.

Moreover, relevant evidence is admissible at trial unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 401, 403; *Lilla v. Comau Pico*, 2007 WL 2080292 (E.D. Mich July 19, 2007)**.**

Shafi's listing of the SPA as an exhibit in this matter is perplexing. There are no issues to be tried regarding the SPA. Therefore, the SPA is not relevant, and even if marginally relevant, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood of misleading the jury.

## CONCLUSION

WHEREFORE Braintech respectfully requests that this Honorable Court grant its Motion in Limine and exclude the introduction of the Share Purchase Agreement which is identified as Plaintiff's Exhibit 500.

                                              Respectfully submitted,

                                              NEMETH BURWELL, P.C.

                                              By:    _s/Susan D. Koval_
                                                          Anne Widlak (P35763)
                                                          Susan D. Koval (P59297)
                                                          Attorneys for Braintech, Inc.
                                                          200 Talon Centre Drive, Suite 200
                                                          Detroit, Michigan 48207
                                                          (313) 567-5921
                                                          awidlak@nemethburwell.com
                                                          skoval@nemethburwell.com

June 3, 2011

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 3, 2011, I electronically filed the foregoing paper (Braintech Inc's Motion in Limine and Brief in Support) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

                                            s/Susan D. Koval
                                            Susan D. Koval (P59297)
                                            NEMETH BURWELL, PC
                                            Attorney for Braintech, Inc.
                                            200 Talon Centre Drive, Suite 200
                                            Detroit, Michigan 48207
                                            (313) 567-5921
                                            skoval@nemethburwell.com
                                            P59297