UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                                    Case No: 09-10454
                                                                      Honorable Victoria A. Roberts
FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

BRAINTECH, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF ADIL SHAFI'S
MOTION IN LIMINE [DOCKET NOS. 107 & 109

# TABLE OF CONTENTS

INDEX OF CONTROLLING AUTHORITIES ................................................................................ ii

INTRODUCTION ..................................................................................................................................1

COUNTER-STATEMENT OF FACTS ...............................................................................................2

ARGUMENT ............................................................................................................................................3

CONCLUSION ........................................................................................................................................6

# INDEX OF CONTROLLING AUTHORITIES

Cases

*Bradley v. Pittsburgh Board of Education*, 913 F.2d 1064, 1069 (1990)........................................3

*Bragg v. Flint Bd of Education*, 570 F.3d 775, 776 (6th Cir. 2009)……………………………….4

*Luce v United States*, 469 U.S. 38, 40 n.2 (1984)…………………………………………………3

*Shoup v Bell & Howard Co.,* 872 F. 2d 1178, 1179 (4th Cir. 1988)………………………………5

*United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990)…………………………………………....6

# INTRODUCTION

In a thinly-veiled maneuver, Plaintiff Adil Shafi has filed a dispositive motion inappropriately cloaked as a Motion in Limine. Shafi's motion comes seven months too late because the Court set a deadline of November 19, 2010 for the parties to file dispositive motions. Shafi did not file such a motion, and he should not be permitted to disguise it in a late-filed motion in limine and bypass the process established by Fed.R.Civ.P. 56.

Moreover, Shafi seeks to preclude Braintech from introducing any evidence or raising any defense to Shafi's claim for breach of employment agreement under the guise that the dismissal of Braintech's complaint for rescission in May 2010 somehow precludes Braintech from raising a defense to Shafi's counterclaim for severance pay. As is apparent from Shafi's Motion and Brief, he fails to articulate how dismissal of Braintech's <u>complaint for rescission</u> precludes Braintech from defending against Shafi's claim that Braintech breached the employment agreement and owes him severance pay. Shafi's ploy to characterize an action for rescission as the "same claim" as his claim for severance should be soundly rejected.

Finally, Shafi's argument that defense counsel are engaging in misconduct by defending against his claim for severance pay is appalling and not befitting a member of the Bar. As the Court is well aware, Braintech is not "forcing" Shafi to litigate any issues and certainly not in two courts. Braintech's attorneys are not involved in the Virginia action, and Shafi controls his own destiny in Michigan. Shafi soldiers on here despite readily acknowledging orally and in writing that Braintech has no assets and no insurance coverage for any judgment -- even if he should prevail. It is not surprising that the three paragraphs that Shafi devotes to his "Point 2" argument do not offer a single citation to the record or a single citation to legal authority.

**COUNTER-STATEMENT OF FACTS**

Shafi's Brief does not contain a statement of facts, but it does contain numerous errors and wild, unsubstantiated allegations. The following facts are based on record evidence:

1. Braintech's original Complaint sought rescission of the sales agreements between Braintech and Shafi. [Dkt No.1].

2. Braintech's original Complaint did not seek to adjudicate whether Shafi's employment was terminated for good cause. [Dkt No.1].

3. It is <u>Shafi's</u> Second Amended Counterclaim which seeks severance payment under the Employment Agreement. [Dkt No.19].

4. Braintech does not seek to litigate any issue which has been dismissed by this Court or is pending in Virginia. Braintech is simply defending against the only remaining claim pending in the instant action.

5. Shafi's remaining claim does not involve an issue of contract interpretation. The issue for the jury to decide here is which party fulfilled the contract's requirements with respect to severance pay.

6. Braintech and its counsel are not involved in the Virginia litigation.

7. The Virginia litigation has nothing to do with whether Shafi was terminated for good cause or whether he is entitled to severance under the Employment Agreement.

8. Although Braintech's attorneys are not involved in the Virginia action, upon information and belief, the Virginia action asserts post-transaction claims for breach of the share purchase agreement, breach of the non-competition agreement, defamation, and unfair competition.

9. Shafi was hired as the Chief Operating Officer at Braintech, not the Chief Executive Officer as alleged in Shafi's Motion. [Employment Agreement, p.1].

The record evidence demonstrates that Shafi's present motion is not well grounded in fact or law and should be denied.

## ARGUMENT

### I. THE COURT SHOULD NOT CONSIDER SHAFI'S MOTION IN LIMINE BECAUSE IT IS ACTUALLY A DISPOSITIVE MOTION THAT WAS NOT TIMELY FILED.

The purpose of a motion in limine is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v United States*, 469 U.S. 38, 40 n.2 (1984). A district court errs by entering summary judgment in the context of a motion in limine because it bypasses the process established by Fed.R.Civ.P. 56. *Bradley v. Pittsburgh Board of Education*, 913 F.2d 1064, 1069 (1990). As aptly stated in *Bradley*:

> Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id*. (citations omitted).

Pursuant to the Court's Scheduling Order, the parties were required to file dispositive motions by November 19, 2010. Shafi did not file a dispositive motion under Rule 56, and his late-filed motion should not be permitted.

3

**II.   THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL DO NOT BAR BRAINTECH FROM PRESENTING EVIDENCE THAT SHAFI'S TERMINATION WAS FOR GOOD CAUSE.**

Shafi first pronounces that the dismissal of Braintech's complaint for rescission is a dismissal on the merits and provides preclusive effect for Braintech's defense against Shafi's claim for severance. However, even assuming, *arguendo*, that the dismissal operates as a dismissal on the merits, Shafi must also demonstrate an identity of the causes of action and an issue in this action which was litigated or could have been litigated in the prior action. *Bragg v. Flint Bd of Education*, 570 F.3d 775, 776 (6th Cir. 2009). It is plainly evident that Shafi's entitlement to damages under the Employment Agreement was not an issue in Braintech's complaint seeking the equitable remedy of rescission.

Nevertheless, Shafi declares in his motion in limine papers that "the doctrine of claims preclusion accordingly bars Braintech from asserting the same claim offensively *or defensively*." (Emphasis added). *See,* Memorandum of Law in Support of Defendant, Adil Shafi's, Amended Motion in Limine at 3.  In essence, Shafi is asserting that the dismissal of Braintech's action seeking to rescind or "undo" the parties' deal deprives Braintech of the right to defend itself against a subsequent and distinct claim *brought by Shafi and against Braintech's will* for damages on the entirely different claim for breach of the Employment Agreement.

This Court should refuse to permit Shafi to mischaracterize claim preclusion/res judicata principles in order to obtain the result he wants in this case. First, contrary to Shafi's characterization, Braintech plainly is not asserting a claim – it is asserting defenses to *Shafi's claim* that he should be paid severance because Braintech did not have good cause to terminate him.  Shafi's position ignores the most basic principles of fundamental fairness and due process

4

by attempting to deprive Braintech of the right to defend against an action it has been forced into as a party. Shafi has provided absolutely no legal authority that would support his novel theory.

Indeed, a careful reading of the case Shafi cites to support his position, *Shoup v Bell & Howard Co.,* 872 F. 2d 1178, 1179 (4th Cir. 1988), actually discredits it. In *Shoup,* the plaintiffs, a married couple, filed an action against the wife's former employer in a Pennsylvania court. That action was dismissed after the court held that the action was time-barred under the applicable statute of limitations. The couple subsequently filed the identical claim in both state and federal court in Maryland. The Fourth Circuit upheld the district court's dismissal of the case because the dismissal of the same claim in the earlier Pennsylvania action barred the Maryland action under the claim preclusion doctrine. The court of appeals articulated the essence of that doctrine: "…a valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." *Id.* at 1179 (citing *Restatement (Second) of Judgments,* Sec. 19 (1982)).

Thus, res judicata will prevent a *plaintiff* from starting a subsequent action in another forum in order to obtain an improved result in litigation – or, if you will, get two bites of the apple. The doctrine clearly is directed at plaintiffs, not defendants like Braintech, who in this case has been compelled to assume a defensive position because Shafi started an action against it. Accordingly, Braintech respectfully requests that this Court reject Shafi's attempt – without a single case in support - to expand the principles of claim preclusion so as to deprive Braintech of the right to defend itself against Shafi's breach of contract claim.

Shafi similarly misapplies the law of the case doctrine, and his arguments should be rejected. Under the doctrine of the law of the case, "a decision on an issue made by a court at

5

one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990). In the instant case, Shafi argues that issues related to his employment at Braintech were previously adjudicated when Braintech's complaint for rescission was dismissed. That argument is fatally flawed, however. The issue that will be decided by the jury – i.e., whether Shafi is entitled to severance pay under the Employment Agreement – was simply not an issue that was part of Braintech's complaint for rescission and, thus, has not been decided by the Court. Therefore, the dismissal of a complaint for equitable relief that contained no issue regarding severance pay simply cannot constitute an adjudication of that issue for purposes of the law of the case doctrine and that doctrine is inapplicable.

### III. SHAFI'S WILD ACCUSATIONS OF ATTORNEY MISCONDUCT ARE IRRESPONSIBLE AND DEFAMATORY.

As Shafi is well aware, Braintech and its counsel are not involved in the Virginia litigation. Even more than that, Shafi's assertion that the Virginia litigation is a "duplicate" of Braintech's dismissed complaint for rescission is patently false. But Shafi does not stop there. He embellishes the story even further by representing that Braintech's defense of Shafi's claim for severance is a sanctionable maneuver which seeks to surreptitiously <u>litigate the exact same issues</u> as the Virginia litigation. Such nonsense is not deserving of any credence, or any expansive response.

### CONCLUSION

WHEREFORE, Braintech respectfully requests that the Court deny Plaintiff Adil Shafi's Motion in Limine.

6

        Respectfully submitted,

        NEMETH BURWELL, P.C.

By:     s/Susan D. Koval
        Anne Widlak (P35763)
        Susan D. Koval (P59297)
        Attorneys for Braintech, Inc.
        200 Talon Centre Drive, Suite 200
        Detroit, Michigan 48207
        (313) 567-5921
        awidlak@nemethburwell.com
        skoval@nemethburwell.com

June 10, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2011, I electronically filed the foregoing paper (*Braintech's Brief In Opposition to Plaintiff Adil Shafi's Motion in Limine [Docket Nos. 107 & 109]*) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

s/Susan D. Koval
Susan D. Koval (P59297)
NEMETH BURWELL, PC
Attorney for Braintech, Inc.
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921
skoval@nemethburwell.com
P59297
