UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI, an individual,

    Defendant/Counterclaim Plaintiff

v.

BRAINTECH, INC, a Nevada corporation,

    Counterclaim Defendant,

and

FREDERICK WEIDINGER, an individual,

    Additional Counterclaim Defendant.
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

**SHAFI'S RESPONSE TO BRAINTECH'S MOTION IN LIMINE REGARDING INTRODUCTION OF THE SHARE PURCHASE AGREEMENT**

{00023821;v1 }

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES..……………………………………………… …………...iii

I.  ARGUMENT........................................................................................................1

## INDEX OF AUTHORITIES

<u>Cases</u> <u>Page(s)</u>

None

## I.  ARGUMENT

Admittedly, it is a long contract, weighing in at over 200 pages, terribly hard to read, written largely in "legalese" and drafted almost exclusively by attorneys for Braintech.  Yet it is incomprehensible (and Braintech fails to articulate) how a dour 200 page contract with multiple exhibits could mislead, confuse or prejudice the jury in this matter.  It is more than likely to put a jury to sleep, but Braintech does not complain about this problem.

Shafi and his attorneys have no intention of going through the Share Purchase Agreement line by line, section by section or page by page.  Nevertheless, it places the Employment Agreement, the contract which is at issue, in context.  The Employment Agreement is Exhibit 5 of the Share Purchase Agreement.  It is incorporated by reference and integrated into the Share Purchase Agreement.  The Share Purchase Agreement contains a "notice" provision (a copy of which is excerpted at Exhibit 1).  In the Share Purchase Agreement, if "notice" is necessary, the names and addresses of the persons entitled to "notice" are identified in the notice provision.

The Share Purchase Agreement shows that the Employment Agreement was part of global agreement between Shafi, his two companies, Braintech and Weidinger.  Like the Share Purchase Agreement, the Employment Agreement required "notice" to be provided to Shafi in the event of termination for *any* reason.  Although Braintech claims that Shafi was terminated for "good cause," *no notice of such termination has ever been provided*.  The lack of "notice" to Shafi of termination is undisputed.  Rather, Braintech will seek to prove from the underlying facts that "good cause" existed to

terminate Shafi under the Employment Agreement.

Whether grounds existed to terminate Shafi for "good cause" is irrelevant. The sole issue to be litigated is whether Shafi was provided "notice" of termination for any reason (good cause or not). The fact is, no "notice" was ever given to Shafi by Braintech regarding the termination of his employment, a fact Braintech has no evidence to dispute.[1] It is noteworthy that the lack of "notice" is consistent with the claims originally asserted in this case by Braintech in its now dismissed complaint. Braintech only sought rescission of all of the contracts, including the Employment Agreement. Braintech made a tactical legal decision not to terminate Shafi under the Employment Agreement because having done so would have accepted the benefits of the Employment Agreement and eliminated the prospect of rescinding the Employment Agreement and possibly eliminating rescission of the remaining agreements, including the Share Purchase Agreement. Therefore, Shafi was merely placed on "administrative leave," a status not contemplated in his Employment Agreement. Following his placement on "administrative leave," there were no further communications from Braintech to Shafi, let alone "notice."

This case will turn on the principles of contract interpretation. Constructive notice of the existence of good cause for his termination, is not sufficient under the contract. It provided:

---

[1] Braintech will likely argue that Shafi must have known or had constructive knowledge that "cause" existed for his termination. This is what the 200 or so exhibits proffered by Braintech which pre-date his termination are designed to show. But even if Shafi knew this or whether cause in fact existed, the Employment Agreement required "notice." According to the unambiguous terms of the Employment Agreement, constructive knowledge or cause in fact does not eliminate the severance. Only "notice" of good cause termination eliminates the severance claim and there is no evidence of notice in this case.

{00023821;v1 }                                    2

> "BRAINTECH may terminate the employment of the EXECUTIVE with thirty day *notice* for any reason." [emphasis supplied]

Notice required under the Employment Agreement was not specified to be either in writing or oral. However, the notice provisions in the Share Purchase Agreement require written notice to the parties at the addresses identified therein. Shafi submits that the Share Purchase Agreement supplements the Employment Agreement and in the event Braintech terminated the Employment Agreement for "notice," it was required to give a written communication to Shafi at his home address in Brighton, Michigan. It is undisputed that no such notice was ever given. Regardless of whether written notice was required, oral notice was similarly not provided. The fact is, no notice of termination was ever provided at any time.

The Share Purchase Agreement should be admitted because its notice provisions supplement the notice provisions under the Employment Agreement and require written "notice" of a party's actions under the Agreement. Shafi has no intention of boring the Court or the jury with other irrelevant portions of the Share Purchase Agreement.

        Respectfully submitted,

        BERRY MOORMAN P.C.

By:   s/James P. Murphy
      James P. Murphy (P36728)
      Attorneys for Defendant/Counterclaim Plaintiff
      535 Griswold, Suite 1900
      Detroit, Michigan 48226
      (313) 496-1200
      murph@berrymoorman.com

June 10, 2011

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN )
                              )ss
COUNTY OF WAYNE  )

I hereby certify that on the 10th day of June, 2011, a copy of the foregoing Reply Brief to Braintech's Motion in Limine Regarding the Share Purchase Agreement was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        Respectfully submitted,

                                        BERRY MOORMAN P.C.

                                        By:   s/James P. Murphy
                                              James P. Murphy (P36728)
                                            Attorneys for Defendant/Counterclaim Plaintiff
                                            535 Griswold, Suite 1900
                                            Detroit, Michigan 48226
                                            (313) 496-1200
                                            murph@berrymoorman.com