Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAINTECH, INC.,                                  CASE NO: 09-10454

    Plaintiff/Counter-Defendant,

v

ADIL SHAFI,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v

FREDERICK WEIDINGER AND
BRAINTECH, INC.,

    Third-Party Defendant/Counter-Defendant.
_____/

The Deposition of ADIL SHAFI,

taken before me, Susan M. Hans, CER 8085, on July 29, 2010, at 535 Griswold, Suite 1900, Detroit, Michigan, commencing at or about 9:50 a.m.

APPEARANCES:

BY: JAMES P. MURPHY, ESQUIRE
BERRY MOORMAN
535 Griswold, Suite 1900
Detroit, Michigan  48226
Appearing on behalf of the Plaintiff.

BY: GEOFFREY J. GREEVES, ESQUIRE
PILLSBURY, WINTHROP, SHAW, PITTMAN, LLP
2300 North Street, NW
Washington, DC  20037
Appearing on behalf of the Defendant, Frederick Weidinger and Braintech, Inc.

```
 1            agreement.  Therefore, the boxes were kept with me.  They did
 2            not want me to ship them to Vancouver because they were
 3            supposed to go to this office in Michigan, which was never
 4            opened.  Therefore, that material stayed with me.  After my
 5            termination from Braintech I kept these documents and then I
 6            turned them over to Counsel.  I did not give them to anybody
 7            else.
 8     Q      Sir, did you ever review, yourself, or have anybody look at
 9            your noncompetition agreement to determine whether or not this
10            business that you were contemplating was an available business
11            opportunity for you?
12     A      Did I review that agreement?
13     Q      Yes.
14     A      Yes.
15     Q      And did you reach any conclusions about my question I just
16            asked you?
17     A      Yes.  I believe the noncompete agreement had an early
18            expiration clause in it.  I was terminated from Braintech
19            without cause.  There was no cause ever provided to me by
20            Braintech.  In that situation, in that circumstance, paragraph
21            12 of the employment agreement spells out a severance clause
22            of the entire three years of my employment amount to be paid.
23            Now, since I was terminated without cause and I was not paid
24            that severance in 30 days, that constituted an early
25            expiration of the no compete clause.  Therefore, I'm not bound
```

1  by that.
2  Q  Okay. Can we agree that if someone determines, unlike you, if
3     someone reaches the contrary determination, that you were
4     terminated with cause, that Advenovation would not be -- You
5     have to let me finish; would not be a permissible business
6     endeavor for you to be engaging in?
7  A  I will leave such agreements or disagreements between you and
8     my Counsel.
9  Q  But you never analyzed that point of view?
10 A  My interpretation is that agreement is null and void.
11 Q  Okay. Let's go back. We'll come back to this later. I
12    appreciate you getting into that for us.
13                When was the first time you can recall ever
14    hearing of Braintech?
15 A  I do not recall the specific date, but I can say this much,
16    that Braintech and Shafi, Inc. were known in the marketplace.
17    The companies knew about each other for several years prior to
18    the transaction that took place in 2008. So I cannot give you
19    a specific time frame or a specific date when I first got to
20    know Braintech, but the companies knew of each other's
21    existence, competed sometimes, and knew of each other in
22    general.
23 Q  What is the first contact that you can remember having with
24    somebody at Braintech let's say in 2008?
25 A  I just told you; I don't recall an exact first date.

```
 1    STATE OF MICHIGAN           )
 2                                )   ss:
 3    COUNTY OF KENT              )
 4         I hereby certify that the foregoing attached pages
 5    are a full and complete transcript of the proceedings held
 6    on the date and at the place hereinbefore set forth.  I
 7    reported electronically the proceedings held in the matter
 8         hereinbefore set forth, and the testimony so reported was
 9    subsequently transcribed under my direction and supervision,
10    and the foregoing is a full, true and accurate transcript of
11    my original electronic recording.
12
13                    _____
14                    Susan M. Hans, CER-8085
15
16
17
18
19
20    Notary Public
21    Kent County, Michigan
22    My Commission Expires:
23    July 12, 2013
24
25
```

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

BRAINTECH, INC.,                                    CASE NO: 09-10454

       Plaintiff/Counter-Defendant,

v

ADIL SHAFI,

       Defendant/Counter-Plaintiff/
       Third-Party Plaintiff,

v

FREDERICK WEIDINGER AND
BRAINTECH, INC.,

       Third-Party Defendant/Counter-Defendant.
_____/

      Volume II of the Deposition of ADIL SHAFI, taken before me, Susan M. Hans, CER 8085, on July 30, 2010, at 535 Griswold, Suite 1900, Detroit, Michigan, commencing at or about 9:15 a.m.


APPEARANCES:


BY:  JAMES P. MURPHY, ESQUIRE
BERRY MOORMAN
535 Griswold, Suite 1900
Detroit, Michigan  48226
Appearing on behalf of the Plaintiff.


BY:  GEOFFREY J. GREEVES, ESQUIRE
PILLSBURY, WINTHROP, SHAW, PITTMAN, LLP
2300 North Street, NW
Washington, DC  20037
Appearing on behalf of the Defendant, Frederick Weidinger and Braintech, Inc.

| | | |
|---|---|---|
| 1 | | that I destroyed was -- I never deleted their e-mails. This |
| 2 | | is an utter and complete lie. Please write this in boldface |
| 3 | | in your record that this is an utter and complete lie. I |
| 4 | | never did that. This is a total lie. |
| 5 | Q | Mr. Shafi, please do not shout. My question is you obviously |
| 6 | | disagreed with Mr. Milton's observation about the e-mails. |
| 7 | | Did you ever explain to anyone at Braintech, or did you ever |
| 8 | | respond to this allegation? |
| 9 | A | No. I had no reason to because I had no access to their |
| 10 | | server. I had no access to deleting their e-mails. All the |
| 11 | | e-mails I had were in my laptop. I never had access to their |
| 12 | | server. I never had access to any of their materials. I |
| 13 | | never had access to their computers. They would not give it |
| 14 | | to me. How can I ever delete any e-mails of Braintech |
| 15 | | property? And they used this reason to stop my wages. It's |
| 16 | | unbelievable. |
| 17 | | MR. MURPHY: We're going to take a short |
| 18 | | timeout. |
| 19 | | MS. WIDLAK: That's fine. |
| 20 | | (At or about 10:10 a.m. a short break was taken off |
| 21 | | the record, and the deposition resumed at or about |
| 22 | | 10:15 a.m.) |
| 23 | Q | (Continuing by Ms. Widlak): Mr. Shafi, just to identify this, |
| 24 | | I'm handing a letter to you from Mr. Weidinger that appears at |
| 25 | | tab seven of Shafi Exhibit 1, the big collection of documents, |

```
 1            and I just wonder if you could identify that as your
 2            termination letter from Mr. Weidinger?
 3      A     Yes.
 4      Q     What's the date on that, please?
 5      A     November 19, 2008.
 6      Q     Okay.  Thanks very much.  Did you receive this letter at the
 7            November 19th meeting in Virginia?
 8      A     Yes.  It was put forward to me as a surprise at that time.
 9            They talked to me for a few minutes and asked me what --
10            overall things about sales and then presented -- And actually
11            tried to coerce me into signing a letter about the rescission.
12            Something about a rule evidence 408 or something like that.
13            They actually forced, or tried to force me, to sign that in
14            their presence with absolutely no advice from Counsel right
15            there on the spot.  I was pushed at that meeting to sign that
16            rescission letter or rule of evidence to engage in
17            discussions.  He made this grandiose story like, "Oh, Adil, we
18            can do partnership again.  I have something much better.  We
19            will rescind this to you.  It's good for you.  Take that back
20            and we will build something new."  He painted this -- And I
21            knew him by now well enough that I told him I was not capable
22            of signing anything for him.
23      Q     Okay.  But you, in fact, did not sign anything on November 19,
24            2008?
25      A     No.  I did not sign anything on November 19th, but he did push
```

```
1    STATE OF MICHIGAN        )
2                             )   ss:
3    COUNTY OF KENT           )
4         I hereby certify that the foregoing attached pages
5    are a full and complete transcript of the proceedings held
6    on the date and at the place hereinbefore set forth.  I
7    reported electronically the proceedings held in the matter
8    hereinbefore set forth, and the testimony so reported was
9    subsequently transcribed under my direction and supervision,
10   and the foregoing is a full, true and accurate transcript of
11   my original electronic recording.
12
13   _____
14              Susan M. Hans, CER-8085
15
16
17
18
19
20   Notary Public
21   Kent County, Michigan
22   My Commission Expires:
23   July 12, 2013
24
25
```