UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,
Counter-Plaintiff/ Third-Party Plaintiff,

v.                                                                  Case No: 09-10454
                                                                    Honorable Victoria A. Roberts
FREDERICK WEIDINGER AND
BRAINTECH, INC.,
Third-Party Defendant/Counter-Defendant.

---

**BRAINTECH, INC.'S SUR-REPLY BRIEF TO SHAFI'S SUR REPLY TO
BRAINTECH'S MOTION IN LIMINE TO EXCLUDE INTRODUCTION
<u>OF THE SHARE PURCHASE AGREEMENT</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT...................................................................................................................................2

CONCLUSION................................................................................................................................5

**INTRODUCTION**

Having reviewed Braintech's Motion in Limine [#108] to exclude introduction of the Share Purchase Agreement and Adil Shafi's Response thereto [#112], on June 14, 2011, the Court requested the parties to address the following two <u>issues of law</u>:

1. The relationship between the Employment Agreement and the SPA, and the application of the SPA notice provision to the Employment Agreement; and

2. What remedy is appropriate should a jury find that Shafi was terminated for "good cause," but without "notice." (June 14, 2011 Order [#114]).

In Braintech's June 16, 2011 Reply Brief [#115], Braintech addressed these legal issues and presented the Court with considerable legal authority to support its arguments. Among other things, Braintech informed the Court that the Employment Agreement contains an integration clause. (Ex.A to #115; Employment Agreement, ¶20). Braintech also presented the Court with sound arguments and citations to supporting case law regarding the limited remedy available to Shafi should the jury find that he was terminated for good cause but without notice.

Shafi filed a Sur Reply on November 4, 2011 [#120] pursuant to the Court's October 14, 2011 Order. The arguments advanced by Shafi in his Sur Reply are not supported by the terms of the Employment Agreement between the parties and are not supported by citation to pertinent legal authority. In fact, Shafi barely scrapes the surface in addressing the issues the Court requested the parties to brief in its Order [#114].

For example, Braintech's argument regarding the Employment Agreement's integration clause was met with resounding silence by Shafi. However, Shafi's ostrich-like approach to the existence of the integration clause does not serve to vanquish it. Moreover, Shafi failed to even discuss, let alone refute, the legal authority presented by Braintech which holds that recovery for

wrongful breach of an employment contract is limited to the notice period where the contract expressly empowers an employer to terminate the contract upon giving notice. Likewise, Shafi failed to address Braintech's argument that Shafi's misconduct entitled Braintech to sever the employment relationship with less than 30 days notice. Shafi has not offered a single argument for why this Court should reject the persuasive and well-reasoned principles set forth in the cases cited by Braintech.

For the sake of brevity, Braintech will not repeat the arguments it made in its June 16, 2011 Reply Brief, and will attempt to limit this Sur-Reply to new arguments advanced by Shafi.

## ARGUMENT

**I. PARAGRAPH 12(d) OF THE EMPLOYMENT AGREEMENT IS NOT AMBIGUOUS, AND THE INTEGRATION CLAUSE OF THE EMPLOYMENT AGREEMENT EXPRESSLY PROHIBITS USE OF THE NOTICE PROVISION OF THE SHARE PURCHASE AGREEMENT TO IMPOSE ADDITIONAL REQUIREMENTS CONCERNING THE EMPLOYMENT RELATIONSHIP BETWEEN THE PARTIES.**

As previously noted, Shafi flat out ignores the integration clause contained in the Employment Agreement. He provides absolutely no authority for his assertion that the notice provision in the Share Purchase Agreement is "fair game" because the Employment Agreement is attached to the Share Purchase Agreement and because Paragraph 12(d) of the Employment Agreement is ambiguous. This completely overlooks the integration clause in Paragraph 20 which expressly states that it contains the complete agreement concerning the employment arrangement between the parties.

Moreover, Shafi's contention that the notice provision is ambiguous is contradicted by footnote 1 to his June 10, 2011 Response Brief [#112 at p.2], wherein he represented to the Court that the notice provisions of the Employment Agreement are <u>unambiguous</u>.

2

In support of his argument that the notice provision in Paragraph 12(d) is ambiguous because it does not describe the "form" of the notice to be given, Shafi merely attempts to confuse the issue by comingling the provision for notice of termination set forth in Paragraph 12(d) with the severance pay provision in Paragraph 12(g). Pursuant to Paragraph 12(d), Braintech could terminate Shafi's employment with 30 day notice for any reason. [#115: Ex.A; Employment Agreement, ¶12(d)]. There is nothing in the Employment Agreement which requires Braintech to give Shafi notice <u>of good cause or reason for termination</u>. Braintech was simply required to give notice of termination of employment.

And, of course, there is no disputed issue of fact regarding notice of termination. Shafi has repeatedly admitted that he was terminated by Braintech in November 2008. In addition to the deposition testimony given by Shafi in this case, he provided sworn testimony in the litigation transferred from Virginia that Braintech terminated his employment on November 19, 2008. Shafi specifically declared under oath, "I was terminated from Braintech on <u>November 19, 2008</u>." (#115: Ex.C; Shafi Declaration, ¶¶2 and 6).

Accordingly, the Share Purchase Agreement should be excluded.

II. <u>**FAILURE TO GIVE 30-DAYS NOTICE OF TERMINATION DOES NOT INVALIDATE SHAFI'S ADMITTED TERMINATION OR ENTITLE HIM TO SEVERANCE PAY; THEREFORE, SHAFI'S ARGUMENT THAT HE COULD BE ENTITLED TO SEVERANCE PAY BECAUSE OF AN ALLEGED BREACH OF THE PARAGRAPH 12(d) NOTICE PROVISION SHOULD BE REJECTED BY THE COURT.**</u>

Faced with the well-reasoned and persuasive authority advanced by Braintech regarding available remedies for breach of a notice provision in an employment agreement, Shafi drifted into a maze of contract construction and condition precedent, neither of which is applicable to the questions the parties were asked to address. Shafi even suggests that 1) he may not have been

terminated at all; and 2) the use of the word "termination" in the contract requires the Court to define it.

Once again, Shafi overlooks his multiple admissions that his employment was terminated. And, Shafi departs from the express language of the agreement. Paragraph 12 of the contract expressly defines the word termination: "(t)ermination shall mean the <u>cessation of EXECUTIVE employment</u> by Braintech … which is not promptly…followed by re-employment of the EXECUTIVE by BRAINTECH…." (#115: Ex.A; Employment Agreement, ¶12). Accordingly, it would be improper for the Court to impose some other definition of termination on the parties. There is no question of fact that Shafi's employment with Braintech ceased.

Nevertheless, Shafi proceeds in conclusory fashion to suggest that his termination was invalid because he was given insufficient notice of termination. Shafi even goes so far to say, without any explanation, that 30-day notice was a condition precedent "to a good cause termination." This wholly illogical argument neglects to consider that there is no such thing as a "good cause termination" under the Employment Agreement. There is no requirement that Shafi be given 30-day notice that his termination was for good cause. Shafi could be terminated for any reason. He was entitled to severance only if termination of his employment was without good cause. The severance pay provision in Paragraph 12(g) does not compel payment of severance pay simply because Shafi did not receive notice of termination under Paragraph 12(d) of the Employment Agreement.

Finally, even if the Employment Agreement required Braintech to give 30 day notice which was not nullified by Shafi's misconduct, his remedy is limited to a maximum of 30 days pay, less amounts paid to him after November 19, 2008. Braintech does not wish to reiterate its

previous arguments. Simply put, Shafi's Sur Reply does not refute Braintech's arguments, does not distinguish cases cited by Braintech, and does not offer any other authority to substantiate his claim that he would be entitled to severance pay as a result of deficient notice.

## CONCLUSION

WHEREFORE Braintech requests that this Honorable Court grant its Motion in Limine and exclude the introduction of the Share Purchase Agreement which is identified as Plaintiff's Exhibit 500. Moreover, because Shafi insists that the sole issue for the jury to decide in this case is whether he received written notice informing him that his termination was for good cause, the Court should enter judgment for Braintech because the plain and unambiguous language of the Employment Agreement does not require written notice informing him that his termination was for good cause, and even if it did, lack of notice does not trigger entitlement to severance pay.

Respectfully submitted,

NEMETH BURWELL, P.C.

By:   s/Susan D. Koval
     Anne Widlak (P35763)
     Susan D. Koval (P59297)
     Attorneys for Braintech, Inc.
     200 Talon Centre Drive, Suite 200
     Detroit, Michigan 48207
     (313) 567-5921
     awidlak@nemethburwell.com
     skoval@nemethburwell.com

November 14, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2011, I electronically filed the foregoing paper (Braintech Inc's Sur-Reply Brief to Shafi's Sur Reply to Braintech's Motion in Limine to Exclude Share Purchase Agreement) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

                                                                  s/Susan D. Koval
Susan D. Koval (P59297)
NEMETH BURWELL, PC
Attorney for Braintech, Inc.
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921
skoval@nemethburwell.com
P59297