**IT IS THE RESPONSIBILITY OF COUNSEL TO READ THIS ENTIRE ORDER**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff/Third Party Plaintiff,

vs                                                               Case No: 09-10454
                                                               Honorable Victoria A. Roberts

FREDERICK WEIDINGER and
BRAINTECH, INC.,

    Counter-Defendant/Third Party Defendant,
_____/

and

ROBOTIC VISION TECHNOLOGIES, LLC and
FREDERICK WEIDINGER,

    Plaintiffs,

vs                                                               Case No: 11-12909
                                                                Honorable Victoria A. Roberts

ADIL SHAFI,

    Defendant.
_____/

**ORDER REGARDING JOINT FINAL PRETRIAL ORDER
AND
FINAL PRETRIAL CONFERENCE**

    **IT IS ORDERED** that trial counsel for all parties appear for a final pretrial conference

for the above captioned matter on:_____3/5/13 at 2:00 pm_____.

    **IT IS FURTHER ORDERED** that counsel for plaintiff(s) is responsible for convening a

**face-to-face conference** of all counsel, the purpose of which will be to finalize a short, concise pretrial order to be approved and signed by counsel for all parties.  Counsel for Plaintiff must attempt to schedule this conference well in advance of the due date of this Joint Final Pretrial Order (JFPTO), and must notify the Court immediately if other counsel fails to participate in the scheduling of the conference.  **The Court will not extend the date for submission of the JFPTO and accompanying papers.**

   **IT IS FURTHER ORDERED** that the Joint Final Pretrial Order must be submitted on:   __2/19/13__  .  **AN ORIGINAL AND ONE COPY ARE TO BE SUBMITTED DIRECTLY TO THE JUDGE'S CHAMBERS, and should not be filed with the Clerk of the Court.** The JFPTO will be approved by the Court at the time of the final pretrial conference.   The JFPTO must provide for the signature of the Court, which, when signed, will become an Order of the Court and will be filed with the Clerk accordingly.

   THE PROPOSED PRETRIAL ORDER MUST CONTAIN THE FOLLOWING,  USING THESE NUMBERS AND CAPTIONS:

   1. **Concise Joint Statement of the case.**  If the parties do not agree on this, do not set forth separate "joint" statements.

   2. **Concise statement of Plaintiffs' Claims**, including legal theories.  This will suffice as the "Theory of Plaintiffs' Case" Jury Instruction.  (no longer than three paragraphs).

   3. **Concise statement of Defendants' Claims**, including legal theories.  This will suffice as the "Theory of Defendants' Case" Jury Instruction.  (no longer than three paragraphs).

   4. **Stipulations of Fact**, in numbered paragraphs, **including Jurisdiction**.

   5. **Joint Issues of Fact to be litigated**.

   6. **Joint Issues of Law to be litigated**.

2

7. **Applicable Law**, by statute name and number.

8. **Witnesses** - <u>indicate the order and approximate time you will require for the examination of witnesses, and designate expert witnesses</u>:

   A. Plaintiff(s):
      1. Will Call; and
      2. May Call.
   B. Defendant(s):
      1. Will Call; and
      2. May Call.

Counsel are cautioned not to reiterate the long list of witnesses from earlier submitted Witness Lists. List only those witnesses whom you reasonably expect to call.

9. **For Bench Trials**, counsel must set forth the names of persons whose sworn testimony they wish to submit in writing. The sworn testimony itself must be submitted on the first day of trial. Opposing counsel must indicate as part of this Order, which of such witnesses they wish to cross examine.

10. **Deposition Evidence** - to be read into the record at the time of trial as substantive evidence. Summaries of deposition testimony may be received if there are no objections.

11. **Exhibits** - an index of proposed exhibits. Summaries are allowed under Fed. R. Civ. P. 26(a)(3)(c). Exhibits must be numbered respectively for:

   A. Joint Exhibits (use "number" designations beginning with "1")
   B. Plaintiff(s) (use "number" designations beginning with "500"); and
   C. Defendant(s) (use "number" designations beginning with "1000".)

   The provisions of Fed. R. Civ. P. 37(c)(1) will apply for failure to list an exhibit, except for rebuttal exhibits. Counsel must identify in detail, all exhibits they seek to introduce at trial. For example, it is insufficient to identify "medical records," or "police records," without identifying with more precision (date, pages, content, etc.). Objections must be included in this Order, and the basis for the objection must be set forth. **Any exhibits objected to must be brought to the Final Pretrial Conference for examination by the Court**.

   If parties seek admission of the same exhibits, they should be identified as such in 11A, and should not be identified as Exhibits of a particular party.

   The Court will attempt to resolve all exhibit disputes at the Final Pretrial

3

>Conference.  All Exhibits to which there are no unresolved objections will be deemed admitted at the commencement of trial.
>
>Comment: Under LR l6.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before commencement of trial.

12. **Evidence Problems likely to arise at Trial**.

13. **Voir Dire Questions**, in the following order:

    A. To which there is no disagreement;
    B. Plaintiff(s) proposed; and
    C. Defendant(s) proposed.

   **If voir dire questions are submitted other than those to which there is no disagreement, counsel opposing the proposed voir dire question must state the basis for the objection and relevant law.**

14. **Jury Instructions**, in the following order:

   **PLEASE NOTE:**

   **The Court rarely departs from using Standard Jury Instructions, unless extraordinary circumstances warrant the use of Non-Standard Jury Instructions.**

   **If instructions are submitted other than those to which there is no disagreement, counsel opposing the proposed instruction must state the basis for the objection and relevant law.**

    A. To which there is no disagreement (including general jury instructions);
    B. Plaintiff(s) proposed; and
    C. Defendant(s) proposed.

   Instructions **must not** be on letterhead and must:

    1. Each start on a separate page;
    2. Page numbered;
    3. Double spaced;
    4. Bear the case number;
    5. Cite supporting authority; and
    6. Contain an Index.

If the instruction is "standard" from some source, please indicate that source.

**Near the end of trial, and when the instructions have been agreed to and finalized, counsel must submit all jury instructions from 14A-C above, on one disc compatible with Wordperfect or Word.  Hard, final copies must be provided as well.**

15. **Estimated Length of Trial**, indicating:

    A. Jury or Non-Jury;
    B. Number of hours for:
       (1) plaintiff(s)' proofs; and
       (2) cross-examination;
    C. Number of hours for:
       (1) defendant(s)' proofs and
       (2)  cross examination;
    D. Do you stipulate to less than a unanimous verdict?

16. **Special Damages**, itemized.  Counsel are requested to stipulate to those items not in dispute.  **No proofs will be allowed on special damages not listed.**

l7. **Form of Verdict**, agreed upon.   To the extent agreement cannot be reached:

    A. Plaintiff's proposed Verdict Form; and
    B. Defendant's proposed Verdict Form.

18. **Assessment of Juror Expenses.**  The JFPTO shall contain the following statement:

    "The parties and their counsel understand that, in accordance with LR38.2, The expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial is not begun as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel.   COMMENT: It is the policy of the Judicial Conference of the United states that last minute settlements and continuances which result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party.  See also LR 40.2."

## **MOTIONS IN LIMINE - JURY TRIALS**

"Daubert" motions must be filed by the deadline set in the Court's Scheduling Order.

All other motions in limine must be filed with the JFPTO and must conform to LR 5.1, 7.1 and Judge Roberts' requirements, in all respects. **COUNSEL MUST DISCUSS POTENTIAL MOTIONS IN LIMINE IN PREPARING THE JOINT FINAL PRETRIAL ORDER. ANY MOTION FILED MUST STATE THAT IT WAS DISCUSSED AND THAT CONCURRENCE WAS DENIED. THE FAILURE TO INCLUDE THIS STATEMENT IN ANY MOTION IN LIMINE FILED WILL RESULT IN THE MOTION BEING STRICKEN AND THE COURT WILL NOT ALLOW IT TO BE REFILED**. Motions in Limine will be ruled upon at the Final Pretrial Conference. All motions must be filed with the Clerk of the Court in accordance with applicable court rules and Judge Roberts' motion requirements.

## MOTIONS IN LIMINE - BENCH TRIALS

Counsel cannot file Motions in Limine, except with leave of court. The Court will consider all requests to exclude evidence during the course of the bench trial. Exceptions may be granted with respect to Daubert motions, upon leave of court to file such motions.

## FIRST DAY OF TRIAL

On the first day of trial, counsel must furnish to opposing counsel and the Court:

    A.    **All Exhibits, marked consecutively, and with an Exhibit Index**. The Court's copies must be in a tabbed binder. In addition, counsel must have sufficient copies of all exhibits on which the Court has ruled, for the jurors.

           All exhibits will be received prior to trial, except those where an objection is noted. Those exhibits will be considered during trial at the proper time.

## BENCH TRIALS ONLY

Submit specific Findings of Facts and Conclusions of Law on the first day of trial. (2 copies to the Court) **This must be submitted on a disc compatible with Wordperfect 12 or**

**Word**.

  The above statement concerning Exhibits pertains to Bench Trials as well.

  Please refer to Motions in Limine - Bench Trials, above.

**IN ALL OTHER RESPECTS, LOCAL RULE 16.2 ON JOINT PRETRIAL ORDERS WILL APPLY.**

**FAILURE TO COMPLY STRICTLY WITH THE FOREGOING MAY RESULT IN SANCTIONS, DISMISSAL, DEFAULT JUDGMENT, REFUSAL TO LET WITNESSES TESTIFY, REFUSAL TO ADMIT EXHIBITS, OR OTHER ACTION, INCLUDING THE ASSESSMENT OF SPECIAL COSTS AND EXPENSES, INCLUDING ATTORNEY FEES.**

               /s/ Victoria A. Roberts
Dated: 1/13/12           VICTORIA A. ROBERTS
                UNITED STATES DISTRICT JUDGE

(Revised 12/10)