UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI, an individual,

    Counter-Plaintiff,

vs.

BRAINTECH, INC., and FREDERICK WEIDINGER,

    Counter-Defendant,
_____/

Case No. 09-10454

Hon. Victoria A. Roberts

and

ROBOTIC VISION TECHNOLOGIES, LLC, and FREDERICK WEIDINGER, an individual,

    Plaintiffs,

vs.

ADIL SHAFI,

    Defendant.
_____/

Case No. 11-12909

Hon. Victoria A. Roberts

## PLAINTIFF RICK WEIDINGER AND RVT'S BILL OF COSTS FOR FAILED AUGUST 13, 2012 STATUS CONFERENCE

### PROCEDURAL BACKGROUND

By Order entered on May 16, 2012, this Court granted the motion to withdraw filed by counsel for Adil Shafi (Plaintiff in the 2009 case and Defendant in the 2011 case). The Court accorded Mr. Shafi until June 18, 2012 "to have counsel appear on his behalf or notify the Court that he wishes to proceed on his own without counsel"; and the Court set a status conference for June 19 and stayed the cases until that time.

On June 18, Mr. Shafi filed with the Court a self serving letter, replete with falsehoods and inaccuracies, which concluded that he had selected Brooks, Wilkins, Sharkey & Turco to represent him but requested an additional extension until early August to meet the firm's retainer requirements and because, according to Mr. Shafi, that firm, comprised of 16 lawyers, was "busy until early August." Based upon that letter, the Court continued the stay and set a status conference for August 6 at 10 am to be conducted by telephone.

The Court convened that status conference, during which Mr. Shafi explained that he had not retained counsel but that he was close to making arrangements with attorney James Mitchell from Grand Rapids to represent him and that Mr. Mitchell was in discussions to "bring in" another lawyer. The Court indicated to Mr. Shafi that if he intended to be represented his counsel must file an appearance by 12 noon on August 10, 2012. The Court set another status conference for August 13 at 4 pm, this time to be attended in person. The Court indicated that for that status conference all should be prepared to discuss the two cases and be ready to set dates that would bring this case to conclusion.

On August 9, 2012, the Court issued an Order confirming what had occurred on August 6. The Order provides: "The Court has given Mr. Shafi sufficient time to find counsel and to have new counsel appear. New counsel must file an appearance by noon, Friday, August 10, 2012. That is when the stay will be lifted." The Order further provided: "If counsel for Mr. Shafi does not file an appearance by Friday, August 10, 2012, Mr. Shafi will proceed in pro per and must attend the status conference on August 13, 2012."

No attorney filed an appearance for Mr. Shafi by 12 noon on August 10, or at any time thereafter. Before the August 13 status conference, no attorney purporting to represent Mr. Shafi contacted the undersigned, nor did Mr. Shafi do so.

At the status conference, Mr. Shafi arrived with attorney James P. Mitchell of Mitchell Intellectual Property Law, PLLC and Christian C. Damon who is listed on the firm's web site as an "intern" with a JD "[e]xpected in 2014." The Court inquired of Mr. Mitchell whether he represented Mr. Shafi and Mr. Mitchell indicated "not exactly." Mr. Mitchell explained that he is: (a) a patent and copyright attorney, (b) not a specialist in the litigation matters before the Court, (d) assisting Mr. Shafi in securing trial counsel, (e) engaged in discussions with an attorney in Lansing (Mike Deagle, phoenetic) to take the case on a contingency fee basis with a retainer, and (f) hopeful that Mr. Shafi will be able to pay the retainer and hire the attorney in "two to four weeks."

The Court inquired whether Mr. Mitchell knew of the August 10 appearance deadline, and the admonition that that at this status conference all counsel, and Mr. Shafi if representing himself, must be prepared to fully discuss the cases and set dates. Mr. Mitchell responded that he was not aware of these details. The Court replied that Mr. Shafi certainly knew, and the Court then asked Mr. Shafi to confirm that he knew and Mr. Shafi did so.

The Court expressed what was clear to all in attendance, that the status conference could not proceed and that the entire episode had been a total waste of time. The Court requested counsel for Weidinger/RVT and counsel for Braintech to each submit a Bill of Cost relative to the August 13 status conference.

**BILL OF COST**

The following constitute the expenditure of time by Weidinger/RVT's counsel relative to the August 13 status conference:

| Date | Description | Hours |
|---|---|---|
| 8/9/12 | telephone discussion with Rick Weidinger to prepare for status conference | .5 |
| 8/13/12 | In preparation for status conference, telephone conference with Braintech's counsel, Susan Koval and Ann Widlak, to | .5 |

3

|  |  |  |
|---|---|---|
|  | discuss respective positions relative to progress of the two cases and possible time frame for final disposition of each case |  |
| 8/13/12 | email with Mr. Weidinger to confirm matters to be discussed with court and all parties | .3 |
| 8/13/12 | two telephone conferences initiated by Court staff to confirm status conference, concerning possible change to 3 pm, and confirming that no counsel had appeared for Mr. Shafi | .4 |
| 8/13/12 | In preparation for status conference, review of file including settlement statement transmitted to Magistrate Judge Laurie Michelson for settlement conference held on March 5, 2012, prior orders of the court in setting dates, and briefs submitted by Defendant Shafi explaining his defenses to the claims asserted against him | 1.0 |
| 8/13/12 | travel to and from court and attendance at status conference | .9 |
| 8/13/12 | conference call with Rick Weidinger to discuss status conference | .3 |

Total Time Expended for Status Conference:      3.9 hours

The undersigned incurred no out-of-pocket expense relative to the appearance at the August 13 status conference.

The hourly rate which the undersigned charges to the clients in this matter is $525 and the amount therefore charged to the clients for the status conference is $2086.50.

As an officer of the Court, the undersigned attests to the truth and accuracy of the foregoing information.

Respectfully submitted,

/s/ Thomas G. McNeill
Thomas G. McNeill (P36895)
TMcNeill@dickinsonwright.com
Michelle L. Alamo (P60684)
MAlamo@dickinsonwright.com
DICKINSON WRIGHT PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
Fax: 313.223.3598

Dated: August 14, 2012

Certificate of Service

I hereby certify that on August 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record by electronic transmission.

/s/Thomas G. McNeill
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
Phone:  313-223-3500
Email:  tmcneill@dickinsonwright.com
Bar No. P36895

DETROIT 49763-1 1255278v1