# ORIGINAL

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*6 jurors   25*
*2 alternates*
*last 2 alternates*
*unanimity*
*Delaware Law*

ADIL SHAFI,
      Counter-Plaintiff,

v.

                                    Case No: 09-10454
                                      Honorable Victoria A. Roberts

BRAINTECH, INC.,
      Counter-Defendant.

# FILED

## MAY 1 4 2013

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### JOINT FINAL PRE-TRIAL ORDER

      Pursuant to Fed.R.Civ.P. 16, Local Rule 16.2, and the Court's Scheduling Orders, the parties through their counsel hereby submit the following Joint Final Pretrial Order.

**(1)      Concise Joint Statement of the Case**

      As part of a larger transaction, on August 12, 2008, Plaintiff and Braintech, Inc., signed an Employment Agreement which contained the terms of an agreement for Braintech to employ Plaintiff as Chief Operating Officer of Braintech. The Employment Agreement gave Braintech the right to terminate Plaintiff's employment for any reason or no reason. The Employment Agreement provided for severance pay only if Plaintiff's termination was not for good cause. Plaintiff contends that he is entitled to severance pay because Braintech did not have good cause to terminate him. Braintech contends that Plaintiff is not entitled to severance pay because it had good cause to terminate him.

**(2)      Concise Statement of Plaintiff's Claims**

      As part of a larger transaction involving the sale of two corporations owned by plaintiff, plaintiff became the Chief Operating Officer of defendant Braintech Inc.  Plaintiff and Braintech signed an Employment Agreement which provided the terms of the employment as Chief Operating Officer.  After approximately 3 months of employment, on November 19, 2008, plaintiff was provided notice in writing by Braintech that he was placed on administrative leave with pay.  Five days later on November 24, 2008, plaintiff was provided written notice that his employment status would be administrative leave without pay. No further notice (in writing or orally) has ever been provided to plaintiff concerning his employment relationship with Braintech.

The Employment Agreement gave Braintech the right to terminate plaintiff for any reason or no reason. Braintech also has the right to terminate Plaintiff for good cause. Good Cause is defined in the Employment Agreement. If Plaintiff was not terminated for good cause, Plaintiff was entitled to severance pay as provided in his Employment Agreement. In the event of termination for good cause there would be no severance, but the Employment Agreement required 30 days written notice of good cause termination be provided to plaintiff. After Plaintiff was put on administrative leave without pay, Braintech never gave Plaintiff written notice of termination for good cause. Plaintiff contends that although his employment with Braintech was terminated, Braintech failed to provide "good cause" notice of the termination of plaintiff's employment. Plaintiff is claims he is entitled to the severance benefit provided for in the Employment Agreement which amounts to approximately $700,000.

**(3)      Concise Statement of Defendant's Defenses**

Shafi is not entitled to severance pay from Braintech because his employment was terminated for good cause. The definitions of good cause in the Employment Agreement include dishonesty, gross misconduct, or the "willful and continued failure…to substantially perform his duties…" Leading up to his termination, Shafi was dishonest and failed and refused to perform his job duties. He also engaged in acts of gross misconduct. For example, Shafi:

- Was dishonest about the revenue-readiness of his Reliabot product
- Made misrepresentations about his Reliabot product to Braintech and potential customers
- Misrepresented his knowledge about his Reliabot product, his ability to train Braintech employees about Reliabot, and his alleged network of integrators
- Failed and refused to turn over critical components of Reliabot
- Failed to generate revenue that he promised would materialize
- Refused to attend meetings and conference calls
- Failed and refused to work effectively with team members
- Failed and refused to develop an enhanced product
- Refused to participate in assessment and analysis of software, systems and processes
- Refused to travel for sales meetings or other business meetings
- Destroyed material from his computer
- Defied instructions he was given by superiors and engaged in other acts of insubordination

Shafi made a deal with Braintech before his employment started. He agreed in writing that he would not receive a severance payment if he was terminated for good cause. Shafi is not entitled to a severance payment.

(4)     **Stipulations of Fact, including Jurisdiction**

    A. As part of a larger transaction on August 12, 2008, Shafi sold Shafi Inc., and Shafi Innovation Inc., to Braintech for a combination of cash, stock in Braintech, and a three-year Employment Agreement.

    B. The Court has subject matter jurisdiction over the cause of action.

    C. The parties entered into an Employment Agreement on August 12, 2008.

    D. Under the agreement, Plaintiff was employed as Chief Operating Officer for Braintech.

    E. Plaintiff reported to Rick Weidinger, then CEO of Braintech.

(5)     **Joint Issues of Fact to be litigated**

    A. Whether Shafi was terminated for good cause as defined in the Employment Agreement.

(6)     **Joint Issues of Law to be litigated**

    A. Whether Shafi is entitled to severance pay under the Employment Agreement.

(7)     **Applicable Law by statute name and number**

No statutes involved; Delaware case law and common law of contracts.

(8)     **Witnesses**

**Plaintiff Will Call**

|  |  | Est. Time Direct | Est. Time Cross |
|---|---|---|---|
| 1. | Adil Shafi | 2-4 | 4-6 |
| 2. | All witnesses listed by Defendant |  |  |
| 3. | Any witnesses necessary to rebut those of Defendant |  |  |

**Defendant Will Call**

|  |  | Est. Time Direct | Est. Time Cross |
|---|---|---|---|
| 1. | Frederick Weidinger | 2-4 | 2 |

**Defendant May Call**

|  |  | Est. Time Direct | Est. Time Cross |
|---|---|---|---|
| 1. | Jim Dara | 2 | .5 |
| 2. | Pete Manias | 1.5 | .5 |

3

| 3. | Dr. Remus Boca | 1.5 | .5 |
| 4. | Heather Greenlay | .7 | .5 |
| 5. | Custodian of Records from: | | .5 |
| | a.   Blue Cross/Blue Shield | | |
| | | | |

**(9)    For Bench Trials (not applicable)**

**(10)   Deposition Evidence**

1. Plaintiff proposes none at this time.

2. The testimony of Defendant's may call witnesses may be by de bene esse deposition.

**(11)   Exhibits**

**A.  Joint Exhibits**

| No. | Date | Description | Objection and Basis for Objection |
|-----|------|-------------|-----------------------------------|
| 1. | 8/12/08 | Employment Agreement dated August 12, 2008 | |
| 2. | 11/19/08 | Letter dated November 19, 2008 addressed to Shafi and signed by Weidinger | |
| 3. | 11/19/08 | Second letter dated November 19, 2008 addressed to Shafi and signed by Weidinger | |
| 4. | 11/24/08 | E-mail dated November 24, 2008 addressed to Shafi from Jeff Milton, Braintech inside counsel | |

**B.  Plaintiff's Exhibits**

| No. | Date | Description | Objection and Basis for Objection |
|-----|------|-------------|-----------------------------------|
| 500. | 8/12/08 | ~~Share Purchase Agreement (including all Exhibits) dated August 12, 2008~~ | Objection – barred by Court's ruling on Motion in Limine |
| | | All exhibits listed by Defendant | |

4

|  |  |  | Any exhibits necessary to rebut those of Defendant | Defendant objects to Plaintiff introducing any exhibits that are not specifically listed as required by the Court's March 27, 2013 Order. |
|--|--|--|--|--|

## C. Defendant's Exhibits   *will be pared to 25-50*

| No. | Date | | Description | Objection and Basis for Objection |
|-----|------|-|-------------|-----------------------------------|
| 100. | 8/12/08 | | Weidinger to Shafi email re adjust Detroit office move on A&A Schedule | |
| 101. | 8/12/08 | | Shafi to Weidinger email re office location | |
| 102. | 8/12/08 | | Weidinger to Shafi email re Dara comments on office move | |
| 103. | 8/12/08 | | Weidinger to Shafi email re meeting with Elsie | |
| 104. | 8/13/08 | | Shafi to Burr et al email re meeting Weidinger | |
| 105. | 8/13/08 | | Weidinger to Shafi email re $15,000 payment | |
| 106. | 8/15/08 | | Shafi to Weidinger email re Burr's comments regarding meeting with Weidinger. | |
| 107. | 8/15/08 | | Weidinger to Shafi email re Braintech email address | |
| 108. | 8/19/08 | | Shafi to Henze email re Centerpoint facility | |
| 109. | 8/19/08 | | Weidinger to Shafi email re insurance coverage | |
| 110. | 8/19/08 | | Weidinger to Shafi email re Detroit office space | |
| 111. | 8/20/08 | | Weidinger to Shafi email re shipping Reliabot products to Vancouver | |
| 112. | 8/20/08 | | Shafi to Weidinger email re refusal to comply with Reliabot request | |
| 113. | 8/20/08 | | Weidinger to Shafi email re software gathering | |
| 114. | 8/20/08 | | Orbitz confirmation | |
| 115. | 8/20/08 | | Orbitz confirmation | |

| No. | Date | Description | Objection and Basis for Objection |
|---|---|---|---|
| 116. | 8/20/08 | Shafi to Team email re introduction | |
| 117. | 8/20/08 | Shafi to Dara email re office location | |
| 118. | 8/20/08 | Weidinger to Team re First Annual Technology and Sales Summit | |
| 119. | 8/20/08 | Boca/Shafi email exchange re request to start exchanging technical information between them | |
| 120. | 8/21/08 | Shafi to Weidinger email re Reliabot source and project code | |
| 121. | 8/21/08 | Shafi to Dara, et al email requesting comment on office space | |
| 122. | 8/22/08 | Shafi to Weidinger, et al email re office space - latest drawing | |
| 123. | 8/22/08 | Shafi to Beaudoin email re office space final consensus | |
| 124. | 8/22/08 | Shafi to Henze email re Version 3 of office layout | |
| 125. | 8/22/08 | Weidinger to Shafi email re Siemen's invoice | |
| 126. | 8/22/08 | Shafi to Weidinger email re forward of email from Greenlay to Burr email re office phone number | |
| 127. | 8/22/08 | Shafi to Weidinger email re verbal approval of Siemen's invoice | |
| 128. | 8/22/08 | Weidinger to Shafi email re bringing Reliabot software and drivers to Vancouver | |
| 129. | 8/23/08 | Weidinger to Shafi, et al email re agenda for summit | |
| 130. | 8/23/08 | Shafi to Weidinger email re bringing Reliabot software and drivers to Vancouver | |
| 131. | 8/27/08 | Weidinger to Shafi email re Items List | |
| 132. | 8/27/08 | Shafi to Weidinger email re Aptura meeting confirmed | |
| 133. | 8/28/08 | Shafi to Weidinger email re Michigan office lease | |
| 134. | 8/28/08 | Shafi-Weidinger email exchange re changing company affiliations | |
| 135. | 8/28/08 | Shafi to Weidinger email re alternate office lease proposal | |

| No. | Date | | Description | Objection and Basis for Objection |
|---|---|---|---|---|
| 136. | 8/27/08 | | Friedman lease proposal | |
| 137. | 8/28/08 | | Weidinger to Shafi email requesting clipboard "to-do" notes from the Summit. | |
| 138. | 8/29/08 | | Shafi to Boca email re Kuka robot | |
| 139. | 8/29/08 | | Shafi to Dara email re training for engineers | |
| 140. | 8/29/08 | | Shafi to Dara email re number of integrators needed | |
| 141. | 8/30/08 | | Weidinger email to Shafi and Manias re charge for breakfast on 8/28/08 | |
| 142. | 8/30/08 | | Shafi to Weidinger email re admitting he charged Weidinger's credit card for breakfast | |
| 143. | 8/30/08 | | Weidinger email to Shafi re bad practice | |
| 144. | 8/30/08 | | Shafi to Manias and Geshel email re formal introduction | |
| 145. | 9/1/08 | | Weidinger to Shafi email re schedule thru October | |
| 146. | 9/1/08 | | Weidinger to Shafi email re approval of Kuka robots | |
| 147. | 9/1/08 | | Shafi to Manias email re sales presentations for the next few months | |
| 148. | 9/1/08 | | Shafi to Weidinger email re AOP and attached AOP | |
| 149. | 9/1/08 | | Weidinger to Shafi email re revenue, revenue, revenue | |
| 150. | 9/2/08 | | Weidinger to Shafi email re AOP revisions | |
| 151. | 9/2/08 | | Weidinger to Shafi email re Reliabot/eVF comparison and evaluation and to do list (including Clark email to Shafi) | |
| 152. | 9/2/08 | | Shafi to Weidinger email re to do list | |
| 153. | 9/3/08 | | Shafi to Dechow email re Siemens, quote for training and Manias | |
| 154. | 9/3/08 | | Shafi to Clark email re Reliabot/eVF comparison and evaluation | |
| 155. | 9/3/08 | | Shafi to Weidinger email re Siemens | |
| 156. | 9/3/08 | | Weidinger to Shafi, et al email re business travel, vacations, and weekly | |

| No. | Date | | Description | Objection and Basis for Objection |
|---|---|---|---|---|
| | | | staff meetings | |
| 157. | 9/3/08 | | Shafi to Weidinger email re office negotiations | |
| 158. | 9/3/08 | | Weidinger to Shafi email re Gudel visit and revenue potential | |
| 159. | 9/3/08 | | Weidinger to Shafi email re Gudel visit and approval for travel | |
| 160. | 9/3/08 | | Weidinger to Shafi email re reeling in travel | |
| 161. | 9/3/08 | | Weidinger to Shafi email re Manias taking the lead with Gudel | |
| 162. | 9/4/08 | | Shafi to Weidinger email re attendance at Gudel meeting | |
| 163. | 9/5/08 | | Dara to Habibi and Shafi email re important resources and need to have Reliabot running on robots in Vancouver | |
| 164. | 9/7/08 | | Dara and Shafi email exchange regarding negotiations on office lease and quote for training support. | |
| 165. | 9/7/08 | | Dara to Shafi email re PDSI concerns regarding need to update Reliabot software | |
| 166. | 9/7/08 | | Dara to Shafi email re PDSI acceptance of Shafi's explanation | |
| 167. | 9/7/08 | | Shafi to Dara email re PDSI misunderstanding | |
| 168. | 9/7/08 | | Shafi to Dara email re Easom quotation and need to proceed carefully | |
| 169. | 9/7/08 | | Dara to Shafi email re confirming Easom caution | |
| 170. | 9/7/08 | | Shafi to Dara email re Reliabot running on a robot is a luxury | |
| 171. | 9/7/08 | | Shafi to Dara email re PDSI acceptance of Shafi explanation | |
| 172. | 9/7/08 | | Manias to Shafi email re can't talk today | |
| 173. | 9/7/08 | | Shafi to Manias email re can't talk today | |
| 174. | 9/8/08 | | Dara to Shafi email re Acquire Automation and Shafi shortcomings | |
| 175. | 9/8/08 | | Shafi to Dara email re careful with your comments | |

| No. | Date | Description | Objection and Basis for Objection |
|---|---|---|---|
| 176. | 9/8/08 | Dara to Shafi email re response to careful with your comments | |
| 177. | 9/8/08 | Shafi to Manias email re Dechow booked solid | |
| 178. | 9/10/08 | Shafi to Manias & Dara email re Dechow training | |
| 179. | 9/11/08 | Weidinger to Shafi email re travel plans | |
| 180. | 9/11/08 | Shafi to Manias email re sales support team (Elsie White) | |
| 181. | 9/12/08 | Shafi to Weidinger email re revenue, revenue, revenue | |
| 182. | 9/12/08 | Weidinger to Shafi email re draft employment letters | |
| 183. | 9/12/08 | Weidinger to Shafi email re AOP revisions | |
| 184. | 9/12/08 | Shafi to Weidinger email re response to draft employment letters email | |
| 185. | 9/12/08 | Dara to Shafi email re sales follow up subjects | |
| 186. | 9/12/08 | Weidinger to Shafi email re urgent action items - deep dive into Reliabot | |
| 187. | 9/12/08 | Weidinger to Shafi email re simple request with a simple fulfillment | |
| 188. | 9/12/08 | Weidinger to Shafi email re planning travel two weeks in advance | |
| 189. | 9/13/08 | Weidinger to Shafi email re incentive program and Burr employment | |
| 190. | 9/16/08 | Shafi to Manias email re John Neilson training and other comments on Reliabot training and need for deep dive into Reliabot | |
| 191. | 9/16/08 | Weidinger to Shafi email re Siemen's payment | |
| 192. | 9/16/08 | Weidinger to Shafi email re Siemen's payment and Shafi's arrangements with Siemens | |
| 193. | 9/16/08 | Weidinger to Shafi email re burying important items in the AOP | |
| 194. | 9/16/08 | Weidinger to Shafi email re copyright issues and inability to publish award externally | |

| No. | Date | Description | Objection and Basis for Objection |
|---|---|---|---|
| 195. | 9/17/08 | Shafi/Beaudoin email exchange re vague quotes | |
| 196. | 9/18/08 | Shafi to Dara email re wife leaving Reliabot 2D+3D key on porch | |
| 197. | 9/18/08 | Shafi to Dara email re wife's report that dongle is packaged | |
| 198. | 9/19/08 | Shafi to Weidinger email re dishonesty about flight from Boston | |
| 199. | 9/19/08 | Shafi to Weidinger email re failure to deliver dongles to Vancouver | |
| 200. | 9/19/08 | Weidinger to Shafi email re meeting in Boston and failure to deliver dongles to Vancouver | |
| 201. | 9/19/08 | Weidinger to Shafi email re dishonesty about flight from Boston | |
| 202. | 9/19/08 | Weidinger to Shafi email re failure to deliver dongles | |
| 203. | 9/22/08 | Weidinger to Shafi email re Aptura and Siemens agreements | |
| 204. | 9/22/08 | Shafi to Weidinger email re current A&A plan + Sales Revenue Plan in progress | |
| 205. | 9/22/08 | Boca/Shafi/Weidinger email exchange re Source Code + Trademark + Patent Info, finalize development of Siemens and Fanuc | |
| 206. | 9/23/08 | Shafi to Manias email re confrontation Reliabot equipment | |
| 207. | 9/23/08 | Shafi to Weidinger email re notice that he does not need or want Manias | |
| 208. | 9/24/08 | Weidinger to Shafi email re incorrect statements about employment agreement | |
| 209. | 9/24/08 | Weidinger to Shafi email re 7:30 am call | |
| 210. | 9/24/08 | Shafi to Weidinger email re draft Sales Plan Forecast | |
| 211. | 9/25/08 | Weidinger to Shafi email re draft Sales Plan | |
| 212. | 9/30/08 | Weidinger to Shafi email re status of Siemens $25,000 payment | |

| 213. | 10/1/08 | Weidinger to Shafi and Dara email re draft letter offers, resumes and history of potential sales people | |
|------|---------|---------|---|
| 214. | 10/1/08 | Shafi to White, et al email re Serious: Shafi creditors, negative rumors | |
| 215. | 10/1/08 | Weidinger to Shafi and White email re Serious:  Shafi creditors, White is handling these matters professionally and accurately | |
| 216. | 10/6/08 | Shafi to Weidinger email NOT SENT re strongly disagrees with Shafi statements re employment agreement, there have been no violations | |
| 217. | 10/6/08 | Shafi to Weidinger email re meeting with Kevin to discuss Weidinger's questions re Kevin's employment proposal | |
| 218. | 10/8/08 | Shafi to Weidinger, et al email re Sony loaner camera + sales strategy analysis, attached agreement and responses to questions | |
| 219. | 10/9/08 | Shafi to Weidinger email re terms of Kevin Geshel's employment agreement/offer | |
| 220. | 10/9/08 | Weidinger to Shafi and Dara email re request for positions and salaries to hire in Detroit | |
| 221. | 10/9/08 | Weidinger to Shafi email re unauthorized use of company credit card | |
| 222. | 10/9/08 | Weidinger to Shafi, et al email re 2008-2009 BRHI technical projects with leads | |
| 223. | 10/9/08 | Shafi to Weidinger email re response to unauthorized use of company credit card email, provides explanation of expenses | |
| 224. | 10/10/08 | Boca/Weidinger email exchange re BT current projects - revised | |
| 225. | 10/12/08 | Shafi to Weidinger email re packing computers to give to Kondek and postpone tomorrow's call to Tuesday | |
| 226. | 10/13/08 | Shafi to Kondek, et al email re taking equipment for Dan to make backups to send to Vancouver and lists equipment | |

| 227. | 10/13/08 | Shafi to Beaudoin, Dara and Kondek email re Robot (Kuka and Motoman) training for him and Lou | |
| 228. | 10/14/08 | Shafi to Weidinger and Dara email re ADM sales support personnel | |
| 229. | 10/14/08 | Weidinger to Shafi and BT employees re employee salary increase - update October 2008 | |
| 230. | 10/14/08 | Shafi to Dara and Beaudoin email re possible engineer, Tawfiq Karadsheh and attached resume | |
| 231. | 10/14/08 | Weidinger to Shafi and Dara email re request for justification of hiring sales support personnel, Elsie White | |
| 232. | 10/15/08 | Shafi to Weidinger email concerns, will write email instead of phone call today | |
| 233. | 10/15/08 | Weidinger to Shafi, Dara and Manias email re labor and wage claim filed by former employee Pilbeam | |
| 234. | 10/15/08 | Manias to Shafi email re integrator partner brochure – tester | |
| 235. | 10/15/08 | Weidinger to Shafi and Dara email re request for compensation figures for sales support personnel | |
| 236. | 10/15/08 | Weidinger to Shafi, Dara and Manias email re dividing and conquering sales support personnel matters | |
| 237. | 10/15/08 | Manias to Shafi email re waiting on Shafi re feedback on integrator partner brochure – tester | |
| 238. | 10/16/08 | Weidinger to Shafi, et al email re again requesting compensation amounts for sales support personnel | |
| 239. | 10/16/08 | Shafi to Weidinger, et al email re revenue: damage being done + sales support personnel, URGENT; it's all about revenue, revenue, revenue | |
| 240. | 10/16/08 | Shafi to Weidinger, et al email re compensation estimates for sales support personnel | |
| 241. | 10/16/08 | Shafi to Weidinger, et al email re unpaid past expenses, Scape Sony meetings, no conflict of interest with Elsie White and | |

| | | motivation | |
|---|---|---|---|
| 242. | 10/17/08 | Weidinger to Shafi, Dara and Manias email re Shafi refusal to travel beyond 50 mile radius and access and acceleration schedule is expected to be followed, but it is not | |
| 243. | 10/19/08 | Weidinger to Shafi, et al email re response to revenue: damage being done + sales support personnel email attack | |
| 244. | 10/20/08 | Shafi to Weidinger and Dara email re Shafi oversight of not informing him of non-approval of 2008 plus up application | |
| 245. | 10/20/08 | Shafi to Weidinger and White email re writing employment offers is a legal activity and includes legal terms | |
| 246. | 10/20/08 | Shafi to Weidinger, et al email re Shafi responses to Shafi refusal to travel beyond 50 mile radius and access and acceleration schedule is expected to be followed, but it is not | |
| 247. | 10/20/08 | Shafi to Weidinger, et al email re response to damage done to his motivation + sales support personnel email, denial of expense reimbursement and scaling back to 60 hours per week | |
| 248. | 10/20/08 | Weidinger to Shafi, Dara and Manias email re call now to discuss his sales plan | |
| 249. | 10/20/08 | Weidinger to Shafi, et al email re request to read employment agreement again re expenses and reimbursement | |
| 250. | 10/20/08 | Manias to Shafi email re response to Shafi email re integrator partner brochure – tester, describes his responsibilities and if Shafi has a problem with Weidinger being priority, he can go to Weidinger | |
| 251. | 10/20/08 | Weidinger to Shafi, et al email re have now called him twice to discuss sales plan, not asking him to write legal memo, and concerned about results, not the number of hours worked | |

| 252. | 10/20/08 | Shafi to Weidinger, et al email re responses to Weidinger email to read his employment agreement again, expenses, and reimbursement | |
|------|----------|----------------------------------------------------------------------------------------------------------------------------------------|--|
| 253. | 10/20/08 | Shafi to Weidinger, et al email re he will pass on today's ESM meeting until he responds to Weidinger damage email | |
| 254. | 10/20/08 | Weidinger/Shafi email exchange re request that he attend ESM conference call today at 4:30 pm | |
| 255. | 10/20/08 | Shafi/Weidinger email exchange re Shafi refusal to attend ESM conference call today until he has written back to Weidinger | |
| 256. | 10/20/08 | Weidinger to Shafi email re request that Shafi copy him on all correspondence to BT employees | |
| 257. | 10/21/08 | Dara/Shafi email exchange re updates on sales focus, Kevin Geshel and Elsie White and Detroit office responsibility transferred to Dara | |
| 258. | 10/21/08 | Manias to Shafi re updates and request phone conference tomorrow and for feedback on integrator marketing material | |
| 259. | 10/22/08 | Shafi to Manias, et al email re unable to support phone call today, integrator program feedback is premature, and when he has time he will provide feedback | |
| 260. | 10/22/08 | Shafi to Beaudoin email re response to request for Robot training that it should be done in the broader context of a partnered plan with customers and that Motoman action plan and Kuka communications are in place | |
| 261. | 10/23/08 | Shafi to Weidinger email re response to Weidinger request that Shafi copy him on all correspondence to BT employees; Shafi asks what has come to Weidinger's attention | |
| 262. | 10/23/08 | Shafi email to Weidinger, et al email re receipt of reimbursement and thus, | |

| | | | |
|---|---|---|---|
| | | breach of employment agreement cured, will plan travel and will seek pre approval, and will adjust access and acceleration schedule and send another draft | |
| 263. | 10/23/08 | Weidinger to Shafi, et al email re response to Shafi email that there was no breach and he will continue to review and approve expense reports and authorized use of company credit card, and request that Greenlay include him on all her calls with Shafi effective immediately | |
| 264. | 10/23/08 | Shafi to Weidinger, et al email re response to Weidinger email that he disagrees there was no breach and will keep correspondence as written record and that he may deduct unapproved charges | |
| 265. | 10/23/08 | Shafi to Weidinger email re elements of Elsie White employment that per Weidinger's request, he will provide a written description of her job expectations | |
| 266. | 10/23/08 | Shafi to Weidinger, et al email providing a draft of offer of employment for Elsie White | |
| 267. | 10/23/08 | Shafi to Weidinger, et al email re his responses to request for elements of Elsie White employment | |
| 268. | 10/23/08 | Weidinger to Shafi, et al email re response to Shafi response for request for elements of Elsie White employment that Shafi responses do not make sense and to read the agreement | |
| 269. | 10/23/08 | Shafi to Weidinger, et al email re response to Weidinger email that Shafi responses to request for elements of Elsie White employment do not make sense that it is not possible for someone to commute and what part of hiring by BT does not make sense | |
| 270. | 10/23/08 | Weidinger to Shafi, et al email re | |

| | | | |
|---|---|---|---|
| | | response to Shafi response to email re elements of Elsie White employment that he should quit wasting everyone's time, that White will travel when necessary and that Houghton is not an issue until next year | |
| 271. | 10/23/08 | Shafi to Weidinger, et al email re response to email exchange re elements of Elsie White employment that he understands what was agreed to in the documents, does not agree with his position on Elsie, and appreciates his position not changing re Houghton | |
| 272. | 10/27/08 | Shafi to Weidinger email re work plan week of Oct 27 | |
| 273. | 10/28/08 | Weidinger to Shafi and Dara email that Shafi time sheet does not look productive and requests an entire brief on issues and time spent on sales force | |
| 274. | 10/30/08 | Shafi to Greenlay, et al email re response to request update on Shafi revenues for cash flow planning including, Siemens/Microscan revenue, reasons for new revenue delay, what are we going to do to create revenue | |
| 275. | 10/31/08 | Weidinger to Boca email re request to deliver table top robots into NVA offices | |
| 276. | 10/31/08 | Shafi to Weidinger, et al email re Shafi email to Greenlay that medical bill not covered by personal insurance | |
| 277. | 10/31/08 | Weidinger to Burr and Weidinger, et al email re request to submit travel plans two weeks prior to date and attached travel request approved and request for sales pitch/presentation he has been using for sales meetings | |
| 278. | 10/31/08 | 10/31/08 email regarding Medical bill | |
| 279. | 11/1/08 | Dara to Shafi and Sim email re Reliabot product readiness | |
| 280. | 11/1/08 | Weidinger to Shafi, et al email re Shafi failure to make presentation to Elkhart Products | |

| 281. | 11/2/08 | Weidinger to sales team email re meeting in Northern Virginia on November 7 re sales plan for 2009. | |
| 282. | 11/3/08 | Shafi to Weidinger email re ticket purchased for meeting | |
| 283. | 11/3/08 | Shafi to Weidinger email re lack of presentation for sales meetings | |
| 284. | 11/4/08 | Shafi/Weidinger email exchange re salesforce.com | |
| 285. | 11/4/08 | Dara to Shafi email re overflowing frustrations | |
| 286. | 11/5/08 | Burr to Shafi re answers to his questions to Greenlay, November premium paid and waiting to hear from Weidinger re bill for Sara | |
| 287. | 11/6/08 | Burr to Weidinger, et al re Shafi cancelled today's conference call and unable to travel to Virginia because he is sick | |
| 288. | 11/6/08 | Weidinger to Shafi email re attendance at sales plan meeting | |
| 289. | 11/6/08 | Shafi/Bartoshesky, et al re whether Shafit met with USS for potential new project | |
| 290. | 11/9/08 | Boca to Shafi and Weidinger re request for 15 robots and 22 controllers' robot communication software existing in Reliabot | |
| 291. | 11/9/08 | Weidinger to Shafi and White re Third Quarter Financial Results Review for Board of Director | |
| 292. | 11/10/08 | Shafi to Weidinger, et al email re several points for various team members | |
| 293. | 11/10/08 | Shafi/Bartoshesky, et al email exchange re plans to pick up at USS and drop off in Novi and meeting with USS did not take place | |
| 294. | 11/10/08 | Weidinger to Shafi email re attendance at meetings a priority | |
| 295. | 11/10/08 | Shafi to Weidinger email re health insurance for daughter and will accommodate request to attend meetings | |

| 296. | 11/10/08 | Weidinger/Shafi email exchange re meetings week of November 10 and email regarding medical insurance | |
| 297. | 11/10/08 | Boca to Shafi and Weidinger re request for opinion on Reliabot evaluation | |
| 298. | 11/10/08 | Dara to Shafi email re response to Shafi email re several points for various team members that he contacted Winkler, Canon parts not sent, pinged Fuji-san, and inquiry whether Shafi well enough to go to Chicago tomorrow | |
| 299. | 11/10/08 | Shafi/Boca email exchange re request for written points despite Shafi disagreement with Reliabot evaluation | |
| 300. | 11/10/08 | Beaudoin to Shafi email re response to Shafi email re several points to various team members that he is confused about driver issue | |
| 301. | 11/11/08 | Weidinger to Shafi email re use of company credit card for medical appointments covered by insurance | |
| 302. | 11/12/08 | Weidinger to Shafi email re Shafi absence from Board of Directors and Executive Staff meetings and attendance at November 14 meeting in Virginia. | |
| 303. | 11/13/08 | Shafi to Weidinger email re response to absence from Board of Directors and Executive Staff meetings, he will address in another email and will attend meeting in Virginia | |
| 304. | 11/13/08 | Shafi to Weidinger email re medical insurance issues | |
| 305. | 11/14/08 | Weidinger/Shafi email exchange re meeting on Nov 19 | |
| 306. | 11/18/08 | Shafi to Weidinger email re current Access and Acceleration plan | |
| 307. | 11/18/08 | Shafi emails re Answer to 3 Emails from Jim Dara, things that are needed, office hiring, equipment, training, open house | |
| 308. | 11/18/08 | Shafi/Weidinger email exchange re Vacation 2008, that he did not lie again | |

| 309. | 11/18/08 | Shafi to Weidinger email re plans to take off week of Thanksgiving | |
| 310. | 11/18/08 | Weidinger to Shafi email re request for A&A Schedule with meetings from August 2008 forward | |
| 311. | 11/18/08 | Shafi to Weidinger, et al email re Access and Acceleration: Nov 18, attached Microsoft Word document | |
| 312. | 11/21/08 | Milton 11/21/08 letter | |
| 313. | 11/24/08 | Milton to Shafi email re suspension with pay | |
| 314. | 10/10/08 | Blue Cross Blue Shield invoice | |
| 315. | 9/28/09 | Shafi Response to Braintech Request to Admit Nos. 62 and 63 | |
| 316. | | Reliabot comparison report | |
| 317. | 5/23/11 | Declaration of Adil Shafi in RVT v Shafi matter with caption redacted | |
| 318. | 10/30/08 | Email exchange between Shafi and Weidinger re "Damage Being Done" | |
| 319. | | Excerpts of deposition transcript of Adil Shafi | |

**(12)    Evidence Problems Likely to Arise at Trial.**

**Per Plaintiff**                                            *Eliminate*

Shafi's concerns are outlined in a motion in limine filed of even date.

**Per Defendant**

Defendant does not anticipate any evidentiary problems in light of the Court's ruling which limits this trial to whether Plaintiff is entitled to severance payment under the Employment Agreement. However, Defendant notes that the following could be evidence problems if Plaintiff strays from the issue to be tried:

1. Any reference by Shafi to alleged acts of fraud or any other issue that has been resolved by the Court's ruling on Defendants' Motion for Summary Judgment.
2. Any references by Shafi to alleged breaches of the share purchase agreement.
3. Any reference to alleged damages for loss of reputation or any other claim that has been resolved by the Court's ruling on Defendants' Motion for Summary Judgment.
4. Any reference by Shafi to emotional and/or financial hardship.
5. Any reference to the action presently pending in the matter of *RVT v Shafi*.

**(13)   Voir Dire**

**A.  Plaintiff's Voir Dire**

1.   Have you ever had someone accuse you of writing or saying something inaccurate about someone else?

2.   Do you have any experience drafting or negotiating contracts?

3.   Have you ever worked as a manager or supervisor?

4.   Have you ever worked for a company that has been sued?

5.   Have you or a member of your immediate family been sued?

6.   Have you ever worked for a publically traded corporation?

7.   Have any of you ever served as a juror before?
     If yes:

     a. In what kind of case?

     b. What was the outcome?

8.   Have you ever been involved in a lawsuit?
      If yes:

     a. In what kind of case?

     b. What was the outcome?

9.   Have any of you ever been personally involved in a breach of contract dispute?
     If yes:

     a. What was the dispute?

     b. Were you accused of breach of contract or did you accuse another person or entity of breach of contract?

     c. Was a court action filed?

     d. What was the outcome?

10.     Have any of you ever specifically negotiated the terms of a written contract?
        If yes:

        a. What was the contract?

        b. Did you retain legal counsel for the negotiations?

11.     Have any of you ever worked for a company that has been involved in a breach of
        contract lawsuit?
        If yes:

        a. What was the outcome?

        b. How did you feel about the outcome?

12.     In connection with your employment, do you have anything to do with the
        adjustment of claims or the settlement of claims for damages?

13.     Have you or any member of your immediate family ever had a claim against
        anyone for damages? (If so, what kind of claim? What did it involve? Was this
        claim compromised or settled out of court, or did the matter go to trial? Would
        that fact influence you in any way in reaching a verdict in this case? Were you
        satisfied with the outcome of this claim?)

14.     Has anyone ever had a claim for damages against you or a member of your
        immediate family? (If so, what kind of claim? What did it involve? Was this
        claim compromised or settled out of court, or did the matter go to trial? Would
        that fact influence you in any way in reaching a verdict in this case? Were you
        satisfied with the outcome of this claim?)

15.     Do you know any of the following persons who may be called to testify in this
        case?

[Read Witness Lists]

16.     Do you know, or have you had any dealings with, any of the following companies
        or businesses?

[Read List of Businesses Likely to Be Mentioned During the Trial.]

17.     If so, describe your connection or affiliation with any of these companies or
        businesses.

21

18.    Do you, or anyone in your family or any of your close friends, work for or in close contact with law firms or the legal system?

       a. If yes, please describe that work experience.

19.    Have you, or anyone in your family or any of your close friends, been negatively impacted by the recent economic downturn?

20.    Do you, or anyone in your family or any of your close friends, maintain a weblog, or blog?

21.    Have you, or anyone in your family or any of your close friends, ever been involved in the sale of a business or assets of a business?
       If yes:

       a. When?

       b. What was the nature of business?

       c. Describe your involvement.

       d. Did any disputes arise concerning the sale? If so, please describe.

22.    Have you ever been terminated from any employment you have held? If so, please describe:

       a. The nature of the employment you held

       b. Whether you were terminated for cause

       c. Whether you had a written employment agreement at the time

       d. Whether you filed suit or any other type of claim regarding your termination (excluding for unemployment benefits

       e. The outcome of the suit or other proceeding.

23.     Do any of you know of any reason why you think that you could not sit in this case and render a just, fair, honest and impartial verdict?

**B. Defendant's Voir Dire –**

1.  Have you or any member of your family ever sued any person or company or been sued? If so, what were the circumstances surrounding the lawsuit?

2.  Employment background:

    a) Job title.

    b) Job responsibilities managerial or supervisory in nature?

    c) Are you a member of a labor union? Have you ever been?

    d) Did/does your employer engage in business with Braintech, Inc., Advenovation, Inc., or Adil Shafi?

3.  Have any of you ever felt that you have been treated unfairly by your employer? If so, please describe the incident.

4.  Do you feel that employers generally treat their employees unfairly when making employment decisions?

5.  Have you or any friend, relative or acquaintance, ever been involved in a dispute with an employer or been a party, witness or juror to any action, whether before an administrative agency or a court, in which there was a claim involving wrongful discharge or termination of employment?

6.  Do you feel that employees are treated unfairly where you currently work? If so, please describe.

7.  Have you ever been terminated, laid off, or requested to resign from employment? Have you ever been counseled, reprimanded, or disciplined by an employer regarding your job performance? If so, please describe the circumstances.

8.  Do you believe an employer should be allowed to terminate the employment of an employee for any reason?

9.  Do you believe an employee should be given a severance payment if they were terminated for not performing their job?

10. Have you ever had, or know of anyone who has had, any negative experiences with Braintech, Inc. or Rick Weidigner? If so, please describe.

11.     Do you know anyone who worked for Braintech Inc.? If so, what type of relationship do you have with him or her?

12.     If you find your beliefs differ from those of others on the jury, would you be able to stand up for your own beliefs?

13.     Under our system of law, a corporation is entitled to the same fair and impartial trial as is any individual party to a lawsuit. Are you aware of any reason why you could not accept this principle in rendering your judgment?

14.     If, after you have heard all of the testimony in the case and consider the instructions as to the law which the court will give you, you conclude that Braintech is not legally liable, will you be willing to send the plaintiff from the courtroom without giving him any money?

**(14)   Jury Instructions**

To be submitted separately as required by the Court's March 27, 2013 Order.

**(15)   Estimated Length of Trial**

A.  Jury Trial

B.  Number of hours for:

      (1) Plaintiff's proofs (2 to 4 hours) and

      (2) Cross-examination (2 to 4 hours)

C. Number of hours for:

      (1) Defendant's proofs (3-5 hours) and

      (2) Cross examination (4-6 hours)

D.  The parties do not stipulate to less than a unanimous verdict.

**(16)    Special Damages, Itemized**

Shafi Employment Contract Damages Calculation

Year One:

| | |
|---|---|
| November 30 through August 15, 2008; 18 bi-weekly paychecks at $7500 | $135,000.00 |
| Cash Bonus @ minimum of 25% | $45,000.00 |

Year Two:

| | |
|---|---|
| August 15 through August 15, 2009: 24 bi-weekly paychecks at $8250 | $198,000.00 |
| Cash Bonus @ minimum of 25% | $49,500.00 |

Year Three:

| | |
|---|---|
| August 15 through August 15, 2010: 24 bi-weekly paychecks at $9075 | $217,000 |
| Cash Bonus @ minimum of 25% | $54,250.00 |
| **Total:** | **$699,550.00** |

**(17)    Form of Verdict**

    A.    Plaintiff's proposed Verdict Form

    B.    Defendant's proposed Verdict Form attached

**(18) Assessment of Juror Expenses**

"The parties and their counsel understand that, in accordance with LR38.2, The expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial is not begun as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel. COMMENT: It is the policy of the Judicial Conference of the United states that last minute settlements and continuances which result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party. See also LR 40.2."

    **IT IS SO ORDERED**.

_Victoria A. Roberts_
United States District Judge