UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff,

v().                                      Case No: 09-10454
                                                                                 Honorable Victoria A. Roberts

BRAINTECH, INC.,

    Counter-Defendant.

_____

**BRAINTECH, INC.'S REPLY BRIEF TO ADIL SHAFI'S RESPONSE
TO BRAINTECH'S RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL**

**PROOF OF SERVICE**

Anne Widlak (P35763)
Susan D. Koval (P59297)
Attorneys for Braintech, Inc.
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................1

ARGUMENT .....................................................................................................................1

CONCLUSION ..................................................................................................................3

# INTRODUCTION

In Adil Shafi's Response Brief, just like at trial, he offers nothing more than subjective, conclusory opinions that are not legally sufficient evidence upon which a jury verdict must be based. Additionally, Shafi misses the point when he suggests that the jury verdict reflects that the jury believed Shafi and disbelieved Rick Weidinger. The jury's verdict must be based on factual evidence, not opinion and subjective beliefs. Shafi concedes, as he must, that he did not rebut Mr. Weidinger's testimony. (Response Brief, p.4) Thus, the jury had no evidentiary basis to disbelieve Mr. Weidinger.

To be clear, however, Braintech, Inc. ("Braintech") **agrees** wholeheartedly with Subheading I of Shafi's Argument on page 7 of his Response Brief:

> **THE UNCONTRADICTED RECORD EVIDENCE COMPELS REASONABLE PERSONS TO REACH ONE CONCLUSION, THAT IS, THAT BRAINECH HAD GOOD CAUSE TO TERMINATE SHAFI'S EMPLOYMENT.**

With this concession alone, Braintech's Motion should be granted; therefore, this Reply Brief will be short and to the point and avoid duplicating the arguments Braintech previously presented in its original Brief.

# ARGUMENT

**I. Shafi Did Not Produce Legally Sufficient Evidence To Support The Jury's Finding.**

The ultimate question is whether Shafi produced legally sufficient evidence to support the jury's finding that Braintech did not have good cause to terminate his employment. The burden of proof remained at all times with Shafi. The jury was asked to determine based on the evidence produced at trial: "Did Plaintiff, Adil Shafi, prove by a preponderance of the evidence that

Defendant, Braintech, Inc., did not have good cause to terminate his employment."

What "evidence" did Shafi produce at trial? He produced: 1) the employment agreement; and 2) his own subjective and conclusory opinions (which are not legally sufficient evidence). In his Response Brief, Shafi simply regurgitates these same subjective and conclusory opinions.

Shafi's only "argument" (starting on bottom of page 7 of his Response) in response to Braintech's evidence consists of quoting the "Good Cause" definition found in Paragraph 12(a) of the Employment Agreement and concluding "the jury found that there was no good cause to terminate." It is plainly evident that Shafi offered no facts at trial or in his Response Brief to support the jury's conclusion. Shafi did not point to any testimony or single piece of evidence that proves Braintech did not have good cause to terminate his employment.

The testimony that Shafi highlights in his Response Brief is nothing more than subjective, conclusory opinions. For example, defense counsel's opening statement is not evidence. (See Jury Instruction 103.30, "Statements and arguments by the lawyers are not evidence.") The fact that Shafi did not agree with defense counsel's statements is not evidence. Shafi has not and cannot identify sufficient evidence in the record for a reasonable jury to return a verdict in his favor.

II. **Unlike Shafi, Braintech Provided The Jury With Facts That Compel A Reasonable Person To Reach Only One Conclusion—Shafi Was Terminated For Good Cause.**

In contrast to Shafi's conclusory presentation, Braintech produced overwhelming evidence (outlined in Braintech's original Brief and largely uncontested by Shafi) which proves Braintech had good cause to terminate Shafi's employment. Unlike Shafi, Braintech provided the jury with *facts* to support its case. In fact, Braintech provided the jury with facts that were

unrefuted by Shafi, a few of which are highlighted below:

- Shafi, a corporate officer, refused to attend a crucial Board meeting regarding corporate financial reports despite his knowledge that Braintech was in financial peril. Tr.II.75-78; Def.Ex.243.

- Shafi refused to participate in critical meetings, work, or travel until Braintech agreed to pay a medical bill that was not covered by his health insurance. Tr.II.15-17, 27; Def.Ex.109, 304.

- Shafi refused to provide requested input to the October 6, 2008 report comparing the Reliabot product and Braintech's eVF robotic vision technology product. He admitted that one of his primary duties was technology development and these two products were the only revenue stream for the company. Tr.31-32; Tr.II.10-11, 38; Def.Ex.316.

- Shafi made material misrepresentations about the Reliabot product to potential Braintech customers. Tr.II.66; Def.Ex.279.

- Shafi was dishonest about Reliabot's ability to work on robots and dishonest about the revenue readiness of Reliabot. Tr.II.63-64; Def.Ex.279.

- Shafi did not generate one penny of revenue the entire time he worked at Braintech. Tr.25.

The jury verdict and the final judgment entered on the verdict should be vacated because the verdict was not based on legally sufficient evidence, and judgment should be entered in favor of Braintech.

## **CONCLUSION**

WHEREFORE, Braintech respectfully requests that this Honorable Court grant its Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial and enter an Order directing the entry of judgment as a matter of law in favor of Braintech with a conditional ruling that Braintech is entitled to a new trial.

Respectfully submitted,

NEMETH BURWELL, P.C.

By:   s/Susan D. Koval
      Anne Widlak (P35763)
      Susan D. Koval (P59297)
      Attorneys for Braintech, Inc.
      200 Talon Centre Drive, Suite 200
      Detroit, Michigan 48207
      (313) 567-5921
      awidlak@nemethburwell.com
      skoval@nemethburwell.com

September 3, 2013

## PROOF OF SERVICE

I hereby certify that on September 3, 2013, I electronically filed the foregoing paper (Braintech Inc.'s Reply Brief to Adil Shafi's Response to Braintech's Renewed Motion for Judgment as a Matter of Law Or, in the Alternative, for New Trial) with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

                                                s/Susan D. Koval
                                                Susan D. Koval (P59297)
                                                NEMETH BURWELL, PC
                                                Attorney for Braintech, Inc.
                                                200 Talon Centre Drive, Suite 200
                                                Detroit, Michigan 48207
                                                (313) 567-5921
                                                skoval@nemethburwell.com
                                                P59297