UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff,

v.                                            Case Number: 09-10454
                                               Honorable Victoria A. Roberts

BRAINTECH, INC.,

    Counter-Defendant.
_____/

**ORDER DENYING BRAINTECH, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL (Doc. # 154)**

In Count II of Adil Shafi's counterclaim, he alleges Braintech breached an employment agreement by failing to pay him severance after terminating his employment. This matter was tried to a jury beginning May 21, 2013.

On May 22, 2013, Braintech moved for Judgment as a Matter of Law under Fed. R. Civ. P. 50(a); the Court took this motion under advisement. On May 23, 2013, the jury returned a verdict in favor of Shafi, finding that he "prove[d] by a preponderance of the evidence that ... Braintech ... did not have good cause to terminate his employment." The jury awarded Shafi $180,000 in severance pay. On May 24, 2013, the Court entered judgment on the verdict.

On June 21, 2013, Braintech filed a "Renewed Motion for Judgment as a Matter of Law or, In the Alternative, For New Trial. This matter is fully briefed.

Braintech says it is entitled to judgment as a matter of law under Rule 50; Braintech argues that "[v]iewing the record evidence in the light most favorable to Shafi and, drawing all reasonable inferences therefrom, there is no legally sufficient

evidentiary basis for the jury verdict in this case." Braintech also say that "[u]nder any reasonable view, Braintech had good cause to terminate Shafi's employment." In the alternative, Braintech argues it is entitled to a new trial under Rule 59(a), "because the jury's determination that Braintech did not have good cause to terminate Adil Shafi's employment is against the clear weight of the evidence."

Braintech fails to convince the Court that it is entitled to judgment as a matter of law or a new trial.

Viewing the evidence presented in the light most favorable to Shafi, the Court finds that a reasonable jury could have found in favor of him. Accordingly, Braintech is not entitled to judgment as a matter of law. *See Mazda Motor Corp. v. Lindahl*, 706 A.2d 526, 530 (Del. 1998)(holding that judgment as a matter of law should not be granted "where 'under any reasonable view of the evidence the jury could have justifiably found for the non-moving party'").

In addition, after "compar[ing] the opposing proofs" and "weigh[ing] the evidence," the Court finds that the jury's verdict in favor of Shafi is "one which reasonably could have been reached." *See J.C. Wyckoff & Associates v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991)(citation omitted). The verdict is not "against the clear weight of the evidence." *See id*. Therefore, Braintech is not entitled to a new trial. *Id.*

Braintech's Renewed Motion for Judgment as a Matter of Law or, In the Alternative, For New Trial is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 26, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 26, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |